## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZIA SHAIKH,<br><br>                    Plaintiff,<br><br>        v.<br><br>LAURA L. GERMADNIG, et al.,<br><br>                    Defendants. | Civil Action No. 22-2053 (GC) (RLS)<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

SINGH, United States Magistrate Judge.

THIS MATTER comes before the Court upon the Motions by Plaintiff, *pro se*, Zia Shaikh ("Plaintiff") to disqualify Michael S. Nagurka, Esq. ("Nagurka") as Counsel to Defendants Jackson Township Police Chief Matthew Kunz ("Kunz") and Jackson Township Police Officer Christopher Parise ("Parise") (collectively, the "Police Defendants") (Dkt. No. 87); and to disqualify the New Jersey Attorney General's Office ("NJOAG") as Counsel to Defendants the Hon. Marlene L. Ford, A.J.S.C. ("Ford"), the Hon. Madeline F. Einbinder, J.S.C. ("Einbinder"), the Hon. John S. Doran, J.S.C. ("Doran"), and the Hon. Deborah H. Schron, J.S.C. ("Schron") (collectively, the "Judiciary Defendants") (Dkt. Nos. 92 & 103), and to Defendants Ocean City Prosecutor Bradley Belheimer ("Belheimer") and retired Assistant Prosecutor John Foti, Jr. ("Foti") (collectively, the "Prosecutor Defendants") (Dkt. Nos. 91 & 104). The Police Defendants, Judiciary Defendants, and Prosecutor Defendants oppose the Motions. (Dkt. Nos. 99, 109, 108). The Court considers the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiff's Motions to Disqualify Counsel are hereby DENIED.

## I.     BACKGROUND AND PROCEDURAL HISTORY

As the facts are well-known to the parties and the Court, they are not set forth at length. Instead, only those facts and procedural history related to the instant application are discussed herein.

On April 8, 2022, Plaintiff filed a Complaint against the Police, Judiciary, and Prosecutor Defendants, as well as many other defendants, asserting various causes of action including, *inter alia*, common law claims and claims pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, and the Civil Rights Act, 42 U.S.C. § 1983. (*See generally* Dkt. No. 1).  Plaintiff's claims arise out of contentious divorce proceedings between Plaintiff and Defendant Laura L. Germadnig ("Germadnig").   (*See generally* Dkt. No. 1).

Relevant to the instant Motions, Plaintiff alleges that the Police Defendants "deliberately interfered and refused to take in police reports on Plaintiff's complaints [and] harassed Plaintiff when he called in to request wellness checks on his children since the beginning of the divorce case starting in 2014." (Dkt. No. 1 at p. 17).  As to the Judiciary Defendants, Plaintiff claims that: Einbinder unlawfully "removed [Plaintiff] from [his] home and took away custody [of his children] at the ex parte April 23, 2014 hearing[,]; Ford unlawfully jailed "Plaintiff for non-payment of alleged '[c]hild support[;]'" and the "[s]ame actions were continued for several years by . . . Doran [and] Schron, under the guidance of . . . Ford[.]" (Dkt. No. 1 at p. 17).  Plaintiff also alleges that the Prosecutor Defendants "refused prosecution of . . . Germadnig for willfully violating Plaintiff's parental rights and provided [Germadnig] protection by abuse of power and process[.]" (Dkt. No. 1 at p. 17).  The Police Defendants are represented by Nagurka of Rothstein, Mandell, Strohm, Halm & Cipriani P.A., and the Judiciary and Prosecutor Defendants are represented by the NJOAG.

On July 22, 2022, Plaintiff filed a Motion to Disqualify Nagurka, objecting to his representation of the Police Defendants pursuant to N.J.S.A. 59:10A-2, "because it would harm and violate the taxpayers of NJ to have to pay to represent the defendants for their criminal actions[.]"  (Dkt. No. 87 at p. 15 (internal quotation marks and emphasis omitted)).  The Police Defendants oppose the motion, arguing that Plaintiff's arguments lack merit and clarifying that Nagurka "was assigned representation of this matter by the Monmouth County Joint Insurance Fund through a conflict with the Ocean County Joint Insurance Fund because Plaintiff brought suit against Mr. Zabarsky, the solicitor of the OCJIF, and his law firm."[1]  (Dkt. No. 99 at p. 1).  Nagurka further emphasized that "[a]t no point has the State of New Jersey of the Attorney General's Office assigned representation of [the Police Defendants] to [Nagurka's] office."  (Dkt. No. 99 at p. 1).

On July 26, 2022, Plaintiff filed a Motion to Disqualify the NJOAG from representing the Judiciary Defendants in this matter (Dkt. No. 92) and refiled what appears to be an identical motion on August 15, 2022 (Dkt. No. 103).  With respect to the Judiciary Defendants, Plaintiff again alleges that the NJOAG should be disqualified as counsel pursuant to N.J.S.A. 59:10A-2, "because it would harm and violate the taxpayers of NJ to have to pay to represent the defendants for their criminal actions[.]"  (Dkt. No. 92 at p. 12; Dkt. No. 103 at p. 12 (internal quotation marks and emphasis omitted)).  On August 23, 2022, the Judiciary Defendants opposed the motion, arguing that they are statutorily entitled to representation pursuant to N.J.S.A. 59:10A-1 "[a]s State employees being sued for allegations relating to actions taken within their official judicial capacities" and that "Plaintiff has not identified a legitimate exception under N.J.S.A. 59:10A-2

---

[1]  While Mr. Zabarsky is a named Defendant in this civil action, he is not a subject of the instant Motions.

3

that prevents the [NJOAG] from representing Judiciary Defendants in this matter." (Dkt. No. 109 at pp. 3-4).

On July 26, 2022, Plaintiff filed a Motion to Disqualify the NJOAG from representing the Prosecutor Defendants in this matter (Dkt. No. 91) and filed the same motion again on August 15, 2022 (Dkt. No. 104). Through this motion and similar to the motions filed with respect to the Police and Judiciary Defendants, Plaintiff asks the Court to disqualify the NJOAG from representing the Prosecutor Defendants pursuant to N.J.S.A. 59:10A-2, "because it would harm and violate the taxpayers of NJ to have to pay to represent the defendants for their criminal actions[.]" (Dkt. No. 91 at p. 13; Dkt. No. 104 at p. 14 (internal quotation marks and emphasis omitted)). On August 23, 2022, the Prosecutor Defendants filed an opposition to the Motion, asserting that "Plaintiff has not identified a legitimate exception under N.J.S.A. 59:10A-2 that prevents the [NJOAG] from representing Prosecutor Defendants in this matter" as they are "State employees being sued for allegations relating to actions taken within their official prosecutorial capacities" and are therefore, "entitled to defense by the [NJOAG]" pursuant to N.J.S.A. 59:10A-1. (Dkt. No. 108 at p. 3).

## II.   LEGAL STANDARD

When considering a motion to disqualify counsel, the Court turns to the Rules of Professional Conduct ("RPC"), specifically Local Civil Rule 103.1(a), which governs issues of professional ethics and provides that, "[t]he Rules of Professional Conduct of the American Bar Association, as revised by the New Jersey Supreme Court, shall govern the conduct of members of the bar admitted to practice" in this District. L. Civ. R. 103.1(a). Accordingly, "New Jersey courts are the primary authority when applying the Rules of Professional Conduct to controversies." *Chi Ming Yau v. He Cheng Rest. Corp.*, Civ. No. 12-6754, 2015 WL 3540596, at

*4 (D.N.J. June 2, 2015).  The burden lies with the moving party to prove that disqualification is warranted "either because a RPC was violated or because sufficient doubt exists as to the propriety of further representation."  *Kaselaan & D'Angelo Assocs., Inc. v. D'Angelo*, 144 F.R.D. 235, 238 (D.N.J. 1992).

First, the Court must determine whether counsel violated the RPCs; however, "a specific violation is not a prerequisite for disqualification nor is it guaranteed that disqualification will result if a violation is found."  *Est. of Salaam v. City of Newark*, Civ. No. 18-14473, 2022 WL 3098098, at *3 (D.N.J. Aug. 4, 2022) (citing *Essex Cnty. Jail Annex Inmates v. Treffinger*, 18 F. Supp. 2d 418, 439 (D.N.J. 1998); *Wyeth v. Abbott Labs.*, 692 F. Supp. 2d 453, 457 (D.N.J. 2010)).  A court maintains a strong interest in "preserving the integrity of its proceedings," *United States v. Voigt*, 89 F.3d 1050, 1076 n.12 (3d Cir. 1996), and may therefore be inclined to disqualify counsel whenever counsel's actions come "too close to the line of reasonable conduct," regardless of the allegation, *Essex Cnty. Jail Annex Inmates*, 18 F. Supp. 2d at 439.  A party need not identify a specific RPC violation to warrant disqualification.  *See Est. of Salaam*, 2022 WL 3098098, at *3.

Nevertheless, motions to disqualify are typically disfavored because disqualification can be a "drastic measure which courts should hesitate to impose except when absolutely necessary." *Carlyle Towers Condo. Ass'n v. Crossland Sav., FSB*, 944 F. Supp. 341, 345 (D.N.J. 1996) (internal quotation marks and citation omitted).  The Court should weigh relative hardships, a party's ability to select counsel of its choice, and the applicable ethics rules and professional standards.  *See id.*; *see also Steel v. Gen. Motors Corp.*, 912 F. Supp. 724, 733 (D.N.J. 1995) ("Resolution of a motion to disqualify requires the court to balance the need to maintain the highest standards of the legal profession against a client's right to freely choose his counsel." (internal quotation marks omitted)); *accord Twenty-First Century Rail Corp. v. New Jersey Transit Corp.*,

210 N.J. 264, 273 (2012).  "Although doubts are to be resolved in favor of disqualification, the party seeking disqualification must carry a 'heavy burden' and must meet a 'high standard of proof' before a lawyer is disqualified." *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993) (quoting *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 791 (2d Cir. 1983)).

Also relevant to the instant motion, N.J.S.A. 59-10A-1 governs the NJOAG's duty to defend State employees and states that

> [e]xcept as provided in section 2 hereof, the Attorney General shall, upon a request of an employee or former employee of the State, provide for the defense of any action brought against such State employee or former State employee on account of an act or omission in the scope of his employment.

N.J.S.A 59:10A-1.  Section 2 discusses the exceptions to N.J.S.A. 59:10A-1, providing that

> [t]he Attorney General may refuse to provide for the defense of an action referred to in section 11 if he determines that: a. the act or omission was not within the scope of employment; or b. the act or the failure to act was because of actual fraud, willful misconduct or actual malice; or c. the defense of the action or proceeding by the Attorney General would create a conflict of interest between the State and the employee or former employee.

N.J.S.A. 59:10A-2.

## III.   DISCUSSION

Here, Plaintiff does not allege specific RPC violations.  Nor has Plaintiff alleged any actions by Nagurka or the NJOAG that come "close to the line of reasonable conduct." *Essex Cnty. Jail Annex Inmates*, 18 F. Supp. 2d at 439.  Rather, Plaintiff argues that continued representation of the Police, Judiciary, and Prosecutor Defendants by their current counsel would harm and violate the rights of New Jersey taxpayers in that New Jersey taxpayers would effectively become financially responsible for the respective attorneys' fees.  Here, the Court does not find disqualification of counsel warranted.  Indeed, Plaintiff has failed to allege any legal basis for

disqualification.   Nevertheless, the Court considers Plaintiff's arguments as they relate to the exceptions set forth in N.J.S.A. 59:10A-2.

First, the Court finds N.J.S.A. 59:10A-2 inapplicable to the Police Defendants.   The NJOAG does not presently represent the Police Defendants and—as noted by Nagurka in his opposition—the NJOAG at no point assigned representation of the Police Defendants to Nagurka's office.   (Dkt. No. 99 at p. 1).   Accordingly, the Court denies Plaintiff's Motion to Disqualify Nagurka as counsel to the Police Defendants.

Second, as to the Judiciary and Prosecutor Defendants who *are* represented by the NJOAG, section 2 of N.J.S.A. 59:10A-1 allows the NJOAG to refuse representation of a State employee in three circumstances.   N.J.S.A. 59:10A-2.   However, the NJOAG's decision to defend a State employee or to apply an exception is a discretionary decision to be made by the NJOAG and the NJOAG alone.   Indeed, "the [NJOAG] must provide a defense to a state employee who requests representation pursuant to N.J.S.A. 59:10A-1 unless the *Attorney General* determines that it is more probable than not that one of the three exceptions set forth in N.J.S.A. 59:10A-2 applies." *Prado v. State*, 186 N.J. 413, 427 (2006) (emphasis added) (citing *SSI Med. Servs. v. HHS*, 146 N.J. 614, 622 (1996)).   The burden is on the NJOAG to justify a departure from the general rule of representation.   *Id.*   Plaintiff's arguments for disqualification under N.J.S.A. 59:10A-2 are therefore flawed.   Accordingly, the Court denies Plaintiff's Motions to Disqualify the Judiciary and Prosecutor Defendants.

## IV.    CONCLUSION

Having considered the submissions of the parties, and for the reasons set forth above,

**IT IS, THEREFORE**, on this 3d day of November 2022,

**ORDERED** that Plaintiff's Motion to Disqualify Nagurka as Counsel to the Police Defendants (Dkt. No. 87) is hereby **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion to Disqualify the NJOAG as Counsel to the Judiciary Defendants (Dkt. Nos. 92 & 103) is hereby **DENIED**; and it is further

**ORDERED** that Plaintiff's Motion to Disqualify the NJOAG as Counsel to the Prosecutor Defendants (Dkt. Nos. 91 & 104) is hereby **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motions pending at Docket Entry Numbers 87, 91, 92, 103 & 104; and it is further

**ORDERED** that the Clerk of Court shall MAIL a copy of this Opinion and Order to the *pro se* Plaintiff and other *pro se* parties.

**SO ORDERED**.

/s/ Rukhsanah L. Singh

**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**