<u>**NOT FOR PUBLICATION**</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZIA SHAIKH,<br><br>            Plaintiff,<br><br>   v.<br><br>LAURA L. GERMADNIG, *et al.*,<br><br>            Defendants. | Case No. 3:22-cv-2053<br><br>**MEMORANDUM ORDER** |

<u>CASTNER, District Judge</u>

Before the court is Plaintiff Zia Shaikh's ("Plaintiff") letter request for a Fee Waiver to access PACER. (ECF No. 117.) Plaintiff stated that "[d]ue to the abuse of power and malicious behavior by the defendants my financial ability to afford the PACER access has been devastated. . . . Currently my online access is blocked that is preventing my ability to adjudicate my case." (*Id.*) Plaintiff then attached a copy of the Court's order granting his request to proceed *in forma pauperis* in a different matter. (*Id.* 3-8.)

According to the PACER fee schedule, "[c]ourts may exempt certain persons or classes of persons from payment of the user access fee. Examples of individuals and groups that a court may consider exempting include: indigents . . . ." *See Electronic Public Access Fee Schedule* (reprinted with 28 U.S.C. § 1914). The Fee Schedule also sets out that "[c]ourts should not, however, exempt individuals or groups that have the ability to pay the statutorily established access fee." *Id.* Further, the fee schedule makes clear that "courts must find: that those seeking an exemption have demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." *Id.* Should the Court grant such an exemption, "the

exemption should be granted for a definite period of time, should be limited in scope, and may be revoked at the discretion of the court granting the exemption." *Id.* Additionally, the Third Circuit has held that "courts may allow indigent litigants to access PACER without charge for cause shown." *Zied-Campbell v. Richman*, 317 F. App'x 247, 251 (3d Cir. 2009).

Here, Plaintiff has failed to demonstrate that a fee exemption is necessary to avoid unreasonable burdens. As an initial matter, despite Plaintiff's submission of a July 2020 Order permitting him to proceed *in forma pauperis* in a different case, Plaintiff here has paid the necessary filing fee in the instant case and did not request to proceed *in forma pauperis*. (ECF No. 1.) Since Plaintiff was able to pay the filing fee in this case, there has been no determination that Plaintiff is indigent.

Second, Plaintiff does not describe or provide any detail for his assertions that Defendants in this case have "abuse[d their] power," or engaged in "malicious behavior," that would impact his ability to afford PACER access. (ECF No. 117, 1.) Further, Plaintiff is provided with copies of this Court's orders, and the many docket entries in this matter are accompanied by Certificates of Service indicating that Plaintiff has been provided with copies of those entries as well. It is thus unclear what documents Plaintiff needs access to that he does not have. *See Sifuentes v. First Bank & Tr.*, No. 22-cv-1100, 2022 U.S. Dist. LEXIS 106085, at *5-6 (E.D. Pa. June 9, 2022) (denying indigent pro se plaintiff's PACER fee waiver request because he was "[s]erved with Court Orders at no cost, he [was] able to view documents relevant to his case, and [] made no showing of any other need to access PACER without cost."). Ultimately, Plaintiff has not shown that he is subject to an unreasonable burden, nor has he provided the Court with any other cause or circumstance

that would necessitate a PACER fee waiver.[1] *See United States SBA v. Herbst*, No. 08-01396, 2011 U.S. Dist. LEXIS 130974, at *3 (D.N.J. Nov. 14, 2011) (denying indigent pro se defendant's request for a PACER fee waiver for failing to show an unreasonable burden and for the belatedness of his request).

Accordingly, Plaintiff's request is **DENIED.**

Date: <u>November 22, 2022</u>                     <u>/s/ Georgette Castner</u>
                                                    GEORGETTE CASTNER, U.S.D.J.

---

[1] *See Zied-Campbell v. Richman,* 317 F. App'x 247, 251 (3d Cir. 2009) (holding that the District Court did not abuse its discretion in denying plaintiff's request for a few waiver to access PACER, and stating that "it was not clear what documents from her case she did not have (the District Court having previously provided copies of orders and opinions to the parties as well as having sent Zied-Campbell an extra copy of the docket sheet so that she could identify any missing documents)," nor did she "show that free legal research on PACER was 'necessary to avoid unreasonable burdens,' . . . although she did show that free access to PACER would be highly convenient for her.")