UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZIA SHAIKH,<br><br>            Plaintiff,<br><br>    v.<br><br>LAURA L. GERMADNIG *et al.*,<br><br>            Defendants. | Civil Action No. 22-2053 (GC) (RLS)<br><br>**MEMORANDUM ORDER** |

This matter comes before the Court upon review of Plaintiff's Complaint. (ECF No. 1.) Plaintiff's Complaint contains several deficiencies.

*First*, the Complaint fails to comply with Federal Rule of Civil Procedure 8(a). The pleading standard under Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in original). "Each averment must be 'simple, concise, and direct.'" *Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (quoting Fed. R. Civ. P. 8(d)(1)). Here, the Complaint's averments are far from "simple, concise, and direct." *Id.* Instead, each "fact" Plaintiff alleges spans multiple paragraphs and pages. By way of example, "Fact No. 1" constitutes eight paragraphs over two pages and "Fact No. 8" constitutes fifteen paragraphs over three and one-half pages. (Compl. 7-8, 13-16.)

*Second*, the Complaint contains extensive legal arguments. The Court recognizes that when a plaintiff is proceeding pro se, "the complaint is 'to be liberally construed,' and, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Walsh v. Household Fin. Corp. III*, No. 15-4112, 2016 WL 6826161, at *2 (D.N.J. Nov.

17, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). A pro se litigant, however, "is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010). Thus, "*pro se* litigants still must allege sufficient ***facts*** in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (emphasis added). Furthermore, although the Court holds complaints filed by pro se plaintiffs to a lesser standard, pleadings must still be "straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Grast v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *see also Walsh*, 2016 WL 6826161, at *2. Here, the Complaint contains a "Legal Argument" section that spans pages nineteen through fifty-eight of the Complaint. (*See* Compl. 19-58.) This detracts from the Court's ability to evaluate the Complaint's ***factual*** allegations.

*Third*, the Complaint fails to include a statement that it has been signed "under penalty of perjury." Local Civil Rule 11.2 requires that "every petition [] be verified and, wherever possible, by the person on whose behalf it is presented." L. Civ. R. 11.2. "A complaint is 'verified' if it is signed, sworn, and submitted under penalty of perjury." *Goodman v. Diggs*, 986 F.3d 493, 495 n.2 (4th Cir. 2021) (citing *James v. Hale*, 959 F.3d 307, 314 (7th Cir. 2020); *see also Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995) (explaining that a complaint is verified if it states, "under penalty of perjury that [its] contents [are] true and correct" (alteration in original)). (*See also Procedural Guide for Pro Se Litigants*, United States District Court District of New Jersey, https://www.njd.uscourts.gov/sites/njd/files/ProSeGuide.pdf.)

*In addition*, the Complaint raises federal RICO claims. Based on the large number of Defendants and the varied allegations in this matter, the Court finds good cause to require Plaintiff to file a RICO Case Statement.

Based on the deficiencies in the Complaint, in order to afford Plaintiff the opportunity to submit an Amended Complaint that complies with Rule 8(a) and a RICO Case Statement, in the interests of judicial economy and efficiency, pursuant to the Court's inherent authority to control the matters on its docket, and for other good cause shown,

IT IS on this ___6th___ day of February, 2023, **ORDERED** that:

1. Plaintiff must file an Amended Complaint and RICO Case Statement by **March 6, 2023**.[1]

2. The Complaint and RICO Case Statement are both subject to the "reasonable inquiry" requirement under Federal Rule of Civil Procedure 11.

3. The Court administratively terminates the pending motions at ECF Nos. 14, 16, 21, 37, 41, 46, 47, 50, 52, 53, 55, 76, 88, 90, 93, 120.[2]

4. After Plaintiff files the Amended Complaint and RICO Case Statement, Defendants may elect to renew their previous motions or file new motions.

*[signature]*
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

---

[1] The RICO Case Order and Rico Case Statement can be found as Attachment O to the Local Civil Rules. In addition, the Court appends a copy to this Memorandum Order.

[2] The Motions at ECF Nos. 121, 127, 128, 131, 134, and 135 remain pending. The Motions to Quash at ECF Nos. 134 and 135 have been referred to Judge Rukhsanah L. Singh for consideration.

## APPENDIX O. OPTIONAL RICO CASE ORDER.
## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Plaintiff(s)     :
v.               :                    Civil Action No. _____
Defendant(s)  :

## RICO CASE ORDER
## 18 U.S.C. §§1961-1968

The above-captioned case contains a civil RICO claim, which has been filed in this Court pursuant to 18 U.S.C. §§1961-1968. This order has been designed to establish a uniform and efficient procedure for processing this case.

The plaintiff shall file, within 30 days hereof, a RICO Case Statement. This Statement is equivalent to a supplemental pleading which shall include the facts the plaintiff is relying upon to initiate this RICO complaint as a result of the "reasonable inquiry" required by Fed. R. Civ. P. 11. In particular, this Statement shall be in a form which uses the numbers and letters set forth below, and shall state in detail and with specificity the following information:

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. §1962(a), (b), (c) and/or (d).

2. List each defendant and state the alleged misconduct and basis of liability of each defendant.

3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims and state how each victim was allegedly injured.

5. Describe in detail the pattern of racketeering activity or collection of unlawful debts alleged for each RICO claim. A description of the pattern of racketeering shall include the following information:

   a. List the alleged predicate acts and the specific statutes which are allegedly violated;

   b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts;

   c. If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, provide the "circumstances constituting fraud or mistake [which] shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made;

   d. State whether there has been a criminal conviction in regard to the predicate acts;

   e. State whether civil litigation has resulted in a judgment in regard to the predicate acts;

   f. Describe how the predicate acts form a "pattern of racketeering activity"; and

   g. State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6. State whether the existence of an "enterprise" is alleged within the meaning of 18 U.S.C. §1961(4). If so, for each such enterprise, provide the following information:

   a. State the names of the individuals, partnerships, corporations, associations or other legal entities, which allegedly constitute the enterprise;

   b. Describe the structure, purpose, function and course of conduct of the enterprise;

   c. State whether any defendants are employees, officers or directors of the alleged enterprise;

   d. State whether any defendants are associated with the alleged enterprise;

   e. State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise; and

    f. If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

  7. State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

  8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

  9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering.

  10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

  11. If the complaint alleges a violation of 18 U.S.C. §1962(a), provide the following information:

    a. State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and

    b. Describe the use or investment of such income.

  12. If the complaint alleges a violation of 18 U.S.C. §1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

  13. If the complaint alleges a violation of 18 U.S.C. §1962(c), provide the following information:

    a. State who is employed by or associated with the enterprise; and

    b. State whether the same entity is both the liable "person" and the "enterprise" under §1962(c).

    c. Describe specifically how the defendant(s) participated in the operation or management of the enterprise.

  14. If the complaint alleges a violation of 18 U.S.C. §1962(d), describe in detail the alleged conspiracy.

  15. Describe the alleged injury to business or property.

  16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

  17. List the damages sustained by reason of the violation of §1962, indicating the amount for which each defendant is allegedly liable.

  18. List all other Federal causes of action, if any, and provide the relevant statute numbers.

  19. List all pendent state claims, if any.

  20. Provide any additional information that you feel would be helpful to the Court in processing your RICO claim.

AND IT IS SO ORDERED this _____ day of _____, 19 ___.

                _____
                [Signature of Judicial Officer]