Paul A. Carbon, Esq., Attorney ID 02440-1995
Kyle L. Wu, Esq., Attorney ID 16602-2015
**MARGOLIS EDELSTEIN**
400 Connell Drive
Suite 5400
Berkeley Heights, NJ  07922-2775
(908) 790-1401
**Attorneys for Defendants Cowan Gunteski & Co P.A,
and Joseph Gunteski, CPA**

| | |
|---|---|
| ZIA SHAIKH,<br><br>      Plaintiff,<br><br>      v.<br><br>LAURA L. GERMADNIG, SIEGFRIED GERMADNIG, PATRICIA GERMADNIG, MELISSA REEVES, KENNETH REEVES, MARK GERMADNIG, STACEY GERMADNIG, SIEGFRIED GERMADNIG, JR., DAVID TARNOWSKI, NICOLE TARNOWSKI, SLAVA KLEYMAN, NANCY CAVANAUGH, LOUIS ELWELL, CHRISTINE GILFILLEN, SANDRA SEAMAN, JACK M, NADA PITYINGER, BRETT PITYINGER, DANIEL SCHASTNY, KATHLEEN SCHASTNY, BRADELY MCKEE, RENE MCKEE, ROBERT MCKEE, CAROL MCKEE, STANLEY O'BRIAN, LORI O'BRIAN, CANDY MCKEE, STEVEN A. ZABARSKY, ESQ., KIMBERLY ZABARSKY, LAW FIRM OF CITTA, HOLZAPFEL & ZABARSKY, LEGAL MALPRACTICE INSURANCE CARRIER FOR CITTA, | **UNITED STATES<br>DISTRICT COURT<br>DISTRICT OF NEW JERSEY**<br><br>**CASE NO.: 3:22-CV-02053-GC-RLS**<br><br>**CIVIL ACTION**<br><br>**DEFENDANTS COWAN GUNTESKI & CO P.A. AND JOSEPH GUNTESKI, CPA'S OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY JUDGES CASTNER AND SINGH** |

| | |
|---|---|
| HOLZAPFEL & ZABARSKY, CATHLEEN CHRISTIE-CONEENY, ESQ., LEGAL MALPRACTICE INSURANCE CARRIER FOR CATHLEEN CHRISTIE-CONEENY, ESQ., JOSEPH GUNTESKI CPA, COWN GUNTESKI & CO., JOHN R. WILEY JR., CPA, ABV, CGMA, AICPA (ASSOCIATION OF INTERNATIONAL CPA'S), SETH ARKUSH, INTEGRATED CARE CONCEPTS LLC, JACKSON SCHOOL DISTRICT, PRINCIPAL OF JACKSON LIBERTY HS, PRINCIPAL OF CHRISTA MCAULIFEE MIDDLE SCHOOL, PRINCIPAL OF CRAWFORD RODRIGUEZ ELEMENTARY SCHOOL, STEPHANIE J. BROWN, ESQ., AUGUST J. LANDI, ESQ., MARGIE MCMAHON, ESQ., DAVID SCHLENDORF, ESQ., JACKSON TWSP. POLICE CHIEF MATTHEW KUNZ, JACKSON TOWN SHIP POLICE OFFICER CHRISTOPHER PARISE, OCEAN CTY. NJ PROSECUTOR BRADLEY BILHEIMER, JOHN FOTI, JR., MADELINE F. EINBINDER J.S.C., MARLENE L. FORD, A.J.S.C., JOHN S. DORAN, J.S.C., DEBORAH H. SCHRON, J.S.C., JOHN DOES 1-10, JOHN DOES 1-10, XYZ CORPORATIONS,<br>                    Defendants. | |

## DEFENDANTS COWAN GUNTESKI & CO P.A. AND JOSEPH GUNTESKI, CPA'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY JUDGE CASTNER AND JUDGE SINGH

**Of Counsel: Paul A. Carbon, Esquire & Kyle L. Wu, Esquire**
**On the Brief: Ryan P. Dickinson, Esquire**

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

STANDARD ............................................................................................................................ 1

LEGAL ARGUMENT ............................................................................................................. 2

   A.  Plaintiff Provides No Factual Information Or Legal Support That The Judges Are Not Impartial ............................................................................................................... 2

CONCLUSION ........................................................................................................................ 5

## TABLE OF AUTHORITIES

Cases                                                                                                                Page(s)

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) .......................................................... 3

Ecri v. McGraw-Hill, Inc., 809 F.2d 223 (3d Cir. 1987) ................................................ 5

Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979 (3d Cir. 1988) ....................................... 4

Husain v. Casino Control Comm'n, 265 F. App'x 130 (3d Cir. 2008) ............................ 4

In re Apollo, 535 Fed. Appx. 169 (3d Cir. 2013) ........................................................... 2

In re TMI Litig., 193 F.3d 613 (3d Cir. 1999) ................................................................ 2

McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191 (3d Cir. 1998) ........................... 4

Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1987) ..................... 2

Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155 (3d Cir. 2004) ..................... 2

Sessoms v. Trs. of Univ. of Pa., 739 Fed. Appx. 84 (3d Cir. 2018) ................................ 2

SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244 (3d Cir. 1985) ............................. 5

Other Authorities

28 U.S.C. § 455(a) ......................................................................................................... 1

28 U.S.C. §§ 455(b)(1)-(4) ............................................................................................ 1

Fed. R. Civ. P. 8 ............................................................................................................. 3

## I. Preliminary Statement

Before this Honorable Court is Plaintiff, Zia Shaikh's ("Plaintiff") Motion to Disqualify Judge Castner and Judge Singh. Defendants Cowan Gunteski & Co., P.A. ("CG") and Joseph Gunteski, CPA's ("Mr. Gunteski") (collectively, the "CG Defendants"), submit this Opposition to Plaintiff's Motion, which amounts to little more than an improper expression of his dissatisfaction with the rulings the Court has properly made. Indeed, Plaintiff's motion appears to be predicated entirely on the fact that this Court has repeatedly ruled against him. Rather than questioning whether his frivolous litigation or rambling, incomprehensible court filings are to blame, Plaintiff instead lashes out at this Court, accusing it of partiality. Simply put, there is no bias or partiality and Plaintiff's Motion should be denied.

## II. Standard

The standard for a judge to be disqualified is an objective one. Judges are to disqualify themselves "in any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Specific circumstances warranting recusal include instances in which the judge has a personal bias or prejudice toward a party, in some way participated in the matter in controversy, or when they, a spouse, or a minor child in their household holds a financial interest in the matter in controversy. See 28 U.S.C. §§ 455(b)(1)-(4). Judges have considerable discretion in disqualifying themselves and the standard is objective: whether "a reasonable person

1

knowing all the circumstances would question the judge's impartiality." Sessoms v. Trs. of Univ. of Pa., 739 Fed. Appx. 84, 90 (3d Cir. 2018) (citing Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 166 (3d Cir. 2004)). The appearance of potential bias, not actual bias, is the focus of judicial disqualification. See In re Apollo, 535 Fed. Appx. 169, 174 (3d Cir. 2013).

### III.  LEGAL ARGUMENT

Glaringly missing from Plaintiff's motion is any factual analysis demonstrating how the Court has been biased against Plaintiff or demonstrating how there is an appearance of bias. All that Plaintiff offers is conclusory statements, but it is well-established that a court need not credit conclusory allegations or legal conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1987). A party cannot simply make an assumption that the court has not been impartial simply because rulings have not gone the litigant's way; a party's disagreement with a Court's ruling is not a basis for recusal. In re TMI Litig., 193 F.3d 613, 728 (3d Cir. 1999).

####   A.   **Plaintiff Provides No Factual Information Or Legal Support That The Judges Are Not Impartial.**

Here, Plaintiff fails to provide any facts that would lead an objective, knowledgeable member of the public to doubt either Judge Castner or Judge Singh's impartiality. Rather, Plaintiff makes nothing more than conclusory statements, such as:

> Judges Georgette Castner and Rukhsana Singh's willful disregard for the law, baseless orders and conduct in disregarding this Plaintiff to timely adjudicate this complaint have had a profound negative affect on 'public confidence in the integrity of the judicial process' and require these ladies [sic] to recuse themselves pursuant under [sic] §455(a) and §455(b)(1) & f.

(Doc. 141 at p. 4).

First, Plaintiff wholly ignores that his Complaint, as noted by the Court in its recent Order, (Doc. 142), is replete with legal conclusions and incoherent legal argument that are not appropriately included in a Complaint under the Federal Rules of Civil Procedure. See generally, Fed. R. Civ. P. 8; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Moreover, the majority of the defendants in this matter filed motions to dismiss the Complaint with prejudice, and the fact that the same are now administratively terminated in light of the Court's Order granting Plaintiff the opportunity to file an Amended Complaint and Rico Statement by March 6, 2023, (Doc. 142), rather than simply dismissing Plaintiff's Complaint with prejudice, only goes to show that Plaintiff is being given a fair chance and the Court is being impartial. Simply put, the case is being moved along as expeditiously as possible in light of Plaintiff's incoherent and voluminous filings.

Furthermore, Plaintiff's issue with the Court granting extensions to parties so that they can appropriately respond to Plaintiff's claims ignores that the Third Circuit has a "well-established policy of 'disfavoring default judgments and encouraging decisions on the merits.'" Husain v. Casino Control Comm'n, 265 F. App'x 130, 133

(3d Cir. 2008) (quoting Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 981 (3d Cir. 1988)). Plaintiff's baseless assertion that the Judges have "flouted the US Supreme courts standards of justice by granting extension [sic] of time for responses by various defendants," (Doc 141 at p. 2), has no legal support whatsoever, nor does Plaintiff attempt to provide any legal authority for his argument. Indeed, the granting of extensions of time are well within a district court's discretion, see, e.g. McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998) (extensions reviewed under abuse of discretion standard), and default judgments are disfavored. Simply put, Plaintiff's characterization of these routine extensions as evidence of "special treatment" and "stunning bias," (Doc 141 at pp. at 6-7), is without merit.

Lastly, Plaintiff's argument about his preliminary injunction not yet being heard ignores that, substantively, Plaintiff's motion for a preliminary injunction is nothing more than incoherent argument compiled with a recitation of allegations from his Complaint. Indeed, the standard for a preliminary injunction is not referenced once in the Plaintiff's moving papers for the preliminary injunction.

> At the trial level, the party seeking a preliminary injunctions bears the burden of producing evidence sufficient to convince the court that (1) the movant has shown a reasonable probability of success on the merits; (2) the movant will be irreparably injured by denial of relief; (3) granting preliminary relief will not result in even greater harm to the other party; and (4) granting preliminary relief will be in the public interest.

Ecri v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (citing SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). Plaintiff's argument that the Court has not set a motion date for his preliminary injunction motion simply ignores that his motion is essentially *void ab initio* because it fails to provide an analysis of the required preliminary injunction factors. Ignorance of the law does not excuse a *pro se* party from having to abide by what the law requires.

### IV.   Conclusion

In short, Plaintiff's Motion does not demonstrate a reasonable basis for doubting either Judge Castner or Judge Singh's impartiality but serves only to confirm that he is quite upset that the federal judiciary does not share his blinkered view of the law. Therefore, Plaintiff's motion must be denied.

Respectfully submitted,

**MARGOLIS EDELSTEIN**

          */s/ Kyle L. Wu*          
KYLE L. WU, ESQUIRE
400 Connell Drive, Suite 5400
Berkeley Heights, NJ 07922
Phone: (908) 790-1401
Fax: (908) 790-1486
Defendants Cowan Gunteski & Co P.A,
and Joseph Gunteski, CPA

Date: 2/21/23