**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ZIA HASSAN SHAIKH,<br><br>Plaintiff,<br><br>v.<br><br>LAURA L. GERMADNIG, et al.,<br><br>Defendants. | Civ. A. No. 22-02053 (GC) (RLS)<br><br>**ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Zia Hassan Shaikh's Motion

for Recusal.  (ECF No. 141.)  The Court has considered Plaintiff's submission and resolves the

matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule

78.1.  For the reasons set forth herein, and good cause shown, the Court **DENIES** Plaintiff's

Motion for Recusal.

## I.      BACKGROUND

Plaintiff has several cases pending in this District.  Including this case, the Court is aware

of seven active cases that Shaikh has filed in this District.[1]  Plaintiff filed the Complaint in this

case on April 8, 2022.  (*See* ECF No. 1.)  The Undersigned was assigned to this case on April 13,

---

[1] The six other active cases filed by Plaintiff that the Court is aware of in this District are: *Shaikh v. Landi, et al.*, Civ. No. 20-20005 (GC) (TJB); *Shaikh v. Schlendorf, et al.*, Civ. No. 20-20003 (ZNQ) (TJB); *Shaikh v. McMahon et al.*, Civ. No. 20-20008 (GC) (TJB); *Shaikh v. Brown, Esq., et al.*, Civ. No. 20-20007 (ZNQ) (TJB); *Shaikh v. Department of Banking and Insurance, et al.*, Civ. No. 19-14092 (GC) (TJB); *Shaikh v. Akrush et al.*, Civ. No. 19-20597 (ZNQ) (DEA).

2022.  (ECF No. 5.)  Plaintiff then filed this Motion for Recusal on February 6, 2023.  (ECF No 141.)

Plaintiff's bases for the motion to recuse are the Court's delay in adjudicating Plaintiff's plethora of motions and the Court granting various extension requests for several Defendants. (*See generally* ECF No. 141.)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 144, a judge must recuse herself if a party files a "timely and sufficient affidavit" establishing that the judge has a "personal bias or prejudice against the party seeking recusal, or in favor of the adverse party."  28 U.S.C. § 144.  In order to succeed on the recusal motion, the movant must make a three-fold showing: (1) the facts must be material and stated with particularity; (2) the facts must be such that, if true they would convince a reasonable person that a bias exists; (3) the facts must show the bias is personal, as opposed to judicial, in nature.  *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973).

28 U.S.C. § 455(a) provides that "[a]ny ... judge of the United States" must be disqualified "in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for recusal under Section 455(a) is an objective one.  *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003).

Under either statute, the party must generally rely on extrajudicial conduct in order to demonstrate bias, thus, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).

### III.   DISCUSSION

Here, Plaintiff does not identify any extrajudicial conduct that suggests the Undersigned is biased or would be prejudiced against Plaintiff.  Additionally, Plaintiff does not point to any conduct indicating a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.  Plaintiff's bases for recusal are the Court's delay in adjudicating his motions and the Court granting various extension requests for several Defendants.  (*See generally* ECF No 141.)  First, delay alone, is an insufficient reason for recusal.  *See DIRECTV, Inc. v. Jarvis*, Civ. No.  04-55, 2006 WL 8445648, at *2 (D.N.J. Sept. 18, 2006); *United States v. Dobson*, Crim. No. 08-00134-003, 2016 WL 9275015, at *1 (E.D. Pa. Mar. 3, 2016) ("mere delay, in the absence of any other allegations that might attribute such delay to an unfair bias or deep-seated antagonism towards defendant [], is not sufficient to justify recusal"); *Walsh v. Krantz*, Civ. No. 07-0616, 2008 WL 5146531, at *8 (M.D. Pa. Dec. 8, 2008), *aff'd*, 386 F. App'x 334 (3d Cir. 2010) ("an impatient litigant is not permitted to employ the federal disqualification statutes simply as a means of expediting resolution of a pending motion"); *Celenza v. Merdjanian*, Civ. No. 89-5921, 1990 WL 65759, at *3 (E.D. Pa. May 15, 1990), *aff'd*, 941 F.2d 1200 (3d Cir. 1991) (delay is insufficient to establish bias); *United States v. Antonelli*, 582 F. Supp. 880, 882 (N.D. Ill. 1984) (citing omitted) (ruling that any delay attributable to the judge was insufficient to establish personal bias or prejudice).  Second, granting time extensions to a party is also not a legitimate basis for recusal.  *Aquila v. Nationwide Mut. Ins. Co.*, Civ. No. 07-2696, 2008 WL 5187673, at *6 (E.D. Pa. Dec. 9, 2008) (finding that granting time extensions to opposing party does not provide a legitimate basis for recusal).  Therefore, the Undersigned will not recuse herself for these reasons.  Additionally, the Court finds no other indication of impartiality or bias by the Undersigned that amounts to a reason for recusal.  Plaintiff's pending motions will be decided in due course.

**IV.   CONCLUSION**

Accordingly, for the foregoing reasons, and for good cause shown,

**IT IS** on this _24th_ day of April, 2023,

**ORDERED** that Defendant's Motion for Recusal (*see* ECF No. 141) is **DENIED**.

**IT IS SO ORDERED.**

Hon. Georgette Castner
U.S. District Judge

4