UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CHAMBERS OF
**RUKHSANAH L. SINGH**
UNITED STATES MAGISTRATE JUDGE

CLARKSON S. FISHER BLDG. &
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NJ 08608
(609) 989-0502

May 8, 2023

<u>**LETTER ORDER**</u>

Re:   *SHAIKH v. GERMADNIG, et al.*
      <u>Civil Action No. 22-2053 (GC) (RLS)</u>

Dear Litigants and Counsel:

Currently pending before the Court is a motion for the appointment of *pro bono* counsel brought by Defendant Skye Germadnig. (Dkt. No. 178). The Court has reviewed the Motion and considered same. Because the Motion is premature, the Court **DENIES** the Motion without prejudice.

Generally, there is no right to counsel in a civil case. *See Parham v. Johnson*, 126 F.3d 454, 456 (3d Cir. 1997) ("The Supreme Court has not recognized nor has the court of appeals found a constitutional right to counsel for civil litigants."); *see also Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, pursuant to 28 U.S.C. § 1915(e)(1), a court may appoint *pro bono* counsel <u>if the Court permits a litigant to proceed *in forma pauperis*</u>. 28 U.S.C. § 1915(e)(1); *see also McGeachy v. Aviles*, No. 10-3562, 2011 WL 1885938, at *3 n.3 (D.N.J. May 18, 2011). A court has broad discretion in determining whether to appoint counsel. *Houser v. Folino*, 927 F.3d 693, 698 (3d Cir. 2019). In exercising that discretion, the Court may look to a number of factors, including ones identified in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993). *Id.* Some of those factors include whether the claim has some factual or legal merit, the complexity of the legal issues, and whether the litigant can afford counsel on his own behalf. *See Tabron*, 6 F.3d at 155-56.

1

Here, the Motion for appointment of *pro bono* counsel was filed without an application to proceed *in forma pauperis*. Before the Court can consider whether appointment of *pro bono* counsel is warranted, Skye Germadnig must first establish that they are indigent. To do that, Skye Germadnig must submit an application to proceed *in forma pauperis* and the Court must grant that *in forma pauperis* status. If the Court does grant *in forma pauperis*, Skye Germadnig may refile the application for appointment of *pro bono* counsel.

Accordingly, the request for appointment of *pro bono* counsel is premature at this time.

**IT IS, THEREFORE,** on this 8th day of May 2023,

**ORDERED** that Skye Germadnig's motion for the appointment of *pro bono* counsel (Dkt. No. 178) is **DENIED without prejudice**; and it is further

**ORDERED** that the Clerk of Court is hereby directed to **TERMINATE** the Motion at Docket Entry No. 178; and it is further

**ORDERED** that the Clerk of Court shall MAIL by first-class mail a copy of this Order to those litigants appearing *pro se* in this matter.

**SO ORDERED**.

/s/Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**United States Magistrate Judge**