## UNITED STATES DISTRICT COURT OF DISTRICT OF NEW JERSEY

## NEW JERSEY

| | |
|---|---|
| ZIA SHAIKH<br><br>--- PLAINTIFF<br><br>v.<br><br>LAURA GERMADNIG, Estate of SIEGFRIED GERMADNIG Sr, PATRICIA GERMADNIG, MELISSA REEVES, KENNETH REEVES, STACY GERMADNIG, SIEGFRIED GERMADNIG JR., BARUS GERMAGNIG, CRYSTAL GERMAGNIG, SKYLAR GERMADNIG, DAVID TARNOWSKI, NICOLE TARNOWSKI, SLAVA KLEYMAN, NANCY CAVANAUGH, LOUIS ELWELL, JANICE ELWELL, CHRISTINE GILFILLEN, SANDRA SEAMAN, JACK M, NADA PITYINGER, BRETT PITYINGER, DANIEL SCHASTNY, KATHLEEN SCHASTNY, BRADELY MCKEE, RENE MCKEE, ROBERT MCKEE, CAROL MCKEE, STANLEY O'BRIAN, LORI O'BRIAN, CANDY MCKEE, STEVEN A. ZABARSKY, ESQ., KIMBERLY ZABARSKY, LAW FIRM OF CITTA, HOLZAPFEL & ZABARSKY, LEGAL MALPRACTICE INSURANCE CARRIER FOR CITTA, HOLZAPFEL & ZABARSKY, CATHLEEN CHRISTIE-CONEENY, ESQ., LEGAL MALPRACTICE INSURANCE CARRIER FOR CATHLEEN CHRISTIECONEENY, ESQ., JOSEPH GUNTESKI CPA, COWAN & GUNTESKI & CO, JOHN R. RILEY JR, CPA, ABV, CGMA, AICPA (ASSOCIATION OF INTERNATIONAL CPA'S), SETH ARKUSH, INTEGRATED CARE CONCEPTS LLC, JACKSON SCHOOL DISTRICT, PRINCIPAL OF JACKSON LIBERTY HS, PRINCIPAL OF CHRISTA MCAULIFEE MIDDLE SCHOOL, PRINCIPAL OF CRAWFORD RODRIGUEZ ELEMENTARY SCHOOL, STEPHANIE J. BROWN, ESQ., | **CIVIL ACTION NO:**<br><br>**3:22-CV-02053-GC-RLS**<br><br><br>**PLA' OPPOSITION AND**<br>**RESPONSE TO YELP INC et al**<br>**DEFENDANTS FOR**<br>**MOTION TO DISMISS** |

AUGUST J. LANDI, ESQ., MARGIE
MCMAHON, ESQ., DAVID SCHLENDORF,
ESQ., JACKSON TWSP. POLICE CHIEF
MATTHEW KUNZ, JACKSON TOWNSHIP
POLICE OFFICER CHRISTOPHER PARISE,
OCEAN CITY NJ PROSECUTOR BRADLEY
BILHEIMER, JOHN FOTI JR, MADELINE F.
EINBINDER J.S.C., MARLENE L. FORD
A.J.S.C., JOHN S. DORAN, J.S.C.,
DEBORAH H. SCHRON J.S.C., FRANCIS
HODGSON P.J.Ch, YELP INC,  JOHN DOES
1- 10, JOHN DOES 1-10, XYZ
CORPORATIONS


                        --- DEFENDANTS

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES................................. ....... I

NOTICE OF PRO SE LITIGANTS RIGHTS . . . . . . . . . . . . 1

PRELIMINARY STATEMENT....................................... 2

LEGAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . 9


POINT I: THE COURT HAS PERSONAL JURISDICTION OVER DEFENDANT

PURSUANT TO NJ REV. STAT § 14A:13-3 . . . . . . . . . . . 10

A. DEFENDANT IS SUBJECT TO THE JURISDICTION OF THIS COURT

   BECAUSE DEFENDANT COMMITTED TORTIOUS ACTS IN THE STATE

   OF NEW JERSEY. . . . . . . . . . . . . . . . . . . . . 10

B. DEFENDANT IS SUBJECT TO THE JURISDICTION OF THIS COURT

   BECAUSE DEFENDANT COMMITTED TORTUOUS ACTS RESULTING IN AN

   INJURY IN THE STATE OF NEW JERSEY. . . . . . . . .     14

C. THIS COURT EXERCISING PERSONAL JURISDICTION OVER THE

   DEFENDANT WILL NOT VIOLATE THE FOURTEENTH AMENDMENT DUE

   PROCESS CLAUSE. . . . . . . . . . . . . . . . . .     15

D. DEFENDANT'S DECLARATION VIA JAMES DAIRE IT'S DIRECTOR OF

   THE LEGAL DEPARTMENT, IS LEGALLY INSUFFICIENT TO SHIFT TO

   PLAINTIFF THE BURDEN OF PROOF AS TO PERSONAL JURISDICTION. 16


POINT II: RULE 12 (B)(6) EXAMINES WHETHER PLAINTIFF'S ALLEGATIONS

ARE SUFFICIENT TO ALLOW THEM TO CONDUCT "DISCOVERY" IN AN ATTEMPT

TO PROVE THEIR ALLEGATION. . . . . . . . . . . . . . . . . 21

A. THE PRESENT RULE OF SUFFICIENT PLEADING STANDARDS . . . . 21

B. BURDEN OF PLEADING AND BURDEN OF ALL MOVANT DEFENDANTS . 22

C. THE COURTS SHOULD GRANT RIGHT TO AMEND BEFORE ANY INTENDED

DISMISSAL................................... 23


POINT III: PLAINTIFF'S ALL CLAIM OF RELIEFS IN THE COMPLAINT

ARE NOT TIME BARRED. . . . . . . . . . . . . . . . . . . . 24

POINT IV: CONCLUSION . . . . . . . . . . . . . . . . . . . 28

i.

# **Table of Authorities**

Cases

*(Haines v. Kerner, 404 U.S. 519 (1972); Jackam v. Hospital Corp. of Am. Mideast, 800 F.2d 1577, 1579-80 (11th Cir.1986)* ........................................................................................... 20

)*; Poling v. K. Hovnanian Enterprises,* 99 F.Supp.2d 502, 506-07 (D.N.J. 2000) ....................................... 6

*. Maty v. Grasselli Chemical Co.,* 303 U.S. 197 (1938)............................................................................... 6

*American Color Graphics, Inc. v. Brooks Pharmacy, Inc., et al.,* 2007 .................................................... 14

*American Color See Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.,* and 421 F.3d 1162, 1168 (11th Cir. 2005 ...................................................................................................................................... 14

***Bd. of Regents of the Univ. of N.Y. v. Tomanio, 446 U.S. 478, 484 (1980))*** .......................................... 26

*Boag v. MacDougall,* 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982).............................................. 6

*Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1334 (8th Cir. 1975) ................................................. 7

*Bramlet v. Wilson,* 495 F.2d 714, 716 (8th Cir. 1974)) ................................................................................ 7

*Casita v. Maplewood Equity Partners,* 960 So. 2d 854, 856-57 (Fla. 3d DCA 2007.................................. 14

***Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999)*** .......................................................................... 26

***Collins v. Nagle, 892 F.2d 489, 493 (6th Cir. 1989*** ................................................................................. 22

***Collins v. Nagle, 892 F.2d 489, 493 (6th Cir. 1989)*** ................................................................................ 22

*Compare Inset Systems, Inc. v. Instructions Set,* 937 F. Supp 161, 165 ................................................... 12

***Conley v. Gibson*** ...................................................................................................................................... 21

*Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) ................................................ 6

***Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989)*** ........................................................... 26

*Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972........................................... 6

***Currie v. Cayman Resources Corp., 595 F.2d 1364, 1370 (N.D. Ga. 1984)*** ........................................... 22

*Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) .............................................. 6

***FDIC v. Dawson, 4 F.3d 1303, 1309 (5th Cir. 1993)*** ................................................................................ 26

***Fried u. JP Morgan Chase & Co., 850 F.3d 590, 604 (3d Cir. 2017).*** ..................................................... 23

***Fuilman v. Pa. Dep't of Corr., 265 F. AppSc 44, 46 (3d Cir. 2008); accord Kach, 589 F.3d at 634*** ...... 24

***Gentry v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991))*** .................................................... 24

***H.J. Inc. v. Northwestern Bell Tel. Co., (492 U.S. 229 (1989)*** ................................................................ 21

*Haines* ......................................................................................................................................................... 6

***Haines v. Kerner, 404 U.S. 519 (1972*** ..................................................................................................... 21

***Haines v. Kerner, 404 U.S. 519 (1972)*** .................................................................................................... 21

***Haines v. Kerner, 404 U.S. 519 (1972); Jackam v. Hospital Corp. of Am. Mideast, 800 F.2d 1577, 1579-80 (11th Cir.1986*** ....................................................................................................................................... 20

*Haines v. Kerner,* 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)............................... 6

***Hardin v. Straub, 490 U.S. 536, 539 (1989)*** ............................................................................................ 26

*Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.,* and 421 F.3d 1162, 1168 (11th Cir. 2005) ..... 14

***Irvin v. Dep't of Veterans Affairs***, (89-5867), 498 U.S. 89 (1990) ........................................................... 25

***Jackam v. Hospital Corp. of Am. Mideast, 800 F.2d 1577, 1579 (11th Cir. 1986)*** .................................. 22

***Jacob v. Curt, 898 F.2d 838, 839 (1st Cir. 1990*** ..................................................................................... 20

*Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Circ. 1997)( ................................................................ 14

*Jenkins v. McKeithen,* 395 U.S. 411, 421 (1959) ....................................................................................... 6

***Kach a Hose, 589 F.3d 626, 634 (3d Cir. 2009)*** ...................................................................................... 24

***Klehr v. A.O. Smith Corp., 521 U.S. 179 (1997),*** ...................................................................................... 24

*Koch v. Christie's Int'l PLC*, 699 F.3d 141, 151 (2d Cir. 2012). ..................................... 24

*Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 19956 .......................................... 26

*Manufacturing Company v. Zippo Dot Com, Inc.*, 952 ................................................... 10

*Manufacturing Company v. Zippo Dot Com, Inc.*, 952 F. Supp 1119 (W. Pa. 1993) ............... 10

*Mar-Eco, Inc. v. T & R and Sons Towing and Recovery, Inc. et al.*, ................................... 10

<u>*McDowell v. Delaware State Police,*</u> 88 F.3d 188, 189 (3rd Cir. 1996) ................................ 6

*Moran Towing Corp. v. Hartford Accident & Indem. Co., 204 F. Supp. 353 (D.R.I. 1962)* .......... 22

<u>*Picking v. Pennsylvania Railroad Co.,*</u> 151 F.2d 240 (3rd Cir. 1945) .................................. 6

*Pierce, et al. v. Hayward Industries, Inc., et al.,* ...................................................... 10

*Pierce, et al. v. Hayward Industries, Inc., et al.,* 2006 U.S. Dist LEXIS 16472 (D. PA 2006) ........ 11

*Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209 (11th Cir. 1999) ...................................... 14

<u>*Puckett v. Cox,*</u> 456 F. 2d 233 (6th Cir. 1972) ....................................................... 6

*Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991)* ...................... 22, 23

*Riddell v. Riddell Washington Corp., 866 F.2d 1480, 1491 (D.C. Cir. 1989)* ...................... 25

Rotella v. Pederson, 144 F.3d 892, 897 (5th Cir. 1998). ............................................ 26

<u>*S.E.C. v. Elliott,*</u> 953 F.2d 1560, 1582 (11th Cir. 1992) ............................................. 6

*Sedima, S.P.R.L. v. Imrex Co.,' (473 U.S. 479, (1985)* ............................................. 21

<u>*Then v. I.N.S.,*</u> 58 F.Supp.2d 422, 429 (D.N.J. 1999) ............................................... 6

**Twombly** and **Iqbal's** ...................................................................................... 21

<u>*U.S. v. Sanchez,*</u> 88 F.3d 1243 (D.C.C ir. 1996) ...................................................... 7

<u>*United States v. Day,*</u> 969 F.2d 39, 42 (3rd Cir. 1992) ............................................... 6

*United States v. Ku brick, 444 U.S. Ill, 120 (1979)).* ............................................... 24

<u>*United States v. Miller,*</u> 197 F.3d 644, 648 (3rd Cir. 1999) .......................................... 6

*Wallace, 549 U.S. at 8 388 (quoting Bay Area Laundry and Dry-Cleaning Pension Trust Fund v. Ferbar Corp. of CaL, 522 U.S. 192, 201 (1997)).* ............................................... 24

*Whitney Information Network, Inc. v. Xcentirc Ventures, LLC,* 199 Fed. Appx 738 (11th Cir. 2006). ......... 9

*Whitney Information Network, Inc. v. Xcentirc Ventures, LLC,* 199 Fed. Appx 738, 743-744 (11th Cir. 2006) ............................................................................................ 15

*Williams v. Goldsmith,* 619 So. 2d 330, 332 (Fla. 3d DCA 1993) ................................... 14

*Williams v. Goldsmith,* 619 So. 2d 330, 332 (Fla. 3d DCA 1993). ................................. 14

*Wong v. United States* and *June v. United States* ................................................... 25

*World Wide Volkswagon Corp. v.* ...................................................................... 15

*Salahuddin v. Cuomo, 861 F.3d 40, 43 (2d Cir. 1988)* ............................................ 22

*Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014* ............................................. 23

*Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017* ......................................... 23

## Statutes

NJ Rev Stat § 14A:13-3 .................................................................................... 8

Section 8.01-407.1 of the Code of Virginia ........................................................... 16

Statute of Limitations for *§ 1983 Actions Section 1983* ........................................... 23

Yelp v. Hadeed Carpet Cleaning, a case arising out of Alexandria. As of October 2012 ........... 16

Rules

***Fed. R. Civ. P. 8(cfll)*** .................................................................................................. 23

Federal Rule 15(a) ........................................................................................................ 23

Federal Rule of Civil Procedure 15(b ............................................................................ 23

Federal Rule of Civil Procedure 15(b) .......................................................................... 23

**Federal Rule of Civil Procedure 54(c)** ........................................................................ 23

RULE 12 (b)(6) ............................................................................................................ 3, 20

Rule 54(c) ...................................................................................................................... 23

***Rule 56*** .......................................................................................................................... 22

## Notice of Special *Pro Se* Litigant Rights

Comes now Petitioner, Zia Shaikh, respectfully providing a sample collection of federal case laws regarding certain special respect to and for *pro se* rights:

*Pro se* pleadings are always to be construed liberally and expansively, affording them all opportunity in obtaining substance of justice, over technicality of form. *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938); *Picking v. Pennsylvania Railroad Co.*, 151 F.2d 240 (3rd Cir. 1945); *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1959); *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263 (1972); *Puckett v. Cox*, 456 F. 2d 233 (6th Cir. 1972); and, etc., etc., etc., practically *ad infinitum*.

If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax or sentence construction, or a litigant's unfamiliarity with particular rule requirements. *Boag v. MacDougall*, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *McDowell v. Delaware State Police*, 88 F.3d 188, 189 (3rd Cir. 1996); *United States v. Day*, 969 F.2d 39, 42 (3rd Cir. 1992); *Then v. I.N.S.*, 58 F.Supp.2d 422, 429 (D.N.J. 1999); and, etc., along with numerous similar rulings.

When interpreting *pro se* papers, this Court is required to use its own common sense to determine what relief that party either desires, or is otherwise entitled to. *S.E.C. v. Elliott*, 953 F.2d 1560, 1582 (11th Cir. 1992). *See* also, *United States v. Miller*, 197 F.3d 644, 648 (3rd Cir. 1999) (court has a special obligation to construe *pro se* litigants' pleadings liberally); *Poling v. K. Hovnanian Enterprises*, 99 F.Supp.2d 502, 506-07 (D.N.J. 2000); and, etc.

Indeed, the courts will even go to particular pains to **protect** *pro se* litigants against consequences of technical errors if injustice would otherwise result. *U.S. v. Sanchez*, 88 F.3d 1243 (D.C.C ir. 1996). Moreover, "*the court is under a duty to examine the complaint to determine if the allegations provide for relief on \*any\* possible theory*." (emphasis added) *See*, e.g., *Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1334 (8th Cir. 1975) (quoting *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)), and etc.

## PLAINTIFF'S' RESPONSE TO DEFENDANT'S MOTION TO DISMISS
## FOR LACK OF JURISDICTION AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, ZIA SHAIKH, files this Response to Defendant's Motion to Dismiss Complaint for Lack of Jurisdiction and Incorporated Memorandum of Law and says:

## I.    PRELIMINARY STATEMENT

Plaintiff filed its First Amended Complaint on March 06,2023 upon order of this Honorable court.   Plaintiff's Complaint asserts causes of action for multiple intentional torts including defamation, trade libel and tortious interference with business.  Plaintiff's Complaint was served on Defendant on March 20,2023.  On April 24, 2023Defendant filed Defendants' Motion to Dismiss. ("Motion to Dismiss").

Contrary to Defendant's assertions that this instant case has any connection to Pla's state court divorce case is patently incorrect; this has everything to do with the intentional torts being committed against me thru a third party only known to Plaintiff as "Jack M" via his/her 2015 review on the public forum used by the residents of New Jersey regularly when inquiring about the reputation of any business, including Plaintiff's defunct insurance business.  Plaintiff since 2015 has directly attempted to resolve this issue with the Defendant but was delayed by months due to Defendant's lack of response.  Then in 2018 Pla' filed a state action against "Jack M." and Yelp Inc in South Carolina on March 29, 2018 case # 2018-CP-07-687; unfortunately due to lack of service on "Jack M." since Pla' could not ascertain his/her address and Yelp Inc refused to provide any identifying information, the case was subsequently dismissed. **See EXHIBIT "A".**

In it's Motion to Dismiss, Defendant asserts, in pertinent part, that Defendant has not directed any communications "into" the state of New Jersey and, therefore, this Court does not have subject matter jurisdiction over it.

2.

Defendant's Motion to Dismiss addresses general jurisdiction based on minimum business contacts with the state of New Jersey in addition to special jurisdiction.   Plaintiff concedes that it asserts that this Court's jurisdiction over the Defendant arises from special jurisdiction by application  of NJ Rev Stat § 14A:13-3.  Consequently, this response is directed toward that basis of jurisdiction. There are no averments in the Declaration controverting Plaintiff's assertion that Defendant defamed and or allowed such publication against Plaintiff on it's website.

Plaintiff alleges that Defendant is subject to the personal jurisdiction of this Court by committing intentional torts causing harm and injury to Plaintiff's business in New Jersey by posting on it's forum numerous defamatory statements.

## II.   LEGAL ARGUMENT

Standard/Test For Granting Or Denying A Motion To Dismiss For Lack Of Jurisdiction.

The Eleventh Circuit and the federal districts courts of New Jersey apply a two-part inquiry to determine whether a court may properly exercise personal jurisdiction over a defendant.  First, a court must determine whether the exercise of jurisdiction is appropriate under the forum state's long-arm statute.   Second, a court must determine whether exercising personal jurisdiction would violate the Fourteenth Amendment Due Process Clause.

In considering a motion to dismiss for lack of jurisdiction, a court must take the allegations of the complaint as true to the extent the allegations are uncontroverted by affidavits or deposition testimony of the defendant. *Whitney Information Network, Inc. v. Xcentirc Ventures, LLC*, 199 Fed. Appx 738 (11th Cir. 2006).   Where a court does not hold a discretionary evidentiary hearing on the motion, the defendant may file affidavits and depositions  challenging the personal jurisdiction and the material allegations of the complaint. *Id*. at 741.   If the defendant's affidavits and depositions sufficiently controvert the material allegations of the complaint and are not merely conclusory, the burden of proof shifts to the plaintiff to demonstrate

prima facie evidence supporting jurisdiction.  Plaintiff's prima facie evidence must be sufficient to withstand a motion for directed verdict.

## I.  <u>The Court Has Personal Jurisdiction Over Defendant Pursuant To NJ Rev. Stat § 14A:13-3</u>

a.      <u>Defendant Is Subject To The Jurisdiction Of This Court Because</u> <u>Defendant Committed Tortious Acts In The State of New Jersey</u>.

The federal court must construe a forum's long-arm statute as the forum state's highest court would construe the long-arm statute. *Whitney Information Network, Inc. v. Xcentirc Ventures, LLC*, 199 Fed. Appx 738 (11th Cir. 2006).  Where the forum state's highest court has not addressed an issue directly, a federal district court must follow federal circuit courts of appeal precedent.

Although the Supreme Court of New Jersey ruled that physical presence is not necessary for personal jurisdiction if a communication is directed "*into*" New Jersey.  This Court should look to federal court precedent in determining the issue.

Plaintiff's has been unable to locate any Eleventh Circuit opinion stating the Eleventh Circuit's position on whether posting defamatory information on the Internet for  general public access and viewing constitutes publication of the statements in a forum state for the purposes of jurisdiction.  In *Whitney Information Network, Inc.,* 199 Fed. Appx 738, the Eleventh Circuit did address alleged Internet defamation based on alleged defamatory postings on a website.  However, the issue the court dealt with was whether the provisions and protections of the Digital Millennium Copyright Act removed the matter from the court's jurisdiction.  *Id.* at 744.  The court did not in its opinion address due process and fairness issues such as minimum contacts, the location of the postings, or whether the posting had been directed into the state of New Jersey in any fashion, whether generally or specifically.  *Id.*

The federal courts for the state of Pennsylvania have addressed the issues substantially, but in a commercial or negligence context.  See *Pierce, et al. v. Hayward Industries, Inc., et al.,* 2006 U.S. Dist LEXIS 16472 (Pa. 2006)*; Manufacturing Company v. Zippo Dot Com, Inc.,* 952 F. Supp 1119 (W. Pa. 1993); *Mar-Eco, Inc. v. T & R and Sons Towing and Recovery, Inc. et al.*, 937 A.2d 512 (P.A. 2003).  In *Manufacturing Company v. Zippo Dot Com, Inc.,* 952 F. Supp 1119 (W. Pa. 1993), the *Zippo* district court acknowledged that courts have difficulty with determining personal jurisdiction arising out of Internet/website causes of action because of the changing communication environment resulting from the explosion and growth of the Internet,  saying:

> **The Internet makes it possible to conduct business throughout the world entirely from a desktop.  With this global revolution looming on the horizon, the development of the law concerning  the permissible scope of personal jurisdiction based on the Internet use is in its infant stages.  The cases are scant.**

*Id.* at 1123-1124.

*Zippo* established a sliding scale for determining whether personal jurisdiction should exist in commercial causes of actions.  The *Zippo* sliding scale balances the level of interactivity and targeting of the forum to determine whether in commercial business context Internet use can subject a non-resident defendant to personal jurisdiction in a foreign forum based the defendant's Internet contact.  Basically the more an entity does business over the internet and the more The *Zippo* case provides an excellent overview and consideration of cases involving various district court rulings relating to a determination of personal jurisdiction in various Internet related circumstances.  However, *Zippo* addresses the issue from a commercial perspective rather than from a tort perspective. The more interactive the Defendant's website is, the more likely the chance that the foreign forum will be able to exercise jurisdiction over the Internet i.e. Yelp Inc defendant.   Even if a business entity does not specifically direct communications to a forum, but rather creates an environment and accessibility for a foreign forum to access and use the website, the Internet user is likely to be subject to the foreign jurisdiction.  If an Internet user merely posts

information without target any particular entity or forum, then the Internet user is far less likely to be subjected to personal jurisdiction in a foreign forum.

*Pierce* establishes a two-part test: (1) the "interactivity" sliding scale of *Zippo*; (2) and a direct causal connection between the use of the website and the cause of action or injury.  *Pierce, et al. v. Hayward Industries, Inc., et al.,* 2006 U.S. Dist LEXIS 16472 (D. PA 2006).  The *Pierce* Court distinguished personal injury cases from commercial cases based on the lack of connection between an injury and the use of a website, but only refers to personal injury based on negligence or product liability; it does not address intentional torts.  The *Pierce* Court stated that personal injury cases unrelated with no causal connection to the website should not confer personal jurisdiction based on the existence of the website.  *Id.*.

The instant case meets the *Pierce* and *Zippo* tests, even though those cases considered the internet problems in a commercial context.  First, it falls  between the extremes of the *Zippo* scale.  Defendant's website is interactive.   By Defendant's admission, it is weblog/website "hosted" by  Defendant.    The website allows third-parties to post comments and further derogatory statements concerning Plaintiff and others.

Additionally, Defendant promotes it's reviews rankings for the benefit of the reviewer and to encourage additional business reviews as is the case with "Jack M", who has multiple reviews on the Defendant's website. **See Exhibit "B ".**

 Additionally, Defendant did not merely post information on the website.  It posted specific derogatory  information specifically false allegations of Pla' being a "dead beat dad" or "is under investigation by the IRS"  in it's forum.  Consequently, Defendant should be subject to the foreign forum's personal jurisdiction.

Second, there is a direct causal connection between Plaintiff's asserted causes of actions and injuries and Defendant's use and maintenance of it's website.   Plaintiff has alleged that

Defendant benefits from derogatory and negative reviews publication to increase traffic while generating millions in revenue; in collaboration with co-defendant "Jack M"; YELP Inc review page was setup for the specific purpose of defaming Plaintiff.  Plaintiff asserts that Defendant has targeted Plaintiff, and his business which maintains and operates its principal place of business in the state of New Jersey. Defendant's defamatory statements are specifically directed toward a New Jersey entity and an insurance licensed individual to cause an injury to him and his business interest operated from its principal offices located in Freehold, New Jersey.  The causes of action asserted by Plaintiff are directly and proximately related to Defendant's postings and collaboration with the unknown reviewer "Jack M"; on it's website.

As noted by the *Zippo* Court, the Internet is a new and evolving frontier.   Unlike sending a letter or making a phone call directly to someone, which is a one-time publication act generally, Internet posters do not need to direct their defamatory communication anywhere to accomplish goal of injury a party in their business in their home state.  With the availability of Internet search engines such as "Google" or a review site like YELP Inc, an individual seeking to defame an entity need not post directly to any individual or any state.  The defamer may simply post on any website and the post will be available continuously to any party in any forum who does an Internet search of the defamed entity.  The defamatory statement remains available on the Internet perpetually and is published every time a search is conducted of the defamed entity. *Compare Inset Systems, Inc. v. Instructions Set*, 937 F. Supp 161, 165 (D. Conn. 1996)(holding that Internet advertisements were continues  and substantial contact  because"…unlike television and radio advertising, the advertisement  is available  continuously to any Internet user. The traditional rules for defamatory publications for the purposes of personal direct jurisdiction simply do not apply  to the Internet; now the third-party to whom the defamatory poster publishes comes to the  publisher, rather than the publisher having to forward it to someone.  As

a matter of public policy, it makes sense to have jurisdiction lie in the forum state where the

defamed party resides or is located rather than where the defamer resides or is located.  If the

latter is applied, a defamer can defame across the world with impunity and force the aggrieved

party to enforce their property right and reputation in the defamer's home forum.

By virtue of Defendant maintaining a website to post it's defamatory statements to the

general public, Defendant has directed communications "into" New Jersey by posting generally

on it's website.  This Court should adopt the reasoning of *Zippo* and *Pierce*, apply it to the instant

circumstances, and maintain personal jurisdiction over the Defendant.

b.      <u>Defendant Is Subject to the Jurisdiction Of This Court Because Defendant</u>

<u>Committed Tortuous Acts Resulting In An Injury In The State of New Jersey</u>. Even if this Court

determines that Defendant's Internet posts and commentary do not constitute a communication

directly "into" the State of New Jersey sufficient to subject Defendant to personal jurisdiction

under NJ Rev Stat § 14A:13-3, the Eleventh Circuit, other federal circuits, and some district

courts of appeal of New Jersey have ruled that personal jurisdiction exists where the tort act is

committed outside of the forum state but the resulting injury occurs in the forum state.   Here

again, the New Jersey Supreme Court has no direct ruling on this point.  Therefore, this Court

should again look to federal precedent.

The Eleventh Circuit Court of Appeal has recognized that personal jurisdiction over an

out-of-state defendant may exist "in circumstances where an out-of-state defendant commits a

tort that produces an injury in New Jersey."  See *Horizon Aggressive Growth, L.P. v. Rothstein-*

*Kass, P.A.,* and 421 F.3d 1162, 1168 (11th Cir. 2005)  As noted by the court in *American Color*

*See Horizon Aggressive Growth, L.P. v. Rothstein-Kass, P.A.,* and 421 F.3d 1162, 1168 (11th Cir.

2005) *Posner v. Essex Ins. Co., Ltd*., 178 F.3d 1209 (11th Cir. 1999)(out-of-state tortious act

affected contracts insuring property in New Jersey); *Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202

(7th Circ. 1997)(injury occurred in Illinois against Illinois corporation where tortious act resulted

in customer canceling an order); *Williams v. Goldsmith*, 619 So. 2d 330, 332 (Fla. 3d DCA

1993)(venue in tortious interference claim proper in the forum state where plaintiff was injured by a loss of clients). *American Color Graphics, Inc. v. Brooks Pharmacy, Inc., et al.,* 2007 U.S. Dist. LEXIS 80093 (MD. Tampa 2007). *Graphics, Inc.*, the New Jersey Supreme Court does not have a controlling ruling on the issue of whether an injury in New Jersey alone creates personal jurisdiction over an out-of-state defendant and the various state district courts of appeal have conflicting decisions. *American Color Graphics, Inc. v. Brooks Pharmacy, Inc., et al.,* 2007 U.S. Dist. LEXIS 80093 (MD. Tampa 2007) citing *Casita v. Maplewood Equity Partners*, 960 So. 2d 854, 856-57 (Fla. 3d DCA 2007); *Williams v. Goldsmith*, 619 So. 2d 330, 332 (Fla. 3d DCA 1993). The Eleventh Circuit has broadly interpreted §48.193 (1)(b) to confer jurisdiction where the injury resulting from a tort occurs in the forum state.

Plaintiff has alleged in its complaint that it suffered an injury to its business in the state of New Jersey. Plaintiff asserts that it has suffered an interference with its business contracts and has lost clients. Consequently, Plaintiff has pled sufficient facts, which if taken as true, demonstrate that Plaintiff has suffered an injury in New Jersey to its reputation and business interests and that the injury occurred as a result of Defendant's actions. Consequently, Plaintiff has pled a prima facie case establishing this Court's jurisdiction over the Defendant.

c. This Court Exercising Personal Jurisdiction Over The Defendant Will Not Violate The
Fourteenth Amendment Due Process Clause.

The second prong of the long-arm determination is whether the exercise of jurisdiction over the defendant "will offend traditional notions of fair play and justice." *Whitney Information Network, Inc.,* 199 Fed. Appx 738 at 741. The issue is the foreseeability of the eventuality of a potential suit against the defendant. The Supreme Court of the United States has stated the foreseeability issue very simply, saying "The foreseeability that is critical to the due process analysis is…that the defendant's conduct and connection with the forum state are such that he should reasonably expect to be haled into court there." *World Wide Volkswagon Corp. v. Woodson*, 44 U.S. 286, 295, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980).

Applying that basic standard to the instant case, can any prospective defendant not reasonably expect to be sued where the plaintiff's business is located or  lives and works if the defendant has engaged in activity specifically designed to disparage and damage the plaintiff's business?  Certainly, Defendant in this cause knew inherently or by various notices by this Plaintiff, starting in 2015 when the post was initially noticed that it's statements were damaging and designed to harm Plaintiff 's business interests and reputation, both  of which were plainly based in Freehold, New Jersey.  Plaintiff has sufficiently pled facts supporting an exercise of jurisdiction over the defendant in compliance with due process grounds.  Any exercise of personal jurisdiction  over the Defendant by this Court  should not surprise Defendant nor be unfair to Defendant considering the nature of Defendant's alleged misconduct.

   d. <u>Defendant's Declaration via James Daire it's director of the legal department, Is Legally Insufficient To Shift To Plaintiff The Burden Of Proof As To Personal jurisdiction.</u>

Although Defendant filed a declaration in opposition to this Court's personal jurisdiction over it, the declaration is insufficient to shift the burden of proof to Plaintiff to make a prima facie showing of jurisdiction through opposing affidavits or deposition testimony.  Defendant's declaration must present more than mere conclusory denials and must controvert the material allegations of the complaint.  See  *Whitney Information Network, Inc. v. Xcentirc Ventures, LLC*, 199 Fed. Appx 738, 743-744 (11th Cir. 2006).  Defendant's declaration presents mere conclusory denials and does not address the material allegations of the complaint.

Furthermore, Plaintiff was forced to create his account in order to rebut the false allegations of "Jack M"; who is still unknown to this Plaintiff after several years of research and vehement rejection by the Defendant to provide any identifying information. Yelp Inc is notorious to use "First amendment, right to free speech"; as a blanket rebuff to thousands of aggrieved Plaintiff's who have been victimized by ghost writers of such reviews and have never had any contact with the Plaintiff in any type of way; such reviews are NOT PROTECTED by the First amendment.

The First Amendment protects anonymous speech, including online reviews of products and services written by people using fake names. The right to anonymous speech, however, is not absolute. Defamatory speech, whether or not anonymous, is not entitled to protection, as there is no constitutional value in false statements of fact. If someone pretending to be a former customer writes a defamatory review on Yelp, Amazon, or some other consumer-review site, but doesn't disclose his or her real name, how does the business owner go about identifying the individual so that the individual can be held accountable?

The answer lies in Section 8.01-407.1 of the Code of Virginia, which sets forth a specific procedure for uncovering the identities of people who communicate anonymously over the Internet. The proper application of this statute was recently discussed in Yelp v. Hadeed Carpet Cleaning, a case arising out of Alexandria. As of October 2012, Yelp's site contained seventy-five reviews about Hadeed Carpet Cleaning, many of them critical. Included among these reviews were assertions by anonymous authors claiming to have been charged for work never performed and claiming that "precious rugs were shrunk." Hadeed sued the anonymous authors for defamation, alleging that the reviewers were never actual customers of Hadeed.
After filing the lawsuit, Hadeed promptly issued a subpoena duces tecum to Yelp, demanding the production of documents that would enable Hadeed to identify the authors of the allegedly defamatory reviews.

Yelp objected, arguing that Hadeed had not complied with the requirements of Sec_on 8.01-407.1. Hadeed revised its subpoena to comply with the statute, but Yelp continued to object and refused to comply; as was the case when Plaintiff filed his South Carolina law suit and repeated non-compliance with any subpoena ever issued for same.

On a motion to compel compliance, the Circuit Court for the City of Alexandria held that Hadeed's subpoena satisfied the requirements of both the statute and the First Amendment, and ordered Yelp to disclose the informatio. Yelp refused, and was held in contempt.
It then appealed that ruling to the Virginia Court of Appeals (which has jurisdiction to consider appeals of civil contempt orders), arguing that the First Amendment requires a showing of merit on both the law and facts before a subpoena duces tecum to identify an anonymous speaker can be enforced.

The Court of Appeals disagreed, holding in a case of first impression that Section 8.01-407.1 is not unconstitutional and that it alone provides the unmasking standard in Virginia.

The simpleton and distractive argument presented by the counsel and the Defendant's by citing their own created "Terms of services" is irrelevant and DOES NOT disqualify Plaintiff's constitutionally protected rights.

Had such a review not existed on Defendant's platform, Plaintiff would not have any reason to rebut such malicious activity by having to open the account in the first place, ONLY TO rebut false allegations; any contract signed under duress is not enforceable, such is the issue in the instant case.

In Defendant's declaration, as to Plaintiff's claims of commission of a tort as the basis of jurisdiction, Defendant avers as follows:

**1. I am an Associate Director of Legal at Yelp Inc. ("Yelp"). I have worked at Yelp since October 2019. Before that, I was a partner at the law firm Reed Smith LLP in San Francisco, where I worked for approximately 14 years. I am a member of the bar of the State of California. As part of my job responsibilities, I oversee all litigation matters involving Yelp as well as user operations matters that involve legal issues. This includes investigating business pages on Yelp and the information they reflect and investigating user accounts through Yelp's own internal tools.**

**3. Yelp, founded in 2004, owns and operates Yelp.com, a popular local search website, mobile website, and related mobile applications for users to share information about their communities. Yelp, among other things, provides and publishes a forum for members of the public across the United States to read and write reviews about local businesses, services, and other entities, including nonprofits and government agencies. One of Yelp's founding principles is that the best source for information about a local community is the community members themselves. Yelp helps the public make more informed choices about local businesses and activities.**
**4. Yelp is a corporation organized under the laws of Delaware, and is headquartered in San Francisco, California. Attached as Exhibit A is a true and correct copy of Yelp's current Statement of Information filed with the California Secretary of State on June 10, 2022.**

**5. Yelp has no offices in the state of New Jersey.**

**6. Yelp offers free accounts to businesses, which allow them to provide additional information about themselves, message reviewers directly or publicly, and view statistics about their Yelp page (such as how many people viewed their Yelp profile or contacted them through Yelp's mobile**

applications). To obtain a free business account and link it to a particular business on Yelp, the business user must go through an account registration process and then "claim" the business. Once a business representative claims a business, he or she may post public responses to reviews on behalf of business, which are displayed directly below the relevant review and are visible to any visitor to Yelp. Through these features, Yelp encourages dialogue regarding local businesses and consumers.

7. I have read the allegations that Plaintiff Zia Shaikh ("Plaintiff") makes against Yelp in his First Amended and Verified Complaint (D.E. 154 at ¶ ¶ 68, 127, 128). Plaintiff's allegations appear to relate to the Yelp business page for Shaikh Zia H - America's Retirement Planning Partners. A true and correct copy of the business page, made on April 21, 2023, is attached as Exhibit B. The page is also publicly accessible at: https://www.yelp.com/biz/shaikh-zia-h- americas-retirement-planning-partners-freehold. There are no reviews currently posted to the page, but the page has been claimed by Plaintiff.

8. Plaintiff created his Yelp business account on July 7, 2020, and he claimed the Yelp business page for Shaikh Zia H - America's Retirement Planning Partners on July 10, 2020. A true and correct copy of Plaintiff's account history (redacted to protect certain personal information and proprietary business information of Yelp) is attached Exhibit C.

9. To create a business account on Yelp's website, as Plaintiff did, a user goes to https://biz.yelp.com/signup to complete an online registration form and electronically submit the form to Yelp. A screenshot showing what this looked like on July 7, 2020 is attached as Exhibit D. The online registration process for a user creating a business account states: "By continuing, you agree to Yelp's Terms of Service and Privacy Policy." The "Terms of Service" text is in blue font and is hyperlinked such that when the user clicks on the text, he or she is taken to the Yelp Terms of Service agreement. Underneath this text is a red button with the words "Sign Up" that takes the user to the next step in the registration process. To create a free Yelp business account, Plaintiff clicked on the button manifesting his agreement to Yelp's Terms of Service.

10. Plaintiff also must agree to the Terms of Service and Privacy Policy each time he logs into his account on Yelp. As shown in Exhibit B, Plaintiff last logged into his business account ten months ago. A screenshot showing what this looked like ten months ago is attached as Exhibit E. Similar to the sign-up form, the log-in form expressly states, "By continuing you agree to Yelp's Terms of Service and acknowledge our Privacy Policy." The "Terms of Service" text is in blue font and is hyperlinked such that when the user clicks on the text, he or she is taken to the Yelp Terms of Service agreement. Underneath this text is a red button with the words "Log In". To log in to his business account, Plaintiff clicked on the button manifesting his agreement to Yelp's Terms of Service.

11. A true and correct copy of Yelp's Terms of Service, which are also publicly accessible at https://terms.yelp.com/tos/en_us/20200101_en_us/, are attached as Exhibit F. The Terms of Service state in relevant part:

These allegations are mere conclusory denials and do not address any of the specific material allegations of Plaintiff's Complaint.  Also,  the averments do not controvert the material allegations of the Complaint as to Plainitff's claims that Defendant collaborated with the ghost author "Jack M",  and posted on it's website defamatory statements regarding Plaintiff personally and his businesses.

Defendant's Declaration does not controvert material allegations of the Complaint such as:
(1)  YELP Inc. is the online business marketing and community forum provider that does business in New Jersey at all times relevant to this Complaint.

(2)      On October 06,2015 an unknown person identified as "Jack M" posted a review on a popular public forum known as YELP inc, brutally defaming Plaintiff and insinuating an IRS action with full knowledge of Plaintiff's divorce proceedings and child support related issues. Plaintiff believes this person to be a known actor to the Germadnig, Reeves or Cavanaugh defendants. This posting continues to harm Plaintiff in every aspect of his daily life.

(3) In November 2015 Plaintiff contacted the forum YELP Inc to explain that their online user "Jack M" is alien to the Plaintiff and thus this review is not protected by the US constitution on First amendment about free speech; the forum continually denies subpoenas to release identifying information about "Jack M" thru it's robust legal team; thus colluding to defy the constitutionally protected rights of the Plaintiff.

Defendant has caused injury to Plaintiff.

        In *Whitney Information Network, Inc.,* the Court ruled that the defendant's declarations in support of a motion to dismiss for lack of jurisdiction were insufficient because the defendant website owner did not controvert the provider's allegations that the website owner tailored complaints submitted by other individuals adding words such as "scam," ripoff," dishonest." *Whitney Information Network, Inc. v. Xcentirc Ventures, LLC*, 199 Fed. Appx 738 (11th Cir. 2006).  Because the defendant did not controvert these material allegations specifically, the court ruled that the party moving to dismiss did not shift the burden to the plaintiff to prove personal

jurisdiction over the defendant, vacated the ordered dismissing the case, and remanded the matter

to the district court.  *Id*. at 743-744.

Similar to the defendant in  *Whitney Information Network, Inc.*, the Defendant in this

matter has failed to controvert the material allegations of the Complaint and, therefore, failed to

shift to plaintiff the burden of proving jurisdiction.

## II.  RULE 12 (b)(6) EXAMINES WHETHER PLAINTIFF'S ALLEGATIONS ARE SUFFICIENT TO ALLOW THEM TO CONDUCT "DISCOVERY" IN AN ATTEMPT TO PROVE THEIR ALLEGATION:

Plaintiff further states that Rule 12(b)(6) does not test whether plaintiffs may ultimately prevail,

***but examines whether the allegations are sufficient to allow them to conduct discovery in an***

***attempt to prove their allegation. (Haines v. Kerner, 404 U.S. 519 (1972); Jackam v. Hospital***

***Corp. of Am. Mideast, 800 F.2d 1577, 1579-80 (11th Cir.1986)*** (*stating that the issue is not*

*whether the plaintiffs might ultimately prevail on the "piercing the corporate veil" theory, but*

*whether the allegations are sufficient to allow them to conduct discovery in an attempt to prove*

*their allegations*). If Rule 12(b)(6) is improperly granted just for a pleading standard, a plaintiff

may not only ***lose the opportunity to participate in discovery, but also lose the right to present***

***affidavits*** and reach the summary judgment stage if the complaint reveals an adequate basis for

the claim on its face. (***Jacob v. Curt, 898 F.2d 838, 839 (1st Cir. 1990).***

### A)    THE PRESENT RULE OF SUFFICIENT PLEADING STANDARDS:

Disputes raised by a plaintiff can be classified as follows: (1) disputes in which the plaintiff is

substantively entitled to a legal claim, (2) disputes in which it is not clear whether the plaintiff is

substantively entitled to a claim due to legal or factual ambiguity, and (3) disputes in which the

plaintiff is not legally entitled to any claim, but plaintiff sued because of an expectation for an

unjust settlement, a misunderstanding of substantive laws, or other inappropriate reasons.  Plaintiff

states that even case (3) may not be dismissed under the modern notice pleading, if the plaintiff stated a claim sufficiently in the complaint.

In **Conley v. Gibson**, the Supreme Court stated that the 12(b) (6) motion must not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The subsequent findings in **Twombly** and **Iqbal's** Case concurs the liberal standards. The Supreme Court has taken the position that substantive policy or law should not influence the pleading rules. For example, *in Sedima, S.P.R.L. v. Imrex Co.,' (473 U.S. 479, (1985). the Supreme Court rejected the Second Circuit's efforts to construct new elements for a RICO claim.10 8 Similarly, in H.J. Inc. v. Northwestern Bell Tel. Co., (492 U.S. 229 (1989),* the Supreme Court reversed and remanded the dismissal decision of the court below by refusing to narrow the application of civil RICO. *Also, in Haines v. Kerner, 404 U.S. 519 (1972)* the Supreme Court reversed and remanded a dismissal decision because allegations such as those asserted by the petitioner, however in artfully pleaded, were sufficient to call for the opportunity to offer supporting evidence, regardless of the disciplinary policy in prison. Also, several have observed that courts must construe a *pro se complaint liberally*, by applying less stringent standards than when a plaintiff is represented by counsel. *(citing Haines v. Kerner, 404 U.S. 519 (1972)).*

### B.      BURDEN OF PLEADING AND BURDEN OF ALL MOVANT DEFENDANTS.

In factual interception contexts, the courts should pay great attention to the burden of pleading and the burden of the movant in Rule 12(b)(6) proceedings. The burden of pleading an issue is usually assigned to the party who has the burden of producing evidence on that issue at trial. Accordingly, plaintiff normally should not have the burden of pleading the elements on which defendant must introduce proof. On the other hand, defendant generally has the **burden of persuasion** as the movant in Rule 12(b)(6) motion. **(See, e.g., Jackam v. Hospital Corp. of Am. Mideast, 800 F.2d 1577, 1579 (11th Cir. 1986); Currie v. Cayman Resources Corp., 595 F.2d**

*1364, 1370 (N.D. Ga. 1984).* Since it is difficult to distinguish between sufficient pleadings and insufficient pleadings under Rule 8(a), the court should defer to the pleader's statements under the notice theory. From this view, even if the plaintiff has the burden of pleading an essential element, the defendant should meet the burden of persuasion regarding that essential element in order to be granted a Rule 12(b)(6) motion. (*See, e.g., Collins v. Nagle, 892 F.2d 489, 493 (6th Cir. 1989) (noting that the moving party must establish that there is no genuine issue as to any material fact in both Rule 56 motion and Rule 12(b)(6) motion).*

### C.    THE COURTS SHOULD GRANT RIGHT TO AMEND BEFORE ANY INTENDED DISMISSAL:

Liberal pleading standards give the courts discretion in deciding when a complaint is formally insufficient and **whether to permit leave to replead**.  Accordingly, the district court has discretion to postpone deciding a motion to dismiss until some later stage in the proceeding, or to grant the motion to dismiss with leave to amend the complaint. *(See, e.g., Salahuddin v. Cuomo, 861 F.2d 40, 43 (2d Cir. 1988); Moran Towing Corp. v. Hartford Accident & Indem. Co., 204 F. Supp. 353 (D.R.I. 1962). In most cases, the action will be expected to continue into the discovery stage, and determination of the legal sufficiency of a claim will be postponed until that stage is sufficiently completed.*

Generally, a pleading should not be dismissed for mere insufficiency or informality of a statement of a claim. Instead, the court ordinarily should give plaintiff leave to file an amended complaint, invoking Rule 15 (a) (*See, e.g., Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991).*  Thus, amendment of pleading is to be freely granted, even after trial, under Federal Rule of Civil Procedure 15(b), and the court is directed in any event to grant the parties whatever relief they are entitled to after trial, whether they have requested it or not, by **Federal Rule of Civil Procedure 54(c).**  If for any reasons court intends to determine insufficient pleadings, then

Plaintiff requests leave of the Court to file necessary amendments under Federal Rule 15(a) and Rule 54(c).

## III. PLAINTIFF'S ALL CLAIM OF RELIEFS IN THE COMPLAINT ARE NOT TIME BARRED.

Assertion of Statute of Limitations on Motion to Dismiss:  The defendants' motions to dismiss assert that the claims in the Complaint are barred by applicable statutes of limitations. Under the circumstances, this defense is properly considered on a ***Rule 12(b)(6) motion***. True, the statute of limitations is an affirmative defense. ***See Fed. R. Civ. P. 8(cfll)***. "Technically, the Federal Rules of Civil Procedure require a defendant to plead an affirmative defense, like a statute of limitations defense, in the answer, not in a motion to dismiss." ***Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014)***. Nevertheless, on a Rule 12(b)(6) motion, a complaint may be dismissed on statute of limitations grounds—but "only when the statute of limitations defense is apparent on the face of the complaint." ***Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017) (1983 case, citing Schmidt, 770 F.3d at 249). See also Fried u. JP Morgan Chase & Co., 850 F.3d 590, 604 (3d Cir. 2017).*** A statute of limitations dismissal must consider the applicability of tolling doctrines in an appropriate case. ***See Wisniewski, 857 F.3d at 157—58 (reversing dismissal and remanding for consideration of whether time spent in exhausting administrative remedies tolled the § 1983 limitations period).***

Statute of Limitations for ***§ 1983 Actions Section 1983*** does not contain its own statute of limitations, but borrows the limitations period from the law of the forum state. The date when a cause of action under § 1983 accrues is a matter of federal law. ***See Kach a Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citing Gentry v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991)).*** "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." Id. (internal

quotation marks and citations omitted). "As a general matter, a [ 1983] cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." Id. *(citing United States v. Ku brick, 444 U.S. Ill, 120 (1979)).* Accrual occurs, then, "when a plaintiff has 'a complete and present cause of action,' that is, when 'the plaintiff can file suit and obtain relief." *Wallace, 549 U.S. at 8 388 (quoting Bay Area Laundry and Dry-Cleaning Pension Trust Fund v. Ferbar Corp. of CaL, 522 U.S. 192, 201 (1997)).* Accrual may be delayed by a plaintiff's lack of knowledge of the facts. The threshold of knowledge, however, is not a high one. The tort accrues when the "plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Fuilman v. Pa. Dep't of Corr., 265 F. AppSc 44, 46 (3d Cir. 2008); accord Kach, 589 F.3d at 634.*

The application of RICO's accrual rule is reasonably predictable in cases where a plaintiff has actual knowledge of injury, which triggers the running of the statute of limitations. As a general matter, the limitations period does not begin to run until a plaintiff knows or should have known of its injury. *Koch v. Christie's Int'l PLC, 699 F.3d 141, 151 (2d Cir. 2012).*

The Second Circuit's "discovery of injury" rule and the Eleventh Circuit's "discovery of injury and pattern" rule, however, were adopted by almost an even number of federal circuit courts of appeal. In *Klehr v. A.O. Smith Corp.*, **521 U.S. 179 (1997),** the United States Supreme Court undertook its first effort to bring uniformity to civil RICO's accrual standard. Under the facts of *Klehr*, however, the plaintiff's action was timely under either the **"discovery of injury"** or "**discovery of injury and pattern"** rules.

Superficially, the "discovery of injury and pattern" rule was revolutionary because it tied accrual to something other than a plaintiff's discovery of injury. In their practical applications, however, equitable tolling principles largely eviscerated any material distinction between the "discovery of injury" and "discovery of injury and pattern" rules. As the Supreme Court noted in *Rotella:*

*In rejecting pattern discovery as a rule, we do not unsettle the understanding that federal statutes of limitations are generally subject to equitable principles of tolling [citation omitted], and where a pattern remains obscure in the face of a plaintiff's diligence in seeking to identify it, equitable tolling may be one answer to the plaintiff's difficulty. . . . [Citation omitted.] The virtue of relying on equitable tolling lies in the very nature of such tolling as the exception, not the rule.*

The Plaintiff states that the tolling doctrine of ***fraudulent concealment*** combined with the **"discovery of injury"** rule essentially reaches the same result as the ***"discovery of injury and pattern" rule***. Under fraudulent concealment, the running of the statute of limitations is tolled when a defendant engages in some misleading, deceptive or otherwise contrived action or scheme, in the course of committing the wrong, that is designed to mask the existence of a cause of action. ***Riddell v. Riddell Washington Corp., 866 F.2d 1480, 1491 (D.C. Cir. 1989).***

**Exceptions to Limitations in FTCA cases**: The Supreme Court has ruled to allow statute of limitations extensions in FTCA cases. The Supreme Court of the United States recently decided ***Wong v. United States*** and ***June v. United States.*** Both cases dealt with the issue of equitable tolling of the statute of limitations. In the opinion, the Court relied on ***Irvin v. Dep't of Veterans Affairs***, *(89-5867), 498 U.S. 89 (1990)* which held that time bars in suits between private parties are non-jurisdictional and presumptively subject to equitable tolling. This is a rebuttable presumption: Congress, if it chooses, may decide to create a jurisdictional time bar. But the Government must clear a "high bar" to show that a time bar is non-jurisdictional. The Court, in analysing the FTCA, found there was no clear language or legislative history to suggest that Congress intended the section 2401(b) to function as a limit on the Court's jurisdiction.

***Tolling of Limitations:*** The applicable limitations period may be equitably tolled in appropriate circumstances. See Rotella v. Pederson, 144 F.3d 892, 897 (5th Cir. 1998). The federal court may disregard the state tolling rule only if it is inconsistent with federal policy." ***See FDIC v. Dawson, 4 F.3d 1303, 1309 (5th Cir. 1993) (citations omitted).*** Equitable tolling preserves a plaintiff's

claims where strict application of the statute of limitations would be inequitable. ***Lambert v. United States, 44 F.3d 296, 298 (5th Cir. 19956).*** However, federal law requires that litigants diligently pursue their actions before equitable tolling becomes available. ***See Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999); Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir. 1989)***

Plaintiffs' argue with respect to timeliness, is that even if the applicable statute of limitations would otherwise bar their claims the court should apply certain equitable tolling principles, including fraudulent concealment and the discovery rule, to forestall the expiration of the limitations period. When a federal cause of action borrows a state statute of limitations, "coordinate tolling rules" are usually borrowed as well. ***Hardin v. Straub, 490 U.S. 536, 539 (1989) (quoting Bd. of Regents of the Univ. of N.Y. v. Tomanio, 446 U.S. 478, 484 (1980)).*** We have accordingly recognized that state equitable tolling principles control in § 1983 cases. ***Rotella v. Pederson, 144 F.3d 892, 897 (5th Cir. 1998).*** This includes tolling based on fraudulent concealment and the "discovery rule." See id. at 896–97.

Plaintiff asserts that the Movant defendant in the Plaintiff's Complaint have conspired, instigated, collaborated, intertwined, compelled, coerced, encouraged, fraudulently concealed and wilfully participated along with all the other defendants and state involved Defendants in this case and have acted against the Plaintiff hence they are primarily liable and there is clear Limitation Periods for all the violations claims and the Movant Defendants defense fails. The standard limitation period of two years, four years and five years does not apply to the case of the Plaintiff, since many of the cause of actions of the Plaintiff against the Movant Defendant individually and along with other defendants have ***accrued, continued and been discovered*** by the Plaintiff at a later point of time, ***enabling the tolling of limitations as pointed above.*** Plaintiff states that there are several discoverable facts from the defendants pertaining to the above and would be able to substantiate and prove their involvement in the course of proceedings leading to trail stage. Hence Movant

defendant's argument of timed barred claims fails for the above reasons and such baseless

arguments are not to be determined in a Section 12 (b) 6 motion to dismiss at this initial stage.


## IV.    CONCLUSION


WHEREFORE PREMISES CONSIDERED Plaintiff respectfully requests the Court to deny the

Objections of this Movant Defendant on it's desperate and feeble Motion to Dismiss AND to

grant such other relief to which Plaintiff is entitled with prejudice and costs.


05/11/2023

_____
Zia Shaikh / Plaintiff

**EXHIBIT A**

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | |
| | ) | |
| **COUNTY OF** <u>BEAUFORT</u> | ) | **IN THE COURT OF COMMON PLEAS** |
| | ) | |
| | ) | |
| <u>ZIA H. SHAIKH</u> | ) | **CIVIL ACTION COVERSHEET** |
| **Plaintiff(s)** | ) | |
| | ) | <u>2018</u>-CP- <u>07</u> - <u>687</u> |
| **vs.** | ) | |
| | ) | |
| <u>JOHN DOE</u> | ) | |
| | ) | |
| **Defendant(s)** | ) | |

| | |
|---|---|
| **Submitted By:** <u>ZIA H.SHAIKH</u> | **SC Bar #:** _____ |
| **Address:** <u>4400 RT 9 SUITE 1000</u> | **Telephone #:** <u>(732)766-5466</u> |
| <u>FREEHOLD, NJ 07728</u> | **Fax #:** <u>(732)200-1071</u> |
| | **Other:** _____ |
| | **E-mail:** <u>ZIA@MYARPP.COM</u> |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing cases that are NOT E-Filed. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint. **This form is NOT required to be filed in E-Filed Cases.**

## DOCKETING INFORMATION *(Check all that apply)*
***If Action is Judgment/Settlement do not complete**

X   **JURY TRIAL** demanded in complaint.    ☐ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☐ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☐ Fraud/Bad Faith (150) | 20___-NI-___-___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) ___ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | X Slander/Libel (380) | ☐ Other (499) ___ |
| ☐ Employment (180) | | ☐ Other (399) ___ | |
| ☐ Other (199) ___ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) ___ | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) ___ | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | ☐ Confession of Judgment (770) | ☐ Public Service Comm. (990) |
| Special/Complex /Other | | ☐ Petition for Workers Compensation Settlement Approval (780) | ☐ Employment Security Comm (991) |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | ☐ Incapacitated Adult Settlement (790) | ☐ Other (999) ___ |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | | |
| ☐ Other (699) ___ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | ☐ Other (799) ___ | |
| ☐ Permanent Restraining Order (680) | | | |
| ☐ Interpleader (690) | | | |

**Submitting Party Signature:** _____    **Date:** <u>03/21/2018</u>

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**     **You must comply with the Supreme Court Rules regarding ADR.**
                    **Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA,     )

COUNTY OF    BEUFORT      )

                       )

ZIA H. SHAIKH           )

                Plaintiff,  )

                       )

vs.                    )

                       )

JOHN DOE             )

                Defendant.  )

IN THE COURT OF COMMON PLEAS

SUMMONS

FILE NO.

TO THE DEFENDANT ABOVE-NAMED:

    YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

BEAUFORT, South Carolina

Dated: March 21, 2018

                                _____

                                   Plaintiff/Attorney for Plaintiff

           Address:      4400 RT 9 SUITE 1000
                          FREEHOLD, NJ 07228
                          732-766-5466

SCCA 401 (5/02)

STATE OF SOUTH CAROLINA,  )
            )  IN THE COURT OF COMMON PLEAS
COUNTY OF  BEUFORT  )
            )
ZIA H. SHAIKH      )
       Plaintiff, )    SUMMONS
            )
vs.           )   FILE NO.
            )
JOHN DOE       )
       Defendant. )

TO THE DEFENDANT ABOVE-NAMED:

  YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

BEAUFORT, South Carolina

Dated: March 21, 2018

             _____
             Plaintiff/Attorney for Plaintiff

      Address:  4400 RT 9 SUITE 1000
           FREEHOLD, NJ 07228
           732-766-5466

SCCA 401 (5/02)

STATE OF SOUTH CAROLINA,              )

COUNTY OF    BEUFORT                   )          IN THE COURT OF COMMON PLEAS
                                      )
ZIA H. SHAIKH                         )
                          Plaintiff,  )              SUMMONS
                                      )
vs.                                   )            FILE NO.
                                      )
JOHN DOE                              )
                         Defendant.   )

TO THE DEFENDANT ABOVE-NAMED:

      YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

BEAUFORT, South Carolina

Dated: March 21, 2018

                                 Plaintiff/Attorney for Plaintiff

            Address:    4400 RT 9 SUITE 1000
                         FREEHOLD, NJ 07228
                         732-766-5466

SCCA 401 (5/02)

STATE OF SOUTH CAROLINA
COUNTY OF BEAUFORT
CLERK OF COURT
P.O. DRAWER 1128
BEAUFORT, SC 29902

IN THE COURT OF COMMON PLEAS
CIVIL ACTION NO. _____

ZIA H. SHAIKH,
    Plaintff,

v.

JOHN DOE,
    Defendant.

**COMPLAINT**

JURY TRIAL DEMANDED

**COMES NOW** Plaintiff, Zia H. Shaikh, pro se, and files this Complaint for Personal Injury

and Damages in the above entitled cause of action and respectfully show this Honorable Court the

following:

## PARTIES, JURISDICTION, AND VENUE

### 1.

Plaintiff is and at all times mentioned was a resident of New Jersey.

### 2.

Defendant John Doe is a fictitious name of an individual and will be considered embraced

within the word Defendant. The true identity of John Doe is not known at this time. If and when

his true identity becomes known, this Complaint will be amended to included proper name.

### 3.

Plaintiff is informed and believes, and on the basis that information and belief alleged, that

at all times mentioned in this Complaint, Defendant Doe was a resident of Bluffton, Beaufort

County, South Carolina.

4.

This Court has subject matter jurisdiction over the claims asserted herein and personal jurisdiction over Defendant Doe

5.

Jurisdiction is proper in the State of South Carolina for Defendant Doe as he is a resident of the State of South Carolina.

6.

Venue is proper in Beaufort County, South Carolina as the cause of action originated in Beaufort County, South Carolina.

## **GENERAL ALLEGATIONS**

7.

On October 6, 2015, Defendant maliciously published on an American multinational corporation's published crowd-sourcing website the following matter about Plaintiff, attached hereto as **Exhibit "A"** and incorporated by reference:

> *Well, Zia H. Shaikh made a great pitch on his ability to SHELTER my income, burying it amongst a series of "trusts" and other financial                                                vehicles.*
>
> *First, I found out that the insurance companies he using are second rate and paying him huge commissions on my 7 figure investments.*
>
> *Also, his "office" which is listed above is a sham, rent a space as needed. Receptionist answers phones for all co's.*

*Next, I learn that my accountant says these are incredibly "shady" type of tax dodges and I should check with the IRS Tax compliance departments.*

*I did just that. And guess what. These are NOT tax compliant, they are actually tax evasion and a crime it seems. I spoke recently to the IRS Criminal Investigation Division in New Jersey, and they were not only interested, but I found out they are already ..in their words.."knee deep into an investigation of Mr. Shaikh and an associates they called "Chris", whom I believe works for him.*

*I did some more research and found that he is also a deadbeat dad, and Ocean County Family Court records show that he is claiming poverty and not paying his wife child support. That speaks volumes about his integrity in my humble opinion.*

*Based on the above, I have ceased my communications with Mr. Shaikh, and if he has approached you, or you are doing business with him, I STRONGLY advise you contact the Criminal Investigation Division of the IRS in Freehold, NJ or Newark, NJ. to protect yourself or report your contact with him. 732-761-3381 is IRS number.*

8.

Fleming v. Rose, 567 S.E.2d 857, 350 S.C. 488, the South Carolina Supreme Court held that to prove defamation the Plaintiff must show a false and defamatory statements was made, that was unprivileged ad published to a third person, fault, and either the statement was actionable irrespective of harm of the publication of the statement caused special harm.

9.

Defendant defamed Plaintiff. Plaintiff shows the following:

a.  Defendant's statement adversely affected Plaintiff's reputation;

b.  Defendant's statement attacked Plaintiff's honesty, integrity, virtue, sanity, and other character traits;

c.  Defendant's statement is of or concerning Plaintiff;

d.  Defendant's statement was published to a third person, YELP;

e.  Defendant's statement is open for nationwide view and ridicule;

f.  Defendant's statement caused the harm of Plaintiff's reputation; and

g.  Defendant's statement is a false statement.

## COUNT I – LIBEL AND SLANDER
### (Statements Imputing Criminal Behavior)

10.

Plaintiff incorporates the allegations contained in paragraphs one (1) through nine (9) by reference, as if fully set forth herein.


11.

Pursuant to South Carolina Code 16-7-150, any person who shall with malicious intent originate utter, circulate or publish any false statement or matter concerning another the effect of which shall tend injure such person in his character or reputation shall be found guilty of libel and slander.


12.

Defendant, with malicious intent and intent to injure Plaintiff, published an untrue, false, and defamatory statement.


13.

The above statement published and circulated by Defendant, of and concerning Plaintiff, was purely fictional and untrue. Defendant failed to investigate the truth of the facts published concerning Plaintiff and domestic legal actions and alleged IRS investigation. There was not, at

that time and never has been, an IRS investigation of any sort against Plaintff. Defendant failed to make any reasonable inquiry and was grossly negligent in such failure to inquire into the truth of the facts so published concerning plaintiff od said subjects. The falsity of the above-described statement would have been disclosed to Defendant had Defendant made any proper or reasonable inquiry concerning the facts published.

14.

The offense of attempt to evade or defeat tax and/or the conspiracy of such, which Plaintiff was falsely asserted to have committed in the State of New Jersey, is a felony under the United States Code Section 7201, and is punishable by a fine of no more than $100,00.00 ($500,000.00 in the case of a corporation), or imprisonment for not more than 5 years, or both, together with the costs of prosecution.

## COUNT II – LIBEL AND SLANDER
**(False Charge – Plaintiff's Character)**

15.

Plaintiff incorporates the allegations contained in paragraphs one (1) through fourteen (14) by reference, as if fully set forth herein.

16.

Plaintiff, before and at the time of Defendant's defamation, possessed a good name and character among neighbors and acquaintances for moral worth and integrity, and was never suspected of the crime of attempt to evade or defeat tax and/or the conspiracy of such or of any other crime.

17.

The above statement was published and circulated by Defendant with such reckless disregard and carelessness as to its truth or falsity as to indicate an utter disregard of the rights of Plaintiff; and the consequences of Defendant's actions maliciously, negligently, and inexcusably exposed Plaintiff to public contempt, and ridicule, and impeached Plaintiff's honesty, integrity, virtue, and reputation as a person and as a member of Plaintiff's profession, and as a direct result of Defendant's acts, caused Plaintiff substantial and great injury and damage including, but not limited to, Plaintiff's financial business to go out of business.

18.

The above statement was published by Defendant with malice, in that Defendant knew of the falsity of the statements at the time of publication, or published such statements with reckless disregard as to the truth or falsity of the statements.

## COUNT III – PERSONAL INJURY AND DAMAGES

19.

Plaintiff incorporates the allegations contained in paragraphs one (1) through eighteen (18) by reference, as if fully set forth herein.

20.

As a direct and proximate result of the defamatory communication by defendant, Plaintiff has been injured in Plaintiff's good name, reputation, and credit as a financial advisor. Such defamation will cast a strong stigma on Plaintiff's professional standing and will greatly deter the obtaining of clients for his practice in the future, all to Plaintiff's damage.

21.

At the time of the printing, publication, and circulation of the defamatory statements by Defendant, Plaintiff was earning the sum of $140,000.00 a year.

22.

As a direct and proximate result of the acts of defendant under this complaint, Plaintiff lost his company, and Plaintiff's future prospects of clients were materially affected and permanently lessened and decreased.

23.

Plaintiff was, at the time of the publication and circulation of the defamatory statements by Defendant, Plaintiff had been in business for twenty-two (22) years and had an expectancy of retaining such position and advancing in the years for at least an additional ten (10) years but for the defamatory, untrue, and libelous publications negligently and inexcusably made by defendant.

24.

As a direct and proximate result of the publication of the false and defamatory statement, as alleged above, Plaintiff was greatly injured in his reputation and credit, and has suffered great loss of custom in his business. Plaintiff has been deprived of substantial gains and profits, which otherwise he would have made.

25.

As a direct and proximate result of the defamation specified in this complaint, financial and institutions, prior to such publication, had extended credit to Plaintiff, but subsequently refused to extend any credit to Plaintiff and declined to enter into any business engagement with Plaintiff, which it otherwise would have done.

**WHEREFORE**, Plaintiff respectfully request trial by jury of twelve (12) before this Honorable Court and that this Court enter judgment for Plaintiff for the following relief:

a. That Defendant be found liable for slander and liber;

b. That Defendant retract and remove statement from Yelp;

c. That Defendant give Plaintiff a public apology on the Yelp platform;

d. That judgment be entered against Defendant in an amount sufficient to compensate for expenses incurred by Plaintiff, which at the time of filing this Complaint are $500.00;

e.  That judgement be entered against Defendant in an amount sufficient to compensate
for Plaintiff's lost wages and income since filing of this frivolous review, which at the
time of filing this complaint are $420,000.00;

f.  That judgement be entered against Defendant in an amount sufficient to compensate
for Plaintiff's need to restore personal and business credit and reputation to himself and
his business in the amount of $30,000.00;

g.  That Plaintiff be awarded an amount for general damages to be proven at trial for said
slander and libel;

h.  That Plaintiff be awarded an amount for punitive damages to be proven at trial for said
slander and libel; and

i.  That Plaintiff be awarded an amount for recovery of expenses of litigation, penalties,
and fees because of Defendant's conduct;

j.  That Plaintiff be awarded any and all additional relief that this Honorable Court deems
just, proper, and reasonable in the premises.

This 21st day of March 2018.

Respectfully submitted,

Zia H. Shaikh, pro se
4400 Rt 9, Unit 1000
Freehold, New Jersey 07728
(732) 766-5466
zia@myarpp.com

# EXHIBIT

# "A"

11/2/2016                                Shaikh Zia H - 5 Lons Ln, Jackson, NJ - Phone Number - Yelp



# Shaikh Zia H  • Unclaimed

★☆☆☆☆  1 review    Details

Add

5 Lons Ln
Jackson, NJ 08527
Get Directions
(732) 363-7228

Ad
RIA Agent E&O Insurance
We Offer Low Competitive Rates. $1,797/yr. With Monthly Options Available.
eoforless.com

## Recommended Reviews for Shaikh Zia H

Your trust is our top concern, so businesses can't pay to alter or remove their reviews. Learn more.   ✕

Search within the reviews          Sort by Yelp Sort ▾    Language English (1) ▾

**Zia S.**
Freehold, NJ
0 friends
0 reviews

☆☆☆☆☆

With so few reviews, your opinion of **Shaikh Zia H** could
be huge. Start your review today.

**Jack M.**
Bluffton, SC
0 friends
20 reviews

★☆☆☆☆  10/6/2015

First to Review

Well, Zia Shaikh made a great pitch on his ability to
SHELTER my income, burying it amongst a series of
"trusts" and other financial vehicles.

First, I found out that the insurance companies he using
are second rate and paying him huge commissions on my
7 figure investments.

Also, his "office" which is listed above is a sham, rent a
space as needed. Receptionist answers phones for all
co's.

Next, I learn that my accountant says these are incredibly
"shady" type of tax dodges and I should check with the
IRS Tax compliance departments.



**Edit business info**

**Work here?** Claim this business

## Hours

Jack M.
First to review

## Browse nearby

🍴 Restaurants

🍸 Nightlife

🛍 Shopping

••• Show all

## Work at Shaikh Zia H? Claim your business

• Respond to reviews and customer
  messages

• Claiming is free, and only takes a
  minute

11/2/2016                                    Shaikh Zia H - 5 Lons Ln, Jackson, NJ - Phone Number - Yelp

I did just that. And guess what. These are NOT tax compliant, they are actually tax evasion and a crime it seems. I spoke recently to the IRS Criminal Investigation Division in New Jersey, and they were not only interested, but I found out they are already ..in their words.."knee deep into an investigation of Mr. Shaikh and an associates they called "Chris", whom I believe works for him.

I did some more research and found that he is also a deadbeat dad, and Ocean County Family Court records show that he is claiming poverty and not paying his wife child support. That speaks volumes about his integrity in my humble opinion.

Based on the above, I have ceased my communications with Mr. Shaikh, and if he has approached you, or you are doing business with him, I STRONGLY advise you contact the Criminal Investigation Division of the IRS in Freehold, NJ or Newark, NJ. to protect yourself or report your contact with him. 732-761-3381 is IRS number.

Page 1 of 1

**About**

About Yelp
Order Food on Eat24
Careers
Press
Investor Relations
Content Guidelines
Terms of Service
Privacy Policy
Ad Choices

**Discover**

The Local Yelp
Yelp Blog
Support
Yelp Mobile
Developers
RSS

**Yelp for Business Owners**

Claim your Business Page
Advertise on Yelp
Online Ordering from Eat24
Yelp Reservations
Business Success Stories
Business Support
Yelp Blog for Business Owners

**Languages**

English ▾

**Countries**

United States ▾

Copyright © 2004–2016 Yelp Inc. Yelp, yelp, and related marks are registered trademarks of Yelp.

# Beaufort County Common Pleas
### Clerk : Jerri Ann Roseneau
### PO Box 1128
### Beaufort, SC 299011128
### Phone:(843) 255-5050  Fax:(843) 255-9412

| | | |
|---|---|---|
| Received From: | Shaikh, Zia H | Date: 3/30/2018 |
| | 4400Rt 9 Suite 1000 | Receipt #: 134234 |
| | Freehold, NJ 07728 | Clerk: c07mkilby |
| Paying for: | Self | |
| Transaction Type: | Payment | Reference #: 17-747705581 |
| Payment Type: | Money Order $150.00 | Comment: |
| Total Paid: | $150.00 | Non-Refundable |

Total Received: $150.00
Change Due: $0.00

You may check the status of your Beaufort case at:
http://www.sccourts.org/caseSearch/

| Case # | Caption | Previous Balance | Amount Paid | Balance Due |
|---|---|---|---|---|
| 2018CP0700687 | Zia H Shaikh  VS Joe  Doe | $150.00 | $150.00 | $0.00 |



| | | | | |
|---|---|---|---|---|
| Total Cases: | 1 | $150.00 | $150.00 | $0.00 |

**EXHIBIT B**

**Print**  |  **Close Window**

**Subject:** **You have a new message**
**From:** **Yelp <no-reply@yelp.com>**
**Date:** **Mon, Dec 11, 2017 2:05 pm**
**To:** **"Zia S." <ZIA@MYARPP.COM>**





**Hi Zia, Jack M. sent you a message on Yelp!**



## Jack M.

Bluffton, SC

 0 friends    21 reviews    0 photos

**Subject:** RE: Dear Jack -- have not heard from you.

"Nobody likes a liar and swindler Zia!

Heard most of your licenses you obtained under false pretenses have been revoked! Wow....wonder who told them??

I did not ruin your good name, because you have no good name. Everyone knows what you are really and such a swindler!!

No fake reviews here sir. You are simply put, a total piece of human garbage, and everyone knows it. Especially here in the Father's group.

Not taking care of your own children....what human waste.

Enjoy your worthless life knowing your children and exwife and others that do know you, despise you."

Reply to Message

No longer wish to receive this email from Yelp? Unsubscribe. If you need to adjust how much email you get, feel free to update your settings.
Copyright © 2017 Yelp Inc., 140 New Montgomery, San Francisco, CA 94105, U.S.A.



Copyright © 2003-2018. All rights reserved.

Shaikh Zia H - CLOSED - 2 Reviews - Jackson, NJ - Phone Number - Yelp



Find barber, spa, nail salon        Near nj

Restaurants        Nightlife        Home Services        Write a Review        Events        Talk

🚫 **Yelpers report this location has closed.** Find a similar spot.

# Shaikh Zia H

⭐ 1 review    | Details |

| ✏ Add |



Map data ©2017 Google

📍 5 Lons Ln    ✏ Edit
   Jackson, NJ 08527
◈ Get Directions
📞 (732) 363-7228
📱 Send to your Phone

## Recommended Reviews for Shaikh Zia H

🌸 **Your trust is our top concern,** so businesses can't pay to alter or remove their reviews. Learn more.    ✕

| Search within the reviews |    Sort by Yelp Sort ▾    Language English (1) ▾

**Zia S.**
Freehold, NJ
👥 0 friends
🔲 1 review



With so few reviews, your opinion of **Shaikh Zia H** could be huge. Start your review today.

**Zia S.**
Freehold, NJ
👥 0 friends
🔲 1 review

✏ **Edit business info**



### Hours

1️⃣ Jack M.
First to review

### Browse nearby

🍴 Restaurants
🍸 Nightlife
🛍 Shopping
••• Show all

Case 3:22-cv-02053-GC-RLS   Document 264   Filed 05/15/23   Page 52 of 57 PageID: 7413

 ★★★★★   6/15/2017

Zia Shaikh is a self made first generation immigrant. Due to his dedication and commitment in achieving the American dream he has obtained dozens of Investment and Insurance licenses, Tax certifications etc to bring exponential value to his clients and to be the best he can be in the financial services industry.

In 22 years of being in this business, he has built an excellent reputation with the investing public and has won several FIVE STAR advisor awards in NJ.

His firm provides Investment, Tax, Insurance, Estate and Business planning services to Families and Businesses worth $2 Mil to $500 Mil.

He can be contacted at his office in Freehold, NJ at 732-363-7228 x 101

*** "JACK M" has posted a FALSE REVIEW ABOUT ME, I HAVE NEVER MET HIM AND HAVE NEVER DONE BUSINESS IN SOUTH CAROLINE AS MY COMPANY IS NOT LICENSED TO DO BUSINESS THERE.

My divorce finalized in December 2016 and I believe this false and malicious review was posted by a family member of my ex-wife LAURA's best friend KENNETH AND MELISSA REEVES, who reside in South Carolina. I am now in the process of preparing several law suits to have this malicious review removed from this site and seek monetary damages. Upon my winning these damages I intend to post all details on YELP and other publications promptly, so please standby.

You will find that over the past 22 years I have built an A+ reputation for myself and my company and I am held in high regards by various industry experts and organizations including the BBB and the National Ethics Bureau. I will defend my good name at all costs.

Please pray to help people like "Jack M." realize that by maliciously posting reviews against good people like myself is not only bad business but immoral and has grave legal consequences.

 **Jack M.**
Bluffton, SC
👥 **0** friends
⊞ **20** reviews



★☆☆☆☆ 10/6/2015

First to Review

Well, Zia Shaikh made a great pitch on his ability to SHELTER my income, burying it amongst a series of "trusts" and other financial vehicles.

First, I found out that the insurance companies he using are second rate and paying him huge commissions on my 7 figure investments.

Also, his "office" which is listed above is a sham, rent a space as needed. Receptionist answers phones for all co's.

Next, I learn that my accountant says these are incredibly "shady" type of tax dodges and I should check with the IRS Tax compliance departments.

I did just that. And guess what. These are NOT tax compliant, they are actually tax evasion and a crime it seems. I spoke recently to the IRS Criminal Investigation Division in New Jersey, and they were not only interested, but I found out they are already ..in their words.."knee deep into an investigation of Mr. Shaikh and an associates they called "Chris", whom I believe works for him.

I did some more research and found that he is also a deadbeat dad, and Ocean County Family Court records show that he is claiming poverty and not paying his wife child support. That speaks volumes about his integrity in my humble opinion.

Based on the above, I have ceased my communications with Mr. Shaikh, and if he has approached you, or you are doing business with him, I STRONGLY advise you contact the Criminal Investigation Division of the IRS in Freehold, NJ or Newark, NJ. to protect yourself or report your contact with him. 732-761-3381 is IRS number.

Page 1 of 1

## About

About Yelp
Order Food on Eat24
Careers
Press
Investor Relations
Content Guidelines
Terms of Service
Privacy Policy
Ad Choices

## Discover

The Local Yelp
Yelp Blog
Support
Yelp Mobile
Developers
RSS

## Yelp for Business Owners

Claim your Business Page
Advertise on Yelp
Online Ordering from Eat24
Yelp Reservations
Business Success Stories
Business Support
Yelp Blog for Business Owners

## Languages

English ▾

## Countries

United States ▾

Copyright © 2004–2017 Yelp Inc. Yelp, yelp🍷, 🍷 and related marks are registered trademarks of Yelp.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ZIA SHAIKH, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:22-cv-02053-GC-RLS |
| | ) | |
| v. | ) | |
| LAURA L. GERMADNIG et al, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

I, Zia Shaikh, certify as follows that on May 11,2023:

I served a copy of the attached PLA' OPPOSITION AND RESPONSE TO YELP INC et al, FOR MOTION TO DISMISS AND BRIEF IN SUPPORT with supporting papers upon Federal district court for the Eastern District of New Jersey, Trenton division via USPS mail. I served the copy of same on each of the fifty six defendants to their below listed addresses via USPS regular mail or via PACER when available as follows:

1.  Defendant Sandra Seaman 315 Elberon Ave Allenhurst, NJ 07711
2.  Defendant Robert I. Mckee 99 Steiner Ave Unit 22, Neptune, NJ 07753
3.  Defendant Carol L. Mckee – same address
4.  Defendant Laura Germadnig --- 172 Roosevelt Ave Howell, NJ 07731
5.  Defendant Siegfried Germadnig --same address
6.  Defendant Patricia Germadnig -- same address

7. Defendant Mark Germadnig – same address

8. Defendant Stacy Germadnig – same address

9. Defendant Siegfried Germadnig Jr – same address

10. Defendant Barus Germadnig – same address

11. Defendant Skyler Germadnig – same address

12. Defendant Candy Mckee – same address

13. Defendant David Tarnowski  42 E. 4th St, Howell, New Jersey 07731.

14. Defendant Nicole Tarnowski – same address

15. Defendant Christine Gilfillen 19 Rustic Ln Howell, NJ 07731

16. Defendant Daniel Schastny 174 Windeler Rd Howell, NJ 07731

17. Defendant Kathleen Schastny – same address

18. Defendant Bradley Mckee 14 Lexington Rd Howell, NJ 07731

19. Defendant Rene Mckee – same address

20. Defendant Melissa Reeves 39 Dawn Cypress Lane, Jackson, New Jersey 08527,

21. Defendant Kenneth Reeves – same address

22. Defendant Stanley O' Brian 450 Cook Rd Jackson, NJ 08527

23. Defendant Lori O' Brian – same address

24. Defendant Camille Eluzzi at --   Jackson POLICE Dept.  102 Jackson Dr Jackson, NJ
    08527

25. Defendant Cathleen J. Coneeny, Esq., 3215 Danskin Road, Wall, New Jersey 07719

26. Defendant Legal Malpractice Insurance Carrier for Cathleen

27. Defendant August J. Landi Esq -- 1806 Highway 35 Ste 207, Oakhurst, NJ 07755

28. David Schlendorf Esq at 9 Grand Ave Tomsriver, NJ 08753

29. Defendant Nada Pityinger   482 Jamaica Blvd Tomsriver, NJ 08755

30. Defendant Brett Pityinger – same address

31. Defendant Stephanie J. Brown Esq -- 16 Poor Farm Rd Pennington, NJ 08534

32. Defendant John R.Wiley CPA, ABV,CGMA   at 220 Leigh Farm Rd Durham, NC
    27707-8110

33. Defendant AICPA-CIMA (Association of International Certified Public Accountants)
    at 220 Leigh Farm Rd Durham, NC 27707-8110.

34. Kevin B. Riordan Esq, Atty's for Defendants Louis and Janis Elwell 20 Hadley Ave
    Toms River, NJ 08753 via PACER at kriordan@kbrlawfirm.com

35. Jeffrey Schreiber Esq., Atty's for Defendants Slava Kleyman and Nancy Cavanaugh 4 Auer Ct, Suite E&F East Brunswick, NJ 08816- via PACER at JS@msf-law.com

36. David J. Montag, Esq. *Atty's for Defendant Margie McMahon ESQ* 75 Livingston Avenue Suite 103 Roseland, New Jersey 07068  at dmontag@milbermakris.com via PACER.

37. MARKS, O'NEILL, O'BRIEN,DOHERTY & KELLY, P.C. c/o Melissa J. Brown, Esq', Atty for Defendants, Seth Arkush and Integrated Care Concepts, LLC,  535 RT 38 East Ste 501 Cherryhill, NJ 08002 via PACER to mbrown@moodklaw.com and via PACER.

38. ROTHSTEIN, MANDELL,STROHM,HALM & CIPRIANI P.A. Atty's for Defendants Jackson Township Police Chief Matthew Kunz & Defendant Jackson Township Police Officer Christopher Parise at 98 East Water Street, Tomsriver, NJ 08753 via PACER to mnagurka@rmshc.law and via PACER.

39. POSTERNOCK APELL, PC c/o Diana R. Sever, Esq', Atty's for Geoffrey Brignola, Principal of Jackson Liberty High School; Debra Phillips, Principal of Christa McAuliffe Middle School, and Adrien Jean-Denis, Principal of Crawford Rodriguez Elementary School at 400 North Church Street, Suite 250 Moorestown, New Jersey 08057 via PACER to danp@posternockapell.com, dsever@posternockapell.com and via PACER.

40. WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP c/o Michael P. Chipko, Esq. Atty's for Defendants, Steven A. Zabarsky, Esq., Kimberly Zabarsky, and the Law Firm of Citta, Holzapfel & Zabarsky at 200 Campus Dr. Florham Park, New Jersey 07932-0668 via PACER to michael.chipko@wilsonelser.com and via PACER

41. MARGOLIS EDELSTEIN Paul A. Carbon, Esq., c/o & Kyle L. Wu, Esq., Atty's for Cowan Gunteski & Co P.A. and Joseph Gunteski CPA at 400 Connell Drive  Ste 5400 Berkeley Heights, NJ 07922-2775 via PACER

42. MATTHEW J. PLATKIN ACTING ATTORNEY GENERAL OF NEW JERSEY, Atty for Defendants, Bradley Billhimer and John Foti Jr. at R.J. Hughes Justice Complex PO Box 116 Trenton, New Jersey 08625 via PACER

43. MATTHEW J. PLATKIN, BARKHA PATEL, ACTING ATTORNEY GENERAL OF NEW JERSEY , Attorney for Defendants Madelin F. Einbinder, P.J.F.P., Marlene

Lynch-Ford, A.J.S.C., John M. Doran, J.S.C., Deborah S. Hanlon-Schron, J.S.C., and Francis A. Hodgson, P.J.Ch.at 25 Market Street Trenton, NJ 08625 via PACER

44. Defendant "Jack M" to YELP INC Yelp Inc c/o Michael J. Tricarico Esq, Attorney for Defendant YELP INC at 120 Mountain View Boulevard Basking Ridge, NJ 07920 Michael.Tricario@kennedyslaw.com via PACER

45. Michael J. Tricarico Esq, Attorney for Defendant YELP INC at 120 Mountain View Boulevard Basking Ridge, NJ 07920 Michael.Tricario@kennedyslaw.com via PACER

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Dated:  May 11, 2023        _____

                                           Zia Shaikh

                                           Plaintiff