**Zia Shaikh**
**200 Village Ctr Dr, Unit 7381**
**Freehold, NJ 07728**
**732-766-5466**
**Zia@MyArpp.com**

June 12, 2023

**Via ECF Electronic Filing**
**Chief Judge Renee Marie Bumb**
Mitchell H. Cohen Building
& U.S. Courthouse
4th & Cooper Streets
Camden, NJ 08101

**Via ECF Electronic Filing**
**Hon.Robert Kirsch U.S.D.J.**
**Hon. Brendan Day  U.S.M.J.**
William T. Walsh, Clerk of Court
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
609-989-2065

Re:        **ZIA SHAIKH v. LAURA L. GERMADNIG  et al.**
           **Civil Action No. 3:22-cv-02053**


### REQUEST TO ADJUDICATE EMERGENT MOTION FOR PRELIMINARY INJUNCTION AND ALLOW DISCOVERY TO CONTINUE IN THE INTEREST OF JUSTICE

Hon. Judges Bumb and Kirsch;

I immediately require your assistance in obtaining EQUAL PROTECTION OF THE LAW, as the presiding judges have weaponized their authority as public servants by not honoring my constitutionally protected rights.

**It is becoming abundantly evident to me as a Pro Se Plaintiff that I am being bullied and harassed by Judges Georgette Castner and Rukhsana Singh by their various orders.**

1.  Continuous delay to adjudicate Pla' emergent motion for preliminary injunction and to vacate the illegal bench warrant order issued by Def. Judge John S. Doran J.S.C. on Nov'28,2017 that has continuously impeded my life and liberty rights guaranteed by the US constitution. **See EXHIBIT A**.

1

2.  In the order dated April 24,2023 just before reassignment of new judges on this case, I am harassed by the termination of my various motions for relief, blocking my most fundamental right to Discovery, onerous requirements to seek courts permission for any requests for relief and lastly a BLATANT THREAT of termination of my case and imposition of sanctions. **IS THIS THE US LEGAL SYSTEM?! Or that of a 3rd world dictatorship, I ask this Honorable court and of the custodians of my US constitutionally protected rights who took upon this responsibility to protect same.** See EXHIBIT B (April 24,2023 order)

I have been deprived of my most fundamental rights of life, liberty and property rights due to the Torts committed against me for the past several years by the listed defendants for which I seek justice and compensation thru our established legal system.

3.  I have been repeatedly denied FEE WAIVER to access PACER.GOV.  Due to the abuse of power and malicious behavior by the defendants my financial ability to afford the PACER fees has been eliminated, notwithstanding the various previously issued fee waiver orders by this same court by other judges. Currently my online access is blocked that is preventing my ability to properly access updates on my case.

It is my sincerest hope that the VOID orders and weaponization of our US Federal district court by these malicious judges will be noticed by the leadership of our courts.

These unfathomable actions by the former presiding judges will be sua sponte vacated so I may live my life without fear of illegal incarceration in our great state of New Jersey and enjoy the benefits offered to every US citizen under your tutelage to enforce my rights.

This Honorable courts immediate attention to this matter is REQUIRED!
Respectfully submitted,

Zia Shaikh / Pro Se Petitioner

**Zia Shaikh**
**200 Village Ctr Dr, Unit 7381**
**Freehold, NJ 07728**
**732-766-5466**
**Zia@MyArpp.com**

June 12, 2023

New Jersey District Court Clerk
U.S. District Court for the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608

Re:          ZIA SHAIKH v. LAURA GERMADNIG, et al.
             Civil Action No. 3:22-cv-02053-GC-RLS

## CERTIFICATION OF SERVICE

I, Zia Shaikh certify as follows:

I have mailed or noticed via PACER on this NOTICE to the Court to all respective defendants.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Zia Shaikh

Zia Shaikh / Petitioner

EXHIBIT "A"

| UNITED STATES DISTRICT COURT OF DISTRICT OF NEW JERSEY |
|---|
| **NEW JERSEY** |

| | |
|---|---|
| ZIA SHAIKH<br><br>          --- PLAINTIFF<br><br>Vs.<br><br>LAURA GERMADNIG, SIEGFRIED GERMADNIG, PATRICIA GERMADNIG, MELISSA REEVES, KENNETH REEVES, STACY GERMADNIG, SIEGFRIED GERMADNIG JR., BARUS GERMAGNIG, CRYSTAL GERMAGNIG, SKYE GERMADNIG JR., DAVID TARNOWSKI, NICOLE TARNOWSKI, SLAVA KLEYMAN, NANCY CAVANAUGH, LOUIS ELWELL, JANICE ELWELL, CHRISTINE GILFILLEN, SANDRA SEAMAN, JACK M, NADA PITYINGER, BRETT PITYINGER, DANIEL SCHASTNY, KATHLEEN SCHASTNY, BRADELY MCKEE, RENE MCKEE, ROBERT MCKEE, CAROL MCKEE, STANLEY O'BRIAN, LORI O'BRIAN, CANDY MCKEE, STEVEN A. ZABARSKY, ESQ., KIMBERLY ZABARSKY, LAW FIRM OF CITTA, HOLZAPFEL & ZABARSKY, LEGAL MALPRACTICE INSURANCE CARRIER FOR CITTA, HOLZAPFEL & ZABARSKY, CATHLEEN CHRISTIE-CONEENY, ESQ., LEGAL MALPRACTICE INSURANCE CARRIER FOR CATHLEEN CHRISTIECONEENY, ESQ., JOSEPH GUNTESKI CPA, COWAN & GUNTESKI & CO, JOHN R. RILEY JR, CPA, ABV, CGMA, AICPA (ASSOCIATION OF INTERNATIONAL CPA'S), SETH ARKUSH, INTEGRATED CARE CONCEPTS LLC, JACKSON SCHOOL DISTRICT, PRINCIPAL OF JACKSON LIBERTY HS, PRINCIPAL OF CHRISTA MCAULIFEE MIDDLE SCHOOL, PRINCIPAL OF CRAWFORD RODRIGUEZ ELEMENTARY | **CIVIL ACTION NO:**<br><br>**3:22-CV-02053-GC-RLS**<br><br>**NOTICE OF EMERGENT MOTION**<br><br>**FOR PRELIMINARY INJUNCTION TO VACATE NOVEMBER 28, 2017 BENCH  WARRANT FOR LACK OF IN PERSONAM  AND SUBJECT MATTER JURISDICTION <u>AND</u> <u>VIOLATIONS OF 18 U.S.C. §241, 242</u>** |

| SCHOOL, STEPHANIE J. BROWN, ESQ., AUGUST J. LANDI, ESQ., MARGIE MCMAHON, ESQ., DAVID SCHLENDORF, ESQ., JACKSON TWSP. POLICE CHIEF MATTHEW KUNZ, JACKSON TOWNSHIP POLICE OFFICER CHRISTOPHER PARISE, OCEAN CITY NJ PROSECUTOR BRADLEY BILHEIMER, JOHN FOTI JR, MADELINE F. EINBINDER J.S.C., MARLENE L. FORD A.J.S.C., JOHN S. DORAN, J.S.C., DEBORAH H. SCHRON J.S.C., JOHN DOES 1- 10, JOHN DOES 1-10, XYZ CORPORATIONS<br><br>--- DEFENDANTS | |
|---|---|

**PLEASE TAKE NOTICE** that on Monday, December 30, 2022 at 9:00 a.m. in the forenoon or as soon thereafter as may be heard, the undersigned Petitioner / Plaintiff, Zia Shaikh, self-represented, will Move before the Federal District court; District of New Jersey, Trenton vicinage, 402 E. State St Room 220, Trenton, New Jersey 08608 for an Order for the following:

In compliance with the FRCP rule 65(a), the preliminary injunction against Def.Marlene L. Ford A.J.S.C., John M. Doran and Judge Deborah H. Schron to:

VACATE NOVEMBER 28, 2017 BENCH  WARRANT FOR LACK OF IN PERSONAM  AND SUBJECT MATTER JURISDICTION  AND VIOLATIONS OF 18 U.S.C. §241, 242.

All NJ STATE COURTS HAVE REFUSED TO COMPLY WITH THE LAW TO VACATE SUCH ILLEGAL ORDERS and have denied recusal of these judges due to various conflicts of interest.

The interest of justice demands a fair and impartial hearing to restore public's confidence in the judiciary system.

Zia Shaikh
Pro Se Plaintiff /Petitioner                    December 30, 2022

**UNITED STATES DISTRICT COURT OF DISTRICT OF NEW JERSEY**

**NEW JERSEY**

ZIA SHAIKH

--- PLAINTIFF

Vs.

LAURA GERMADNIG, SIEGFRIED
GERMADNIG, PATRICIA GERMADNIG,
MELISSA REEVES, KENNETH REEVES,
STACY GERMADNIG, SIEGFRIED
GERMADNIG JR., BARUS GERMAGNIG,
CRYSTAL GERMAGNIG, SKYE
GERMADNIG JR., DAVID TARNOWSKI,
NICOLE TARNOWSKI, SLAVA KLEYMAN,
NANCY CAVANAUGH, LOUIS ELWELL,
JANICE ELWELL, CHRISTINE GILFILLEN,
SANDRA SEAMAN, JACK M, NADA
PITYINGER, BRETT PITYINGER, DANIEL
SCHASTNY, KATHLEEN SCHASTNY,
BRADELY MCKEE, RENE MCKEE,
ROBERT MCKEE, CAROL MCKEE,
STANLEY O'BRIAN, LORI O'BRIAN,
CANDY MCKEE, STEVEN A. ZABARSKY,
ESQ., KIMBERLY ZABARSKY, LAW FIRM
OF CITTA, HOLZAPFEL & ZABARSKY,
LEGAL MALPRACTICE INSURANCE
CARRIER FOR CITTA, HOLZAPFEL &
ZABARSKY, CATHLEEN CHRISTIE-
CONEENY, ESQ., LEGAL MALPRACTICE
INSURANCE CARRIER FOR CATHLEEN
CHRISTIECONEENY, ESQ., JOSEPH
GUNTESKI CPA, COWAN & GUNTESKI &
CO, JOHN R. RILEY JR, CPA, ABV, CGMA,
AICPA (ASSOCIATION OF
INTERNATIONAL CPA'S), SETH ARKUSH,
INTEGRATED CARE CONCEPTS LLC,
JACKSON SCHOOL DISTRICT, PRINCIPAL
OF JACKSON LIBERTY HS, PRINCIPAL OF
CHRISTA MCAULIFEE MIDDLE SCHOOL,
PRINCIPAL OF CRAWFORD RODRIGUEZ
ELEMENTARY SCHOOL, STEPHANIE J.

CIVIL ACTION NO:

3:22-CV-02053-GC-RLS

NOTICE OF EMERGENT MOTION

FOR PRELIMINARY INJUNCTION
TO VACATE NOVEMBER 28, 2017
BENCH  WARRANT FOR LACK OF
IN PERSONAM  AND SUBJECT
MATTER JURISDICTION <u>AND
VIOLATIONS OF 18 U.S.C. §241, 242</u>

| | |
|---|---|
| BROWN, ESQ., AUGUST J. LANDI, ESQ., MARGIE MCMAHON, ESQ., DAVID SCHLENDORF, ESQ., JACKSON TWSP. POLICE CHIEF MATTHEW KUNZ, JACKSON TOWNSHIP POLICE OFFICER CHRISTOPHER PARISE, OCEAN CITY NJ PROSECUTOR BRADLEY BILHEIMER, JOHN FOTI JR, MADELINE F. EINBINDER J.S.C., MARLENE L. FORD A.J.S.C., JOHN S. DORAN, J.S.C., DEBORAH H. SCHRON J.S.C., JOHN DOES 1- 10, JOHN DOES 1-10, XYZ CORPORATIONS<br><br>--- DEFENDANTS | |

## MEMORANDUM OF LAW IN SUPPORT OF
## EMERGENT MOTION FOR PRELIMINARY INJUNCTION

### <u>NOTICE TO THE COURT</u>

1. This notice to the court is brought by a man, an American Citizen, a victim of a void judgment and though he has no legal training or education, the Supreme Court has held that "pro se" pleadings and paperwork are not to be held to a standard of a legal profession and the clerks office must accept and file these pleadings.

2. Please refrain from using excessive local rules and laws as an obstacle to achieve a remedy and relief by the undersigned. "***Davis v. Wechler, 263 U.S. 22, 24; Stromberb v. California, 283 U.S. 359; NAACP v. Alabama, 375 U.S. 449*** "*The assertion of federal rights, when plainly and reasonably made, are not to be defeated under the name of local practice.*"

   The **PLAINTIFF** in the above-entitled matter hereby moves this honorable court to issue an emergent preliminary injunction which has risen due to the blatant violations of NJ state and Federal laws by presiding Ocean county judge Defendant DEBORAH H. SCHRON J.S.C., who is a defendant in this instant case. Despite several motions for the entire Ocean county court recusal on DKT # FM-15-500-

14W, these Defendant judges refuse to comply with state and federal laws to VACATE NOVEMBER 28, 2017 BENCH  WARRANT FOR LACK OF IN PERSONAM  AND SUBJECT MATTER JURISDICTION.

All state remedies have been exhausted since all NJ STATE COURTS HAVE REFUSED TO COMPLY WITH THE LAW TO VACATE SUCH ILLEGAL ORDERS and have denied recusal/removal of these judges from this highly contested docket due to various conflicts of interest.

This motion is based on the matters contained herein on FRCP Section 65(a) and on the supporting Declaration Under Penalty of Perjury of this PLAINTIFF attached hereto and filed herewith.

This case involves the ongoing termination (or at least indefinite suspension) of parental rights without due process by the Ocean county presiding family court Judges Marlene L. Ford A.J.S.C. and assisting Judge Deborah L. Schron upon receipt of a fraudulent report dated June 17,2015 by defendant Seth Arkush and Integrated Care Concepts LLC. Plaintiff was ordered to have only supervised visitation as a direct result of this report. Plaintiff father and his three respective children have continued to suffer without a plenary hearing, and without any findings of abuse or neglect based on this malicious report.  Further Def. Judge John Doran on Nov 28,2017 issued a bench warrant on alleged child support arrears without inpersonam or subject matter jurisdiction; the NJ courts at every level REFUSE to vacate these erroneous orders in compliance with NJ and federal laws.

The NJ Attorney General's office on February 02,2018 based on the Plaintiff's complaint, reprimanded and fined ARKUSH Defendants of "*Malpractice and multiple violations of the statues and regulations governing the practice of social work in New Jersey.*"

Plaintiff on or about September 06,2019 was able to obtain a successful jury verdict reversing the erroneous orders of the Ocean county family court issued primarily on the illegal

and frivolous report dated June 10,2015 by Defendants Seth Arkush and  Integrated Care Concepts et al.

Plaintiff  requests immediate injunctive and/or declaratory relief as his ongoing separation from the children presents an eminent danger of irreparable harm.

Pla/Pet filed dozens of motions to correct the errors of the court made on April 23,2014 and since that date with the most recent comprehensive motion for relief filed on Sep 29,2020 which after various unexplained delays was adjudicated on Jan 20,2021 and the order on same issued on Feb 12,2021 which DOES NOT CITE a single legal argument from the defendant judges on why ALL RELIEF was instantly denied without any basis in law.

See **EXHIBIT 1** order of Feb 12, 2021


<u>BACKGROUND</u>

Petitioner / Plaintiff is an adult residing currently in Monmouth County. He is father of the minor children, M.S. (born 2000) S.S. (born 2003) and H.S. (born 2007).   In October 2013, Petitioner Shaikh filed for divorce from his wife Laura Germadnig-Shaikh ("Germadnig").

On  January 18, 2014 Germadnig filed for a Temporary Restraining Order against Petitioner Shaikh.   On January 31 the TRO was dismissed after a hearing. The Court on January 31 ruled that nothing in the testimony of Germadnig alleged domestic violence or alleged anything more than an argument typical of a failing marriage.

On the morning of April 23, 2014 Counsel for Germadnig appeared before Judge Madelin F.Einbinder for a case management conference. Petitioner Shaikh had not been notified of the proceeding, and for reasons which remain unclear, Petitioner's counsel did not attend.

Germadnig's counsel at the April 23 proceeding made an Oral request for an Order to Show Cause to award exclusive custody of the children to Respondent Germadnig. Germadnig

submitted an affidavit in which she accused Petitioner of "verbal harassment" and also claimed that Petitioner had "kicked" his daughter sometime in February 2013.

Ocean county family part presiding Judge F. Einbinder granted the oral, Ex-Parte request for an Order to Show Cause. Judge Einbinder, by a written Order dated April 23, awarded Laura L. Germadnig (Shaikh)  "sole, legal and residential custody of the children." This Order stripped Petitioner of legal and physical custody indefinitely until "further order of the Court."

The April 23 order made no provision for any parenting time. Judge Einbinder's Order and decision provided no explanation for the decision to strip Petitioner of custody and no plenary hearing has ever been held.

At the Ex-parte proceeding of April 23,2014 Judge Einbinder made no explicit fact findings or conclusions of law, but Judge Einbinder stated "there is a concern that the Court that Mr. Shaikh may try to take the children. So I do feel that it rises to the level of immediate and irreparable harm[.]" The Court provided no factual basis for this "concern."

On June 13, 2014 the Court heard oral argument on the motion by Germadnig but no plenary hearing.

As a result of the June 13,2014  proceeding, Judge Einbinder ordered that Germadnig continue to have full legal and physical custody. The Order further directed that all parenting time of Petitioner with his daughter M.S. was suspended indefinitely. The Court order provided for two short visits each week with the other two children, but no overnights.

In this same Order Judge Einbinder ordered a variety of other things, including requiring Petitioner to attend anger management, make various financial payments and requiring him to turn over a variety of documents including his passport, which had been reported stolen to local Police and to the US State department .

When Petitioner failed to comply with these directives of Judge Einbinder, on August 29, 2014, Judge Einbinder ordered that all Petitioner's parenting time with his children to be suspended until further notice.

At the time of the filing of the Amended Complaint in March 2015, Petitioner had not seen his children at all since August 2014, with the sole exception of one hour on February 15, 2015.

Defendant Germadnig's counsel Steven A. Zabarsky further incited the court by presenting a "character report" produced and signed by Defendant / Respondent Seth Arkush MSW, LCSW dated June 10,2015 against Petitioner without ever meeting or speaking with him that further prejudiced the court against the Petitioner.

As of June 14, 2020 Petitioner has not seen his children for almost six years except for twelve paid supervised visits with the two younger children between late 2015 into early 2016. **See Petitioner Aff. EXHIBIT 2.**

Petitioner has repeatedly demanded that his parental rights be restored.   On December 12, 2014, per a written Order, Judge Einbinder denied Petitioner's requests for joint legal custody, with the Order stating that Petitioner had not shown changed circumstances.

Petitioner again filed a motion with the Court demanding parenting time.  In an Order signed by Judge Marlene Lynch Ford, on August 25, 2015, Ford again suspended Petitioner's (non-existent) parenting time.   Although the Order reviewed the contentions of the parties the judge made no specific findings of fact. **See gen. to Petitioner Aff**.

The Order by Judge Ford stated, "Pending further order of this court, the Defendant [Germadnig] shall have sole legal and residential custody of the thee minor children. Exh. 3 to Shaikh Aff. at 17, ¶ 5.  The Order offered no explanation of why Petitioner was denied even legal custody of his children, and the court made no findings of abuse or neglect. See gen. Exh. 3

to Shaikh Aff.  The Order also stated that '[t]his matter will be listed for  custody review on

November 17, 2015 at 9:00 AM." Exh. 3 to Shaikh Aff. at 17, ¶ 2.  Thus Petitioner was

precluded from any custody of his children for at least three more months.

Petitioner has filed over (50) Fifty motions for parenting time and or change of custody

including over ten motions for the recusal of presiding Judge Marlene L. Ford A.J.S.C. due to

various conflicts of interest with opposing counsel Steven A. Zabarsky but were denied sua

sponte.

Facing insurmountable collusion between presiding judge and opposing counsel,

Pla/Pet's case came to the attention of a non-profit organization known as We The People Court

Services (WTPCS) an organization in Tempe, AZ called WTPCS.org. The organization

pursuant NJ Constitution Art 1, Sect 9 conducted a Jury verdict on all the custody orders issued

by the New Jersey Ocean county Superior court with regular notices to the NJ family court and

to the defendant for an opportunity to rebut any findings of errors in the court orders; neither

party responded or contested such proceedings.  NJ Constitution Art 1, Sect 9, provides, "Right

to a Jury is Inviolate".

On September 06,2019 the **Jury Verdict awarded full custody to this Petitioner and stated in

its decision;**

> The State has not met the standard of Clear and Convincing evidence
> that the Father ever was so dangerous to his children such that the State was or is now
> compelled to restrict the Parental Rights of either Parent.
> **Wherefore: All orders resulting in restriction of Parental Rights of Father in this
> case are now and have been void and unenforceable.** The court has discretion to
> utilize its own Jury at any time. The Right to a Jury Remains INVIOLATE regardless
> of the results of the Court's Discretion.

Judge Marlene L. Ford A.J.S.C. of the Ocean county court was notified via certified mail of

this decision but the court refused to respond and subsequently denied compliance.

In a Sua Sponte order of October 22,2019 Judge Deborah H. Schron ordered all local law enforcement to not comply with same.

Plaintiff / Petitioner demands immediate injunction against judges of all Ocean and Monmouth county vicinages from presiding on any cases involving this Plaintiff in the sincerest interest of justice. Plaintiff/Petitioner cannot have a FAIR and IMPARTIAL trial or hearing before any judge in these vicinages.

## LEGAL ARGUMENTS

## I

## VACATE NOVEMBER 28, 2017 BENCH WARRANT FOR LACK OF IN PERSONAM AND SUBJECT MATTER JURISDICTION .

### POINT 1

### COURT LACKS ALL JURISDICTION
### CHILD SUPPORT ORDERS IN VIOLATION OF 29 CFR 870.10

Title IV-D DOES NOT allow jurisdiction on individuals who ONLY received 1099 income as an independent worker; alleged arrears are void as Plaintiff formerly as an independent business owner is and was ALWAYS EXCLUDED from any child support payments pursuant 29 CFR 870.10.

Keith In re Ricky D. Jones pursuant to 15 U.S.C. § 1673 as incorporated into Ohio Rev. Code § 2329.66(A)(17).   Because this court concludes that Ohio's exemption scheme incorporates 15 U.S.C. § 1673 and that this exemption extends to the earnings of independent contractors, the Trustee's objection is overruled and the claimed exemption is allowed.  The bench warrant issued November 28,2017 is in direct violation of **22 USC § 7102.** This is Abuse or threatened abuse of law or legal process; on the issuance of the outstanding bench warrant.

Furthermore Zia Shaikh the alleged obligor is a state-citizen retaining all privileges and immunities of article IV section 2 of the constitution for the United States of America and not to be confused with a United States Citizen asserting the privileges and immunities clause of the 14th amendment[1].

---

[1] _**Jones v. Temmer, 829 F. Supp. 1226 - Dist. Court, D. Colorado 1993**_ "_The privileges and immunities clause of the Fourteenth Amendment protects very few rights because it neither incorporates any of the Bill of Rights nor_

**THE UNDERSIGNED IS A STATE-CITIZEN DOMICILED IN A "state" OF THE UNITED STATES OF AMERICA WHO OWES HIS ALLEGIENCE TO THE JURISDICTION[2] WHERE HE IS DOMICILED AND IS NOT A UNITED STATES CITIZEN RIGHTS OF THE UNITED STATES[3]**

3. The undersigned Plaintiff is a state-citizen who is contesting the court's personal jurisdiction and under UNIFORM INTERSTATE FAMILY SUPPORT ACT Section 201(2)[4] the undersigned state-citizen was not serviced with a summons within the jurisdiction of this State[5].

4. The undersigned Plaintiff is a state-citizen who is contesting the court's personal jurisdiction and is not making a general appearance and this responsive document is evidence that the undersigned state-citizen is making an appearance cf. "special appearance"  [*The undersigned understands that Special Appearance has been abolished under 12(b) federal rules and procedures, but the undersigned is a state-citizen and not domiciled in the State (See footnote # 4) of the UNITED STATES (see footnote # 2)*] but as a state-citizen retains all rights and   privileges under article IV Section 2 of the constitution for the united States of America.

5. In 1871, Congress created by 28 USC Section 3002 (15), the corporation UNITED STATES and not to be confused with the united States of America.

---

*protects all rights of individual citizens. See Slaughter-House Cases, 83 U.S. (16 Wall.) 36, 21 L.Ed. 394 (1873). Instead, this provision protects only those rights peculiar to being a citizen of the federal government; it does not protect those rights which relate to state citizenship.*"
[2] The same person may be at the same time a citizen of the United States and a citizen of a State, but his rights of citizenship under one of these governments will be different from those he has under the other.
- in *United States v. Cruikshank, 1876*
[3] In 1871, Congress created by 28 USC Section 3002 (15), the corporation UNITED STATES
[4] SECTION 201. BASES FOR JURISDICTION OVER NONRESIDENT.
In a proceeding to establish, enforce, or modify a support order or to determine
parentage, a tribunal of this State may exercise personal jurisdiction over a nonresident individual [or the individual's guardian or conservator] if: (2) the individual submits to the jurisdiction of this State by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction;
[5] 28 USC Section 3002(14)"State" means any of the several States, the District of Columbia, the Commonwealth of Puerto Rico, the Commonwealth of the Northern Marianas, or any territory or possession of the United States.

6. There are two distinct differences between man or woman and a person.[6] A man or woman are living and breathing state-citizens born in the united states of America, that can be proven by introducing into the court a true copy of a birth-certificate on bond paper.

7. State-citizens are born with inalienable rights secured by the Bill of Rights in the constitution for the united States and state constitution.

8. 28 USC Section 3002, defining the UNITED STATES, in all upper case because it is defined as a corporation, and a person[7] is defined as a corporation as well by 42 USC Section 1301(a)(3) for child support enforcement under federal statutes 42 USC Sections 651-669(b) is an individual, a trust or estate, a partnership, or a corporation, which is not to be confused with the definition of a man.

9. A man or woman are living and breathing people; are similar to the people who declared their inalienable rights in the Declaration of Independence.

10. Congress is not permitted to create laws which redefine terms of a man or woman with inalienable rights created by God into a *person*, that is not a living and breathing being, but is a dead entity called an estate, corporation, partnership, unincorporated association etc., that are meant to remove inalienable rights.

11. This court and the individual Judge or Judge Surrogate presiding over the expedited proceedings is now informed that the undersigned is a man, a state-citizen asserting and invoking privileges and immunities from Article IV Section 2 of the constitution for the united States of America and not a person, UNITED STATES CITIZEN, and this court must provide written proof of jurisdiction and without written proof this court is without jurisdiction to issue a judgment for child support in violation of due process.

---

[6] 28 USC section 3002(10)"***Person***" includes a natural person (including an individual Indian), a corporation, a partnership, an unincorporated association, a trust, or an estate, or any other public or private entity, including a State or local government or an Indian tribe.
[7] "Person"- 42 USC Section 1301(a) (3)The term "person" means an individual, a trust or estate, a partnership, or a corporation

12.  Zia H. Shaikh is a state-citizen who is not submitting to the jurisdiction of this court or tribunal and contesting personal jurisdiction[8] by making his appearance under duress because he was threatened that failure to appear may cause arrest or suspension of driving privileges.

13.  <u>Immediate dismissal is required for the court is not located within the geographical area of the term "state" defined under 42 USC sections 651-669(b) as **"*42 USC section 410(h) the term "state" includes the District of Columbia, the commonwealth of Puerto rico, the Virgin islands, Guam, and American samoa.*" And thereby the court does not have subject matter jurisdiction for the federal statutes under 42 USC sections 651-669(b)[9] required for the enforcement of child support and paternity to receive AFDC funds.**</u>

14.  I, Zia H. Shaikh hereby demands an immediate dismissal on the grounds the Ocean county probation department, an agency for the State Child Support Enforcement[10] and state court lacks personal jurisdiction over the Plaintiff, who is a living man, a state-citizen and not a person[11]:

I.  Court must take judicial notice of an adjudicated fact[12], [*Please refer to footnote # 7*] the state court is required to enforce state child support under federal statutes 42 USC Sections 651-669(b)[13] and because the state court and state child support agency is not within the

---

[8] *EXTENDED PERSONAL JURISDICTION SECTION 201(2). BASES FOR JURISDICTION OVER NONRESIDENT*. In a proceeding to establish, enforce, or modify a support order or to determine parentage, a tribunal of this State may exercise personal jurisdiction over a nonresident individual [or the individual's guardian or conservator] if: (2) the individual submits to the jurisdiction of this State by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction;

[9] **The Supreme Court in Matter Blessing v. Freestone, 520 US 329 - Supreme Court 1997** stated "To qualify for federal AFDC funds, the State must certify that it will operate a child support enforcement program that conforms with the numerous requirements set forth in Title IV—D of the Social Security Act, 42 U. S. C. §§ 651-669b"

[10] **42 USC Section 654(3) "***State plan for child and spousal support provide for the establishment or designation of a single and separate organizational unit, which meets such staffing and organizational requirements as the Secretary may by regulation prescribe, within the State to administer the plan;***"**

[11] "***Person***"- 42 USC Section 1301(a) (3)The term "person" means an individual, a trust or estate, a partnership, or a corporation.

[12] **The Supreme Court in Matter Blessing v. Freestone, 520 US 329 - Supreme Court 1997**

[13] **The Supreme Court in Matter Blessing v. Freestone, 520 US 329 - Supreme Court 1997 stated** "*To qualify for federal AFDC funds, the State must certify that it will operate a child support enforcement program that conforms with the numerous requirements set forth in Title IV—D of the Social Security Act, 42 U. S. C. §§ 651-669b*"

geographical location of the term "State,"[14] both entities lack personal jurisdiction over the body of the man, Zia H. Shaikh who is a NEW JERSEY state-citizen.

II.   It is a fact; the Plaintiff is a man domiciled in the state of NEW JERSEY with natural rights that are secured by the state constitution.

III.   It is a fact, the Plaintiff is not a "*person*"[15] defined under 42 USC Section 1301(a)(3) "*means an individual, a trust or estate, a partnership, or a corporation.*"

IV.   It is a fact, the Plaintiff is not domiciled within the geographical location of the term "State" defined under *42 USC Section 410(h) "The term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and American Samoa.*"

V.   It is a fact, the state of NEW JERSEY is not within the geographical location of *District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and American Samoa* and cannot enforce the federal statutes for child support enforcement under 42 USC Sections 651-669(b).

**REFUSAL TO COMPLY WITH THIS DEMAND FOR DISMISSAL  MUST BE IN WRITING WITH FULL CLARIFICATION OF WHY NUMBERED ITEMS I- V ARE NOT FACTS BEFORE THE COURT THAT PROVE THE COURT IS WITHOUT SUBJECT MATTER AND PERSONAL JURISDICTION OVER THE PLAINTIFF**

POINT 2
VOID JUDGMENT WAS ISSUED CORAM NON JUDICE

*15.*   I,  Zia H. Shaikh hereby DEMAND for this court to *Set Aside a Void Judgment CORAM NON JUDICE WRIT OF ERROR CORAM NOBIS CF. FEDERAL RULE 60(B)(4).*

A void judgment was issued *coram non judice* by a person not a judge, where the united states supreme court held that a judgment was void for lack of jurisdiction.

Further proof, the judgment is void, arises from the 4th amendment of the bill of rights protects against search and seizure of property unless by warrant or a fair trial by jury as guaranteed by the 7th amendment. The support order is not a warrant nor arose from a trial by jury. "*The proposition that the judgment of a court lacking jurisdiction is void traces back*

---

[14] 42 USC Section 410(h)The term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, the Virgin Islands, Guam, and American Samoa.

[15] "Person"- 42 USC Section 1301(a) (3)The term "person" means an individual, a trust or estate, a partnership, or a corporation.

*to the English Year Books, see Bowser v. Collins, Y. B. Mich. 22 Edw. IV, f. 30, pl. 11, 145 Eng. Rep. 97 (Ex. Ch. 1482), and was made settled law by Lord Coke in Case of the Marshalsea, 10 Coke Rep. 68b, 77a, 77 Eng. Rep. 1027, 1041 (K. B. 1612). Traditionally that proposition was embodied in the phrase coram non judice, "before a person not a judge" — meaning, in effect, that the proceeding in question was not a judicial proceeding because lawful judicial authority was not present, and could therefore not yield a judgment. American courts invalidated, or denied recognition to, judgments that violated this common-law principle long before the Fourteenth Amendment was adopted. See, e. g., Grumon v. Raymond, 1 Conn. 40 (1814); Picquet v. Swan, 19 F. Cas. 609 (No. 11,134) (CC Mass. 1828); Dunn v. Dunn, 4 Paige 425 (N. Y. Ch. 1834); Evans v. Instine, 7 Ohio 273 (1835); Steel v. Smith, 7 Watts & Serg. 447 (Pa. 1844); Boswell's Lessee v. Otis, 9 How. 336, 350 (1850). In Pennoyer v. Neff, 95 U. S. 714, 732 (1878), we announced that the judgment of a court lacking personal jurisdiction violated the Due Process Clause of the Fourteenth Amendment as well."-* **_Burnham v. Superior Court 495 U.S. 604 (1990)_**

## **DUTIES OF THE STATE COURTS**

16. Ensure that this matter is adjudicated in law and equity arising under the judicial power of the constitution, the Laws of the United States. "*The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States*" ARTICLE III, SECTION 2, CLAUSE 1

17. Ensure that the judicial officer adjudicating this matter remains impartial and act in pursuance of the United States Constitution according to oath of office sworn under Article 6 section 3. "*The Senators and Representatives before mentioned, and the Members of the several State Legislatures, and all executive and judicial Officers, both of the United States and of the several States, shall be bound by Oath or Affirmation, to support this Constitution*" *ARTICLE VI SECTION 3*

18. Ensure that property is not seized unless by warrant or after fair litigation by trial by jury.

19. Ensure the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim. *Stone v Powell, 428 US 465, 483 n. 35, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976).*

20. Ensure the constitutional minimum standard set by the Supreme Court in matter *LUJAN, SECRETARY OF THE INTERIOR v. DEFENDERS OF WILDLIFE et al. 504 U.S. 555 (1992)* petitioner/plaintiff must prove a claim by introducing evidence showing an injury in fact caused by the conduct of the Plaintiff.

21. The court is without discretion to deny vacating a void judgment under Federal Rule 60(b)(4).

## PROHIBITED DUTIES OF THE COURT UNDER ARTICLE 6 SECTION 3

22. It is not the duty of the courts to defend void judgments.

23. It is not the duty of the courts to explain how and why it is appropriate to deprive property under state statutes that clearly deprive guaranteed due process of law under the 14th Amendment.

24. It is not the duty of the presiding judicial actor to practice law from the bench.

25. It is not the duty of the court to rely upon presumptions.

26. It is not the duty of the courts to render orders without citing the evidence granting jurisdiction in the order.

27. **Administrative Procedures Establishing A Support Order Under Executive Branch Is Consistent With Violation Of Separation Of Powers Doctrine Therefore Support Order Is Void**

*28.* Administrative Procedures conducted by a separate organizational unit within the executive branch pursuant 42 USC section 654(3) is not due process of law guaranteed under the United States Constitution and is a clear violation of separation of powers doctrine as held by the State of Minnesota Supreme Court of Appeals "*Holmberg v. Holmberg, 578 N.W.2d 817 (Minn. Ct. App. 1998)"*. [*Administrative Procedure A method by which support orders are made and enforced by an executive agency rather than by courts and judges*

*https://www.acf.hhs.gov/sites/default/files/programs/css/child_support_glossary.pdf*]

## REDRESS AND REMEDY

29. The remedy in this matter is to vacate a void judgment. This void judgment is causing harm and suffering therefore this court is without discretion to deny a demand to vacate a void judgment cf. Federal Rule 60(b)(4) when evidence is brought supporting the claims.

30. This void judgment is being used to seize the property of Zia H. Shaikh, an American national, who without uttering a word, was and is presumed innocent and was and is standing upon inalienable rights guaranteed by the United States Bill of Rights.

31. Courts are established to provide unbiased and impartial due process.

32. Under the 14th Amendment, state statutes that deprive due process of law are unconstitutional and all orders made in support of such state statutes are void and unenforceable.

33. Under the 14th Amendment, statutes that cause the deprivation of property without due process of law are unconstitutional.
    The Supreme Court has held, when an adjudicator has a pecuniary interest in the final outcome, the adjudicator is neither impartial nor unbiased [violation of judicial code] and is a violation of due process of law clause and equal protection under the 14th amendment. *Tumey v. Ohio*, 273 U. S. 510, 523 (1927) *and Caperton, Et al. v. A.T. Massey Coal Co*., 556 U.S. 868, 129 S.Ct. 2252 (2009).

34. **Statement Of Facts Supports The Truth That Support Order Was Achieved Coram Non Judice Before A Person Not A Judge Therefore Void For Lack Of Jurisdiction**

35. A support order was created by Marlene L. Ford A.J.S.C., an administrative officer with a direct or indirect pecuniary interest in the final outcome of the support hearings.

36. The purpose of support hearing is for the establishment and enforcement of support orders under 42 USC section 654(3) used for the recoupment of state welfare expenditures.

37. The administrative procedures were for the establishment and enforcement of support orders as incentive for Title IV-D payments from the federal government Department of Health and Human Services.

38. The presiding officer's salary is paid partially or wholly from the federal funds received as a result of the findings of the fact finder who authorized the support order.

39. Under the due process of law clause under the 14th Amendment requires impartial adjudicators, whereby the Title IV-D payments for the establishment and enforcement of support are indisputable proof that the support proceedings were never unbiased nor impartial.

40. A support order was created under the false premise that child support enforcement is mandatory, when the *11th Circuit Federal Court of Appeals in Wehunt v. Ledbetter, 875 F.2d 1558, 1563 (11th Cir. 1989)* stated clearly that the state's participation in Title IV-D services are voluntary, which proves it is not a law and if it is voluntary for the state, then it is voluntary for the parent being forced to pay support. Further under 45 CFR. Part 232.11 the custodial parent receiving assistance is required to cooperate and assign rights for support or will lose benefits. This testimony used for assessment of paternity is consistent with duress and offers the possibility that false information will be offered to keep benefits and establishment of paternity is tainted. It's an elaborate fraud for the states to receive into their

13

treasuries federal Title IV-D funds and fraud is an exception to any order of support and proof that the support order is void.

41. Whereby, any judgments or orders resulting from these proceedings are void for failure to follow due process of law.

42. The Supreme Court of the United States has held in matters "*Tumey v Ohio and Caperton ET AL. v A.T. Massey Coal*" that when there is a pecuniary interest in the final outcome or a state statute that deprives due process of law, subsequent judgments and orders are void under the due process of law clause of the 14th amendment.

43. Federal Rule 60(b)(4) requires that void judgments made in violation of due process are void and the court where the remedy is sought has no discretion and must vacate void judgments ab initio (from the beginning). **"*United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply, 55 F.3d 1311, 1317 (7th Cir.1995).*"**


## POINT 3
## INCARCERATION FOR DEBT PROHIBITED BY LAW

44. Ocean county probation department  initiated enforcement hearing unconstitutionally threatened Plaintiff with further imprisonment for civil child support debt in violation of Title I8 U.S.C. §1581 and 18 U.S.C. §1589 and remains under threat, duress, and coercion.

45. Plaintiff compels this court to cite a NJ rule, statute or a Federal statute to support it's reasoning for refusal to address jurisdiction and denial. *Child support has been ruled to be a commercial debt by all Federal Courts of Appeals in Title 18 U.S.C. §228 enforcement* cases.

46. Imprisonment constitutes a criminal feature of a court order, the criminal feature takes precedence over all else, requiring criminal due process--which Plaintiff never got. Plaintiff hereby **demands discovery from the Probation Department due to being  threatened with contempt and loss of liberties and property.  The court rules and the NJ constitution provides a RIGHT to Due Process in the form of discovery demands**.

47. Plaintiff was incarcerated from June 15 to July 2, 2016 and then again from May 22 to April 12, 2017 current order imposes punitive incarceration and it is disallowed by law.  Plaintiff was imprisoned for civil debt in violation of the New Jersey Constitution, Article I, Paragraph 13 prohibiting Imprisonment for Debt in ANY action.  Furthermore, since Plaintiff has given up all of his assets and property, as per the Court's orders, and has no income as a result of the two-

week imprisonment for debt causing him to have his financial services licenses revoked, the imprisonment was the relief for the debt and can never be incarcerated for the same debt again.

**2A:20-10. Discharge as immunity from imprisonment**
Every insolvent debtor, who has given up all his estate and conformed in all things to the directions of this subtitle, shall, so far as regards the imprisonment of his person, forever thereafter be discharged from all debts due at the time of the assignment, or contracted for before that time, though payable afterwards.

 The New Jersey Appellate Division in *Marshall v. Matthei*, 744 A.2d 209, 327 N.J. Super. 512, 526 (App.Div. 2000) stated:

"Our review of the relevant case law has revealed a dearth of precedent concerning the standards governing implementation of ca. sa. writs.   The standards for proceedings in relief of litigant's rights under R. 1:10-3, however, are plain.  They, too, have contempt-like roots. We discern no reason why the same standards as have developed to govern civil contempts and proceedings in relief of litigants' rights should not apply, as appropriate, to ca. sa. commitments."

48. A **bench warrant** is for all intents and purposes a capias.  A **bench warrant** is a body execution to bring a person before a court to answer charges criminally.  A capias ad satifaciendum is involved in civil matters, but limited by the Constitutional prohibition against Imprisonment for Debt in ANY action.  See, *Marshall v. Matthei*, 327 N.J. Super. 512, 525-26 (App.Div. 2000).  A capias ad satisfaciendum is an at law action used to collect a debt.  A **bench warrant** issued by the Family Court to arrest someone for owing child support is the same.  However, they all must comport with all elements of criminal due process, otherwise they are unconstitutional on their face and in their application.

49. Plaintiff, alleged OBLIGOR hereby DEMANDS dismissal of the erroneous bench warrant issued November 28, 2017 by Judge John S. Doron J.S.C. under direct orders of Assignment Judge Marlene L. Ford A.J.S.C., and DISMISSAL of the fraudulent case # CS91103001A for lack of in personam and subject matter jurisdiction upon this Plaintiff.

## POINT 4

## VOID CHILD SUPPORT ARREARS

Petitioner further demand's an injunction on VOID child support orders.

Title IV-D DOES NOT allow jurisdiction on individuals who ONLY received 1099 income as an independent worker; alleged arrears are void as Plaintiff formerly as an independent business owner is and was ALWAYS EXCLUDED from any child support payments pursuant 29 CFR 870.10.

The alleged child support arrears on the VOID orders of the Ocean county courts. A letter from Ocean county Sheriff's office dated Feb 05,2020 sent to the State department illegally certifies arrears; in violation of 29 CFR 870.10.

Petitioner respectfully requests this court to *Set Aside a Void Judgment CORAM NON JUDICE WRIT OF ERROR CORAM NOBIS CF. FEDERAL RULE 60(B)(4).* A VOID JUDGMENT WAS ISSUED *CORAM NON JUDICE* BY A PERSON NOT A JUDGE, WHERE THE UNITED STATES SUPREME COURT HELD THAT A JUDGMENT WAS VOID FOR LACK OF JURISDICTION.

FURTHER PROOF THE JUDGMENT IS VOID, ARISES FROM THE 4TH AMENDMENT OF THE BILL OF RIGHTS PROTECTS AGAINST SEARCH AND SEIZURE OF PROPERTY UNLESS BY WARRANT OR A FAIR TRIAL BY JURY AS GUARANTEED BY THE 7TH AMENDMENT. THE SUPPORT ORDER IS NOT A WARRANT NOR AROSE FROM A TRIAL BY JURY. "*The proposition that the judgment of a court lacking jurisdiction is void traces back to the English Year Books, see Bowser v. Collins, Y. B. Mich. 22 Edw. IV, f. 30, pl. 11, 145 Eng. Rep. 97 (Ex. Ch. 1482), and was made settled law by Lord Coke in Case of the Marshalsea, 10 Coke Rep. 68b, 77a, 77 Eng. Rep. 1027, 1041 (K. B. 1612). Traditionally that proposition was embodied in the phrase coram non judice, "before a person not a judge" — meaning, in effect, that the proceeding in question was not a judicial proceeding because lawful judicial authority was not present, and could therefore not yield a judgment. American courts invalidated, or denied recognition to, judgments that violated this common-law principle long*

*before the Fourteenth Amendment was adopted. See, e. g., Grumon v. Raymond, 1 Conn. 40 (1814); Picquet v. Swan, 19 F. Cas. 609 (No. 11,134) (CC Mass. 1828); Dunn v. Dunn, 4 Paige 425 (N. Y. Ch. 1834); Evans v. Instine, 7 Ohio 273 (1835); Steel v. Smith, 7 Watts & Serg. 447 (Pa. 1844); Boswell's Lessee v. Otis, 9 How. 336, 350 (1850). In Pennoyer v. Neff, 95 U. S. 714, 732 (1878), we announced that the judgment of a court lacking personal jurisdiction violated the Due Process Clause of the Fourteenth Amendment as well."-* **_Burnham v. Superior Court 495 U.S. 604 (1990)_**

"A void judgment may be attacked at any time, either directly or collaterally." *In re Marriage of Macino*, 236 Ill.App.3d 886 (2nd Dist. 1992).  "if the order is void, it may be attacked at any time in any proceeding," *Evans v Corporate Services*, 207 Ill.App.3d 297, 565 N.E.2d 724 (2nd Dist. 1990)

"a void judgment, order or decree may be attacked at any time or in any court, either directly or collaterally" - The law is well-settled that a void order or judgment is void even before reversal.  *Vallely v Northern Fire & Marine Ins. Co.*, 254 U.S. 348, 41 S.Ct. 116 (1920) "Courts are constituted by authority and they cannot go beyond that power delegated to them.

   If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities. They are not voidable, but simply void, and this even prior to reversal." *Old Wayne Mut. I. Assoc. v McDonough*, 204 U.S. 8, 27 S.Ct. 236 (1907); *Williamson v Berry*, 8 How. 495, 540, 12 L.Ed. 1170, 1189 (1850); *Rose v Himely, 4 Cranch* 241, 269, 2 L.Ed. 608, 617 (1808).  A court "cannot confer jurisdiction where none existed and cannot make a void proceeding valid." *People ex rel. Gowdy v Baltimore & Ohio R.R. Co.*, 385 Ill. 86, 92, 52 N.E.2d 255 (1943).

   **"Motions to vacate *void judgments* may be made at any time after judgment."** (*County of Ventura v. Tillett*, supra, 133 Cal. App. 3d 105, 110.).
"**A judgment is void on its face if the trial court exceeded its jurisdiction by granting relief that it had no power to grant**. Jurisdiction cannot be conferred on a trial court by the consent of

17

the parties. "(*Summers v. Superior Court* (1959) 53 Cal. 2d 295, 298 [1 Cal. Rptr. 324, 347 P.2d 668]; *Roberts v. Roberts* (1966) 241 Cal. App. 2d 93, 101 [50 Cal. Rptr. 408].)

**"Obviously a judgment, though final and on the merits, has no binding force and is subject to collateral attack if it is wholly void for lack of jurisdiction of the subject matter or person, and perhaps for excess of jurisdiction, or where it is obtained by extrinsic fraud."** (7 *Witkin*, Cal. Procedure, supra, Judgment, § 286, p. 828.). Section 437, subdivision (d), provides that a court, on noticed motion, may set aside void judgments and orders. Courts also have inherent power to set aside a void judgment. (*Reid v. Balter* (1993) 14 Cal.App.4th 1186, 1194.).

## II

## Collusion and Willful violations of the law cause Intentional Infliction of Emotional Distress and violations of 18 U.S.C. §241, 242

For the past NINE years, since approximately June of 2015, all judicial, police and prosecutorial Defendants either directly or indirectly in collusion with other defendants have engaged in a pattern of obstructing justice, verbal, physical jailing, financial devastation and emotional harassment, including, theft of identity, invasion of privacy, and other torts which was, is, and remains up through the day of the filing of this Original Complaint extreme and outrageous and utterly unacceptable in civilized society.

All governmental defendants have continuously and plainly violated the civil right provisions of Title 18 U.S.C. §§241-242, taking advantage of and using their employment capacities to shield eachother while allowing other defendants to act illegally under color and protection of law with completely calm impunity (and effective immunity from prosecution) even after their crimes had been duly reported to the Jackson Police IA dept, Ocean county Sheriff, NJOAG and ACJC for witness tampering, obstruction of justice and judicial retaliation. All these events over the years have gone on uninvestigated in every capacity and complete disregard for the harm being imbued upon the Plaintiff with continued abuse of power and illegal use of governmental resources to subjugate Plaintiff.

As the direct and proximate and therefore legal result of these Defendant's conduct, Plaintiff has suffered every type of loss imaginable, including sleep-loss at night, fearfulness and daytime anxiety, inability to concentrate on productive labor, including ordinary employment in the outside world, and is constantly afraid and fearful to leave his living space alone and unguarded for fear that these Defendants will cause illegal arrests, physical harm or other devices of mayhem to prevent the rule of law from being imposed upon them.

**Pursuant §242. Deprivation of rights under color of law:**

> Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, or to different punishments, pains, or penalties, on account of such person being an alien, or by reason of his color, or race, than are prescribed for the punishment of citizens, shall be fined under this title or imprisoned not more than one year, or both; and if bodily injury results from the acts committed in violation of this section or if such acts include the use, attempted use, or threatened use of a dangerous weapon, explosives, or fire, shall be fined under this title or imprisoned not more than ten years, or both; and if death results from the acts committed in violation of this section or if such acts include kidnapping or an attempt to kidnap, aggravated sexual abuse, or an attempt to commit aggravated sexual abuse, or an attempt to kill, **shall be fined under this title, or imprisoned for any term of years or for life, or both, or may be sentenced to death.**

Plaintiff seeks maximum jail time for these defendants and restitution for the Plaintiff as a minimum for the harm suffered.

19

## CONCLUSION

For the above reasons and in compliance with the FRCP rule 65(a), the preliminary injunction against ALL Def. county judges must be granted and the all erroneous orders vacated that do not comply with state and federal laws.

In the interest of justice for a fair and impartial hearing to restore public's confidence in the judiciary system.

Respectfully submitted,

_____

Zia Shaikh
200 Village Ctr Dr
Unit 7381
Freehold, NJ  07728
Tel:   (732) 766-5466
Email:   zia@myarpp.com

**12/30/2022**                                            *Pro Se Petitioner Party of Record*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ZIA SHAIKH, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:22-cv-02053-GC-RLS |
| | ) | |
| v. | ) | |
| LAURA L. GERMADNIG et al, | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

I, Zia Shaikh, certify as follows that on Dec' 30,2022:

1. I served a copy of the attached MOTION FOR PRELIMINARY INJUNCTION AND
   BRIEF IN SUPPORT with supporting papers upon Federal district court for the Eastern
   District of New Jersey, Trenton division via USPS mail.

2. I served the copy of same on each of the forty six defendants to their below listed
   addresses via USPS regular mail or via PACER when available as follows:

   1. Defendant Sandra Seaman 315 Elberon Ave Allenhurst, NJ 07711

   2. Defendant Robert I. Mckee 99 Steiner Ave Unit 22, Neptune, NJ 07753

   3. Defendant Carol L. Mckee – same address

   4. Defendant Laura Germadnig  --- 172 Roosevelt Ave Howell, NJ 07731

   5. Defendant Siegfried Germadnig  --same address

   6. Defendant Patricia Germadnig  -- same address

   7. Defendant Mark Germadnig – same address

   8. Defendant Stacy Germadnig – same address

   9. Defendant Siegfried Germadnig Jr – same address

   10. Defendant Barus Germadnig – same address

   11. Defendant Skyler Germadnig – same address

   12. Defendant Candy Mckee – same address

13. Defendant David Tarnowski  42 E. 4th St, Howell, New Jersey 07731.

14. Defendant Nicole Tarnowski – same address

15. Defendant Christine Gilfillen 19 Rustic Ln Howell, NJ 07731

16. Defendant Daniel Schastny 174 Windeler Rd Howell, NJ 07731

17. Defendant Kathleen Schastny – same address

18. Defendant Bradley Mckee 14 Lexington Rd Howell, NJ 07731

19. Defendant Rene Mckee – same address

20. Defendant Melissa Reeves 39 Dawn Cypress Lane, Jackson, New Jersey 08527,

21. Defendant Kenneth Reeves – same address

22. Defendant Stanley O' Brian 450 Cook Rd Jackson, NJ 08527

23. Defendant Lori O' Brian – same address

24. Defendant Camille Eluzzi at --   Jackson POLICE Dept.  102 Jackson Dr Jackson, NJ 08527

25. Defendant Cathleen J. Coneeny, Esq., 3215 Danskin Road, Wall, New Jersey 07719

26. Defendant Legal Malpractice Insurance Carrier for Cathleen

27. Defendant August J. Landi Esq -- 1806 Highway 35 Ste 207, Oakhurst, NJ 07755

28. David Schlendorf Esq at 9 Grand Ave Tomsriver, NJ 08753

29. Defendant Nada Pityinger    482 Jamaica Blvd Tomsriver, NJ 08755

30. Defendant Brett Pityinger – same address

31. Defendant Stephanie J. Brown Esq -- 16 Poor Farm Rd Pennington, NJ 08534

32. Defendant John R.Wiley CPA, ABV,CGMA   at 220 Leigh Farm Rd Durham, NC 27707-8110

33. Defendant AICPA-CIMA (Association of International Certified Public Accountants) at 220 Leigh Farm Rd Durham, NC, 27707-8110.

34. Kevin B. Riordan Esq, Atty's for Defendants Louis and Janis Elwell 20 Hadley Ave Toms River, NJ 08753 via PACER at kriordan@kbrlawfirm.com

35. Jeffrey Schreiber Esq., Atty's for Defendants Slava Kleyman and Nancy Cavanaugh 4 Auer Ct, Suite E&F East Brunswick, NJ 08816- via PACER at JS@msf-law.com

36. David J. Montag, Esq. *Atty's for Defendant Margie McMahon ESQ* 75 Livingston Avenue Suite 103 Roseland, New Jersey 07068  at dmontag@milbermakris.com via PACER.

37. MARKS, O'NEILL, O'BRIEN,DOHERTY & KELLY, P.C. c/o Melissa J. Brown, Esq', Atty for Defendants, Seth Arkush and Integrated Care Concepts, LLC,  535 RT 38 East Ste 501 Cherryhill, NJ 08002 via PACER to mbrown@moodklaw.com and via PACER.

38. ROTHSTEIN, MANDELL,STROHM,HALM & CIPRIANI P.A. Atty's for Defendants Jackson Township Police Chief Matthew Kunz & Defendant Jackson Township Police Officer Christopher Parise at 98 East Water Street, Tomsriver, NJ 08753 via PACER to mnagurka@rmshc.law and via PACER.

39. POSTERNOCK APELL, PC c/o Diana R. Sever, Esq', Atty's for Geoffrey Brignola, Principal of Jackson Liberty High School; Debra Phillips, Principal of Christa McAuliffe Middle School, and Adrien Jean-Denis, Principal of Crawford Rodriguez Elementary School at 400 North Church Street, Suite 250 Moorestown, New Jersey 08057 via PACER to danp@posternockapell.com, dsever@posternockapell.com and via PACER.

40. WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP c/o Michael P. Chipko, Esq. Atty's for Defendants, Steven A. Zabarsky, Esq., Kimberly Zabarsky, and the Law Firm of Citta, Holzapfel & Zabarsky at 200 Campus Dr. Florham Park, New Jersey 07932-0668 via PACER to michael.chipko@wilsonelser.com and via PACER

41. MARGOLIS EDELSTEIN Paul A. Carbon, Esq., c/o & Kyle L. Wu, Esq., Atty's for Cowan Gunteski & Co P.A. and Joseph Gunteski CPA at 400 Connell Drive  Ste 5400 Berkeley Heights, NJ 07922-2775 via PACER

42. MATTHEW J. PLATKIN ACTING ATTORNEY GENERAL OF NEW JERSEY, Atty for Defendants, Bradley Billhimer and John Foti Jr. at R.J. Hughes Justice Complex PO Box 116 Trenton, New Jersey 08625 via PACER

43. MATTHEW J. PLATKIN ACTING ATTORNEY GENERAL OF NEW JERSEY , Atty for Defendants, Marlene Lynch Ford, A.J.S.C.; Madelin F. Einbinder, P.J.F.P.; John S. Doran, J.S.C.; and Deborah Hanlon-Schron, J.S.C. at 25 Market Street Trenton, NJ 08625 via PACER

44. Defendant "Jack M" to YELP INC Yelp Inc c/o National Registered Agents, Inc. 330 N Brand Blvd, Suite 700 Glendale, CA 91203 via PACER to jdaire@yelp.com

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

Dated:  Dec' 30,2022          _____

                                        Zia Shaikh
                                         Plaintiff

# EXHIBIT "1"

OCEAN COUNTY SUPERIOR COURT

FEB 12 2021

FILED

**PREPARED BY THE COURT**

---

| | | |
|---|---|---|
| **ZIA SHAIKH,** | : | **SUPERIOR COURT OF NEW JERSEY** |
| **Plaintiff,** | : | **CHANCERY DIVISION/FAMILY PART** |
| | : | **OCEAN COUNTY** |
| **v.** | : | |
| | : | **DOCKET NO. FM-15-500-14** |
| **LAURA L. GERMADNIG,** | : | **CIVIL ACTION** |
| | : | |
| **Defendant.** | : | **POST-JUDGEMENT ORDER** |
| | : | |

---

**THIS MATTER** comes before the Court with the Plaintiff being self- represented and the Defendant being self-represented.

By way of background, the parties were married on March 5, 1999, and divorced pursuant to a Final Judgment of Divorce (FJOD)  on December 20, 2016, following the oral decision of the Honorable Marlene Lynch Ford, A.J.S.C. on December 20, 2016, after a trial of the within matter. The FJOD was subsequently amended on January 26, 2017.

There has been significant pre-judgment and post-judgment litigation in the within matter, both at the trial level as well as in the Appellate Division.[1] On May 7, 2019, the Final Judgment of Divorce incorporating the decision of the trial judge was affirmed by the Appellate Division under the Appellate Division Docket No. A-2418-16T1.  A second appeal by the Plaintiff under Appellate Division Docket No.  A-003068-18 was dismissed on October 11, 2019, for failure to

---

[1] It is noted that an Order was issued on October 19, 2017 by the Honorable Marlene Lynch Ford, A.J.S.C. designating the Plaintiff as a vexatious litigant. This designation was a result of that court's detailed findings regarding the verbally abusive behavior of the Plaintiff while in the courtroom as well as repeated nonsensical filings invoking "writs" or "prerogative writs". This designation occurred after that court showed great deference to the Plaintiff's status as a self -represented litigant.  As such, his applications were to be screened upon submission for filing.

file a timely brief.  Plaintiff asserts that there is a New Jersey Supreme Court appeal pending under Docket No. 082984.[2]  In October of 2019, this court has confirmed that this Docket number does exist. However, no action had been taken due to procedural deficiencies. As such, this Court was satisfied at that time that it retained jurisdiction to address post-judgment enforcement issues.

On July 30, 2019, Defendant filed a Notice of Motion seeking the following reliefs: (1) Amend the most recent court order to include imprisonment of the Plaintiff regarding his consistent perjury to the court; (2) Amend the most recent order of the Court to include imprisonment  for Plaintiff regarding his crossing of state lines, while willfully not paying child or spousal support in excess g $10,000.00 for a period exceeding two (2) years; (3) Enforce the various orders granted to the Defendant regarding the Plaintiff's harassment of said Defendant,  as well as any friend or family member who has helped her and her three (3) children obtain basic necessities; (4) Enforce the Plaintiff's Child support court ordered obligation and reinstate the support for Defendant's daughter, M.L.S.,  as it was revoked due to the fact that she turned 19;  (5) Enforce the consistent demand for the Plaintiff's physical residential address and sanction him $100.00 per day that it is not provided; (6) Enforce the consistent demand for NJ tax returns dating back but not limited to the years of 2013 through 2017, including personal as well as those of America's Retirement Planners NJ, Progressive Equity Partners NJ, Texas and elsewhere, Sabur Private Wealth Management, Texas and elsewhere as well as any other entities that the Court has not yet been informed of.  The Plaintiff should be sanctioned $100.00 per day for each day that this information is not provided; (7) Subpoena Plaintiff's current and former bank accounts, pay stubs, telephone records and all assets found under Trusts; (8) Subpoena proof of Plaintiff's claim of having received SSI/Disability benefits, for which he claims is the proof that he is indigent and therefore,

---

[2] This court has confirmed that the Supreme Court denied the Plaintiff's position on April 7, 2020.

receives waivers; (9) Enforce the Final Judgment of Divorce issued on December 20, 2016, including the arrears to date; (10) Enforce the existing bench warrant; and (11) disregard all filings by the Plaintiff that do not prove service by certified mail and regulars mail.

On August 21, 2019, the Plaintiff filed a Request to Cancel the Motion Hearing since the New Jersey Supreme Court was hearing the same issues. The Plaintiff provided only a docket number with no supporting documentation.  On August 22, 2019, the Plaintiff filed a second request to cancel the pending motion and also asserted in additional fifteen (15) pages of drop cites and case law blurbs and constitutional and religious commentary that the Court lacks jurisdiction over the Plaintiff and that the bench warrant presently active for Plaintiff's willful failure to pay his court-ordered support obligations is null and void pursuant to federal law. On August 26, 2019, the Plaintiff then filed a Reply Certification in opposition to the motion. In this Certification, Plaintiff alleges that the motion is frivolous, false, etc. Plaintiff also alleges that at some earlier time, he was imprisoned in the "Ocean County Debtor's Prison" on an earlier bench warrant. The Plaintiff writes that all reliefs sought by Defendant have already been addressed. Plaintiff then repeats all the information previously provided regarding the court's lack of jurisdiction.

The Defendant requested to be heard via telephone. The Plaintiff affirmatively indicated that he was not requesting oral argument.

The Court having considered the documents filed, and having heard the argument of the Defendant and for good cause shown issued the following Order on October 22, 2019:

1. **Amend the most recent order by the Court to include imprisonment for consistent perjury to the Court, in violation of federal law and punishable by 5 years.**   This

request is **DENIED.**  The Court advised the Defendant on the record that this was state court family division and that criminal issues are not appropriately here.

2. **Amend the most recent Court Order by the Court to include imprisonment of the Plaintiff as he crossed state lines, while willfully not paying child or spousal support in excess of $10,000.00 for over two (2) years, which is a federal offense.** This request is **DENIED.**  The Court advised the Defendant during oral argument that there is an active bench warrant for the Plaintiff's arrest for failure to pay support.

3. **Enforce the various Orders granted to the Defendant regarding the Plaintiff's harassment of said Defendant as well as any friend or family member who has helped her and her three children obtain the basic necessities.** Defendant advised that there is a Temporary Restraining Order in effect which has not yet been served upon the Plaintiff.  This request is **GRANTED** and the authorities should make every effort to serve the Plaintiff with a copy of the Temporary Restraining Order. The Defendant provided a possible supplemental address for the Plaintiff, which is **950 East State Highway 114, Suite 160, South Lake, Texas 96042.**  This address was listed on the licensing histories for the various financial licenses the Plaintiff holds, as well the website he maintains online with regard to "bubble wrapping your assets to protect them from family support obligations" or words to that effect. A copy of the within Order shall be served upon the Sheriff's Department, Warrant Division, with respect to the active bench warrant and the Domestic Violence Office to determine if such  Order can be administratively forwarded to the authorities in Texas.

4. **Enforce the child support obligation and reinstate the support for M.L.S as it was terminated upon her 19th birthday.** Defendant advises that M.L.S. will be attending

college full-time at Brookdale Community College.  However, at present, she is not living with the Defendant. Defendant advises that she is locating a new residence.  Once that residence is in place, the child, M.L.S, will be returning to the home. The Plaintiff was advised that if the child was attending college full-time and commuting, she can re-apply for a reinstatement of the child support obligation. Defendant was further advised that she would have to supply documentation in this regard to include proof of residence and proof of full-time attendance at college.

5. **Enforce the consistent demand for Plaintiff's residential address and sanction him $100.00 per day that it is not provided.** This request is **GRANTED in part.** The Court will Order that Plaintiff shall provide his current residential address to the Court and to the Ocean County Probation Department within five (5) days of the date of the within Order.  The Court declines to address the issue of sanctions at this time.

6. **Enforce the consistent demand for tax returns of the Plaintiff and all entities he is involved with.**  This request is **DENIED without prejudice.** There has been no showing made as to why these are relevant at this time.  The Court will reconsider same if they are relevant to any provisions of the Amended Final Judgment of Divorce which are presently unenforced.

7. **Subpoena Plaintiff's current and former bank accounts, pay stubs, telephone records and all assets under trusts.**  This request is **DENIED without prejudice. The Court finds that there has been no showing of a need for such items at this time and the Court is not an investigative body for the Defendant.**

8. **Subpoena proof of Plaintiffs claim of having received Disability benefits for which he claims as proof that he is indigent and therefore receives waivers.** This is **DENIED without prejudice. See, Paragraph 7.**

9. **Enforce the final Judgement of Divorce issued December 20, 2016, including the arrears to date. This request is GRANTED.** The controlling Order of the Amended Final Judgement of Divorce dared January 26, 2017. All obligations contained therein are **ENFORCED.** There remains an active bench warrant for the Plaintiff's arrest for failure to comply with his court-ordered support obligations. As indicated previously, Defendant provided the Court with a new potential address in the State of Texas. The Court shall provide this address to the Ocean County Sheriff's Department and shall also request that the Sheriff's Department consider extending the parameters of the search warrant jurisdiction to include the State of Texas.

10. **Enforce the bench warrant.** This request is **GRANTED.** The bench warrant remains active.

11. **Disregard all filings of the Plaintiff that do not provide service to the Defendant by certified mail one tracking number via regular mail.** This request is **DENIED without prejudice.** The Court believes that the Defendant is aware of the filings of the Plaintiff as she filed a response to his Reply Certification on the eve of the motion.

**In addition, there has been a document circulated by the Plaintiff which the Defendant has provided to the Court. The document appears under the name "We the People" Court Services. This purports to be a Jury Verdict-Sworn Affidavit with respect to FM-15-500-14 W which is the matrimonial docket number. The document purports to indicate that a jury trial was conducted with regard to the termination of the parental rights**

**of the Plaintiff.  This document is counterfeit and is not recognized by this Court.   No such proceedings were eve commenced. There is no venue listed in such.  This document was created on a computer and appeared to be something that one can purchase online.  This document is to be given no force and effect and the State of New Jersey retains jurisdiction as the home state for all matters relating to child custody on this matter.**

Since the Order of October 22, 2019 issued, there have been occasions where the Plaintiff has continued to send correspondence to the court although there was no application pending at the time.  The court forwarded correspondence to both parties indicating that the court will not respond to random correspondence sent when there is no formal application pending.   On September 29, 2020, the Plaintiff filed what he referred to as a " Notice of Motion on Short Notice to Revise Custody Orders Pursuant to the Jury Verdict Order of September 6, 2019  or Conduct the Court's own jury hearing and to Dismiss CS91103001A and refund all monies erroneously collected as child support  payments to Plaintiff within  30 days.  (It should be noted that the court was not consulted and did not authorize a filing on short notice). This filing was done utilizing JEDS. However, for some reason, the court did not receive a copy of this motion until the parties were before the court on an unrelated matter on November 18, 2020.  At that time, the Plaintiff inquired as to whether his custody motion would be heard that day.  The court advised that it had not received same.  The Plaintiff, although quite verbally abusive to the court and referring to the court by her first name, was kind enough to send another copy via facsimile to the chambers of the court.  On November 18, 2020, the court scheduled the return date of the motion for January 4, 2021 with the consent of both parties. The Defendant had not been served with a copy of the motion as there was a Temporary Restraining Order in place on behalf of the Defendant against the Plaintiff.  The court subsequently served the Defendant with a copy of the papers to allow for

7

her to file a response. In late December of 2020, Defendant requested an adjournment for additional time to prepare a response due to some medical procedures in December. The court denied the request. It was the court's intention to hear argument of the parties and allow them to file additional written submissions after the oral argument. On January 4, 2021, all parties appeared remotely.  The Plaintiff immediately requested that the Court recuse itself as there was allegedly pending federal litigation filed against all members of the Ocean County Judiciary who had been previously assigned to the within matter as well as the Assignment Judge of Monmouth County.[3] The court had previously made findings regarding this issue and did not intend to revisit same. The Plaintiff repeatedly referred to the court by her first name and insisted that the court did not have jurisdiction over the matter and should recuse herself.  The Court asked the Plaintiff whether he would like to present oral argument regarding his application. The Plaintiff declined to do so after verifying with the court that the Court had reviewed his submissions.  The court then advised that the Defendant would have seven (7) days to file a response to Plaintiff's motion.  The response was to be filed by January 11, 2021.  The court would then allow the Plaintiff an opportunity to submit a Reply Certification as he was not seeking oral argument. This was to be filed by January 20, 2021.  The Plaintiff did make an additional request for the Court to consider providing his children's phone numbers to the Jackson Township Police Department, who, in turn, would release same to him as he needed to speak with his children immediately.  After all submissions were received, the court would review same and would release a written decision. There was no date for release of the decision. The Plaintiff did file a Reply on January 13, 2021 as well an additional submission on January 18, 2021. Beginning January 20, 2021, the Plaintiff has been sending email

---

[3] It should be noted that this court subsequently learned the original federal complaint filed by Plaintiff against various members of the Ocean and Monmouth County Judiciaries had been dismissed without prejudice in the federal court.  The federal court allowed the Plaintiff to re-file an amended complaint for screening. This court had no further information at the time of the within Order as to the present status of the federal litigation.

requests to the court's chambers demanding his "Order" insisting that the court was to release its decision on January 20, 2021. On January 21, 2021, the court forwarded correspondence to both parties outlining the history of the current application. **This correspondence also provided that the court was in receipt of all submissions by the January 20, 2021 date and that the court would review all submissions, but that the Court was presently reserving decision and that a written decision would be forth coming.** Notwithstanding this correspondence, Plaintiff has continued to forward emails demanding his Order, including an email received in the middle of the night.

The pending Notice of Motion filed by the Plaintiff on "Short Notice"  requests the following reliefs : (1) Immediately revise custody orders in conformance with the Jury Verdict dated September 06, 2019, or convene a new jury; (2) Vacate illegal bench warrant dated November 28, 2017, issued by the Honorable John M. Doran, J.S.C.  for lack of subject matter and in personam jurisdiction and without probable cause for non-payment of alleged child support payments; (3) Dismiss Child support alleged arrears under Case No. Cs91103001A with prejudice and to refund all erroneously collected payments to within thirty (30) days; (4) Immediate incarceration of the Defendant for contempt pursuant to N.J.S.A. 2C:29-9; (5) Immediate incarceration of the Defendant for extreme interference with the parent child relationship between Plaintiff and his three children in violation of N.J.S.A. 2C:13-4a(4); (6) Immediate assessment of the two (2) minor children for their emotional well-being by a licensed family therapist in the Monmouth county area for physical and emotional abuse experienced at the hands of Defendant's multiple paramours; (7) Disqualification/Recusal  of Judges Ford and Doran  due to Plaintiff suing various Ocean County judges  in a federal lawsuit causing an acrimonious situation between Plaintiff and the Ocean County Judiciary  and creating a conflict of interest resulting in Plaintiff

not receiving a fair trial or hearings in Ocean County; and (8) Transferring venue of the entire Family Court matter to Mercer County Superior Court, Family Part. In addition, there was the was the added request for the immediate production of the cellphone numbers of the minor children.

The Notice of Cross-Motion filed by the Defendant on January 11, 2021, seeks the following reliefs: (1) Deny and Dismiss Plaintiff's Motion on Short Notice in its entirety; (2) Fully enforcing the Order designating the Plaintiff as a vexatious litigant; (3) Denying the revision of the custody orders ever for any reason, with or without a jury; (4) Deny the request to vacate the bench warrant issued by Judge John M. Doran regarding a failure to pay child support obligations; (5) Denying the dismissal of child support arrears and deny reimbursement to the Plaintiff of any monies already paid; (6) Deny Plaintiff's request for the incarceration of the Defendant for Contempt violations and/or interfering with the relationship between the Plaintiff and the minor children; (7) Deny Plaintiff's demand for an assessment of the children; (8) Deny Plaintiff's request for recusal; and, (9) Deny the transfer of the family court matter to Mercer County or any other county.

Plaintiff filed an initial Reply Certification on January 13, 2021 and filed another submission on January 18, 2021.

Having considered the documents filed and for good cause shown;

It is on this 12th day of February **ORDERED as follows.**

**With regard to the Notice of Motion on Short Notice:**

1. **Immediately revise custody orders in conformance with the Jury Verdict dated September 06, 2019 or convene a new jury. This request is DENIED.** This Court

previously issued an Order dated October 22, 2019, delineating that this "Jury Verdict" was not to be given any force and effect in the State of New Jersey. This "jury verdict" is not a valid and enforceable court proceeding and any decision of that body if it exists is not binding upon this court. The children of the parties have been continuous residents of the State of New Jersey for several years. In accordance with the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), the home state of the minor children for all matters relating to custody is New Jersey.

2. **Vacate illegal bench warrant dated November 28, 2017 issued by the Honorable John M. Doran, J.S.C. for lack of subject matter and in personam jurisdiction and without probable cause for non-payment of alleged child support payments.** This request is **DENIED.** The relief sought by the Plaintiff is this regard has been previously heard by the Honorable Marlene Lynch Ford, A.J.S.C. In a letter opinion dated November 13, 2018, as well as an accompanying Order filed on December 19, 2017, Judge Ford found Plaintiff's application to file a motion to vacate a bench warrant to be duplicative and repetitious and in violation of the October 19, 2017 Order of Judge Ford, which provide a basis on which relief could be granted. See also, paragraph 2, supra.

3. **Dismiss Child support alleged arrears under Case No. Cs91103001A with prejudice and to refund all erroneously collected payments to within thirty (30) days.** This request is **DENIED.** Throughout the litigation, in both the pre-and post-judgment stages, the Plaintiff has willfully failed to provide his financials to the court and dissipated marital assets. The child support obligation fashioned by the court was proper. In addition, the Plaintiff has willfully failed to pay his child support obligations, and has financially abandoned his children, although in the earlier stages of the litigation was always able to

supply the children with gift cards and presents  during his supervised visits, as was noted in previous Orders in this regard.

4. **Immediate incarceration of the Defendant for contempt pursuant to <u>N.J.S.A.</u> 2C:29-9.** This request is **DENIED.** Plaintiff 's Certification refers back to Orders entered with regard to his supervised parenting time which pre-dated the Amended Final Judgment of Divorce. Moreover, the post-judgment Order of Judge Marlene Lunch Ford, A.J.S.C., dated October 19, 2017 at Paragraph thirteen (13) provided in pertinent part that in the best interests of the children,  Plaintiff's parenting would be suspended without prejudice pending  further Order of the Court. The ruling detailed the steps that the Plaintiff needed to take before the court would reconsider this ruling. Plaintiff has not attempted to comply with any required provisions. Rather, he continues to provide the court with rambling nonsensical reasons why his position is correct and all previous rulings by the courts are incorrect.

5. **Immediate incarceration of the defendant for extreme interference with the parent child relationship between Plaintiff and his three children in violation of <u>N.J.S.A.</u> 2C:13-4a (4).**  This request is **DENIED.** This request is simply an amplification of the reliefs requested in Paragraph 3, supra.

6. **Immediate assessment of the two (2) minor children for their emotional well-being by a licensed family therapist in the Monmouth county area for physical and emotional abuse experienced at the hands of Defendant's multiple paramours.** This request is **DENIED.**  Plaintiff has made no showing that such assessment is required.

7. **Disqualification/Recusal  of Judges Ford and Doran  due to Plaintiff suing various Ocean County judges  in a federal lawsuit causing an acrimonious situation between Plaintiff and the Ocean County Judiciary  and creating a conflict of interest resulting**

**in Plaintiff not receiving a fair trial or hearings in Ocean County.**  This request is **DENIED.**  Plaintiff has moved to recuse Judge Ford and Judge Doran on numerous occasions.  In a letter opinion dated November 13, 2018, Judge Marlene Lynch Ford, A.J.S.C. indicated that the Plaintiff had filed at least nine (9) prior applications to recuse Judge Ford.  There has been more than one application to recuse Judge Doran.  The arguments raised in the current application for relief in this regard are essentially the same to those raised in his prior applications. This particular repetitive request for relief by the Plaintiff will not be considered.

8. **Transferring venue of the entire Family Court matter to Mercer County Superior Court, Family Part.**  This request is **DENIED.**  This request for relief has previously been addressed during the litigation and denied.  Plaintiff argues herein that venue must be changed due to the bias of the Ocean County Judiciary and, more specifically, Judge Ford as the Assignment Judge and the conflict of interest that exists due to pending litigation. Plaintiff has offered nothing of substance in this regard and simply submits rambling demands for his reliefs and drop cites to legal authorities.

9. **Immediate production of the cellphone numbers of the minor children.**  This request is **DENIED.**  Plaintiff seek the cellphone numbers of his minor children so that he may contact the children forthwith to continue his relationship with them. The Court has grave concerns in this regard. Initially, his parenting time remains suspended as he failed to comply and cooperate with a Custody Neutral assessment, which, in accord with previous Orders, is a pre-requisite to any modification or request to reinstate supervised parenting time. In addition, and of grave concern to this court is a situation which arose in late September and October of 2020, Plaintiff prepared a postcard, like those used by political candidates during

a political campaign.  The postcard discussed the issues with the Family Division of the Ocean County Superior Court and specifically referenced two (2) sitting judges. The front side of the postcard stated "MISSING" in block letters with "$100,0000 REWARD" also in colored block letters. The reverse side of the postcard displayed the language "REWARD: $100,000 Have You Seen My Kids?"  accompanied by pictures of his children with details regarding the schools that they currently attend. The postcard discussed the continuing contentious litigation and named the Defendant as the person responsible for keeping the Plaintiff from his children.  This postcard also displayed language urging its recipients to approach his children as they shop in local stores or are seen on the streets of Jackson Township.  In exchange for these actions, the person who helps the Plaintiff "reunite" with his children will receive a $100,000 reward which will be paid from the proceeds of the lawsuits in progress. Those that seek out his children should facilitate contact with their father for a video chat to confirm their well-being.  It was signed by Zia Shaikh, Loving father, Victim of Ocean County Family Court.  There was a mass mailing of this postcard. This court cannot fathom the thought process of the Plaintiff to engage in such an action. Plaintiff has purposely and knowingly exposed his children to victimization by members of the public. Plaintiff has no idea who has received this mailing or the extent of actions that might be undertaken by member of the public seeking the monetary reward.   This court finds, that based upon these actions, Plaintiff has no regard for the safety and well-being of his children.

**With respect to the Notice of Cross- Motion:**

10. **Deny and Dismiss Plaintiff's Motion on Short Notice in its entirety.**  This request is **GRANTED. See, paragraphs 1-8, inclusive.**

11. **Fully enforcing the Order designating the Plaintiff as a vexatious litigant.** This request is **GRANTED.**

12. **Denying the revision of the custody orders ever for any reason, with or without a jury.** This request is **GRANTED in part and DENIED without prejudice in part.**   Plaintiff has failed to meet his burden for any modification of custody orders in the within application.  However, should Plaintiff ever choose to come into compliance with the previous Orders of the court delineating the steps that need to be undertaken in order to submit an application  for reinstatement of his supervised parenting time,  the court would be required to hear such application.  To change the custody terms provided in a judgment, order, or consent order, a party who seeks to modify an existing custody or parenting time order must meet the burden of showing changed circumstances and that the current arrangement is no longer in the best interests of the child. Finamore v. Aronson, 382 N.J. Super. 514, 522-23 (App. Div. 2006).

13. **Deny the request to vacate the bench warrant issued by Judge John M. Doran regarding a failure to pay child support obligations.**  This request is **GRANTED. See, paragraph 2, supra.**

14. **Denying the dismissal of child support arrears and deny reimbursement to the Plaintiff of any monies already paid.**  This request is **GRANTED.  See paragraph 3, supra.**

15

15. **Deny Plaintiff's request for the incarceration of the Defendant for Contempt violations and/or interfering with the relationship between the Plaintiff and the minor children.** This request is **GRANTED. See, paragraphs 4 -5, supra.**

16. **Deny Plaintiff's demand for an assessment of the children.** This request is **GRANTED. See, paragraph 6, supra.**

17. **Deny Plaintiff's request for recusal.** This request is **GRANTED. See, paragraph 7. Supra.**

18. **Deny the transfer of the family court matter to Mercer County or any other county**. This request in **GRANTED in part.** The request of Plaintiff was specific to Mercer County. This court cannot automatically rule out every county in New Jersey in the absence of a specific request for relief being raised. **See paragraph 8, supra.**


_Deborah Hanlon-Schron_
**Deborah Hanlon-Schron, J.S.C.**

# EXHIBIT "2"

Affidavit of Zia Shaikh

I, Zia H. Shaikh; father of M.S., S.S. and H.S., all minor children is suffering from not having my parental rights and the love and affection of my 3 beautiful children; certify the following statement of facts to be true:

1. April 23, 2014 in an Ex Parte hearing Judge Madelin F. Einbinder barred me from my primary residence, gave SOLE custody to my soon to be ex-wife and forced me to pay over $80,000 in Defendant Laura Germadnig Shaikh's attorney and forensic accounting fees.

2. I have hired three attorneys but now I am out of money and can no longer afford one.

3.  I have not seen my children at all in the past three months. I have had no contact whatsoever with my children. I am not able to speak to them on the phone, or text them or email them.

4. Judges Einbinder and Marlene Lynch Ford have taken my children away from me and consigned my children to be without a father for the past 36 months, and for the indefinite future.

5. Now I am in danger of being incarcerated as Judge Ford is threatening to send me to jail for non-payment, but I have been drained of all my liquid and real estate assets, including my children's college fund which was my largest asset; leading to my oldest daughter MS age 15 who will be going to college soon to not have a bright future that I had saved up for.

6. To add to my problems; false accusations of hidden assets after 2 years of forensic accounting work by Cowan Gunteski & Co CPA firm and over 60 subpoenas to banks and various financial institutions without yielding not even one dollar worth of evidence I am being court ordered to replenish retainers for the opposing counsel and forensic accounting firm while I am am forced to appear Pro Se.

7. On September 17, 2015 Judge Marlene Lynch Ford denied my request for the court appointed counsel when I requested an ability to pay hearing via several motions, further jeapordizing my liberties and freedom.

8.  Judges Einbinder and Lynch Ford appear to have separated me from my children in a attempt to punish me because they think I am an uncooperative litigant. There also appears to be animosity towards me because I was born in Pakistan (although I have been a U.S. citizen for 30 years now).

I declare under penalty of perjury that the foregoing is true and correct.


Executed on : August 9, 2016          _____

                                                              Zia H. Shaikh

ADDITIONAL FACTS TO MODIFY ABOVE AFFIDAVIT.

1. Despite Dec 18, 2015 court order, which only provides for supervised visitation by the soon to be ex wife (who has repeatedly claimed "she is deathly afraid of me" without substantiating her claims or showing any violent tendencies from me) every Tuesday 4 -7 pm and Sunday from 12-6pm has refused to bring my two younger kids to the visitation at Barnes and Noble and Chic-fil-a restaurants; yet no repercussions came to her.

2. I was incarcerated in Ocean county jail from June 15 – July 2, 2016 for non-payment of "unallocated support" based on the Ex Parte orders of April 23, 2014. A former neighbor took mercy on my situation and paid a $2000 purge amount for my release. On July 1, 2016 Judge Ford reduced the weekly $903 support to $300 to ONLY avoid filing of enforcement actions by the probation department, but the arrears will continue to mount.

3. I remain in constant fear of incarceration by probation under stale and onerous court orders from 2014, which require me to pay $17,000/mth in Schedule A&B expenses.

4. Due to the influence of defendant attorney Steven A. Zabarsky he was able to get all my financial planning licenses REVOKED from the NJ dept of insurance. I can no longer practice my profession for 20 years and cannot generate new income.

5. On July 28,2016 I filed an interlocutory appeal with the NJ Appellate division to seek relief from such onerous court orders and obtain preservation of my rights.

6. My children are unwanted by soon to be ex-wife since they are being raised by neighbors, strangers and her friends, while she goes on lavish vacations, is a compulsive dater of older rich men.

7. I have recently been informed by my trusted neighbors that she does not actually date men, but is running an escort service with her best friend Nancy Cavanaugh Clemine.

8. At the June 24 and July 1,2016 hearings while I sat in court chained and schackled like a criminal for a weekly compliance hearing, my wife admitted at both hearings the she "works off the books" and "gets paid in cash" for her escort services. Judge Ford did not report her to the IRS or reprimand her in anyway, she is just so intent on MAKING me comply with the former judge Einbinder's orders.

9. My children's minds have been poisoned, as evident my oldest daughter who is now 16, has only texted me twice this year asking me for MORE money than what I already pay in supporting them.

10. My wife has told my neighbors that she intends to move my oldest daughter MS to Vermont to complete her studies in Botany and she intends to move in with some man in South Carolina with my younger two children SS age 12 and HS age 8 without any regard for me or for childrens safety.

EXHIBIT "B"

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ZIA HASSAN SHAIKH,

        Plaintiff,

v.

LAURA L. GERMADNIG, et al.,

        Defendants.

Civ. A. No. 3:22-cv-02053 (GC) (RLS)

**ORDER**

**THIS MATTER** comes before the Court *sua sponte* and upon the Court's inherent authority to manage its docket and to control the cases before it. *See In re Orthopedic "Bone Screw" Prod. Liab. Litig.*, 132 F.3d 152, 156 (3d Cir. 1997) ("The Supreme Court has recognized the inherent power of courts to impose sanctions in order to manage their own affairs and achieve orderly and expeditious disposition of cases. These powers include the power to manage their dockets and impose silence and order on those before the court." (citations omitted)).

On or about March 6, 2023, *pro se* Plaintiff Zia Hassan Shaikh filed an 84-page First Amended and Verified Complaint naming more than fifty (50) individuals and entities as defendants. (ECF No. 154.) Plaintiff's putative claims allegedly stem from a divorce and family law matter. (*Id.*) This case is but one of several that the Court is aware that Plaintiff has filed in the United States District Court of the District Court of New Jersey and elsewhere.[1] Currently

---

[1] The six other active cases filed by Plaintiff that the Court is aware of in this District are: *Shaikh v. Landi, et al.*, Civ. No. 20-20005 (GC) (TJB); *Shaikh v. Schlendorf, et al.*, Civ. No. 20-20003 (ZNQ) (TJB); *Shaikh v. McMahon et al.*, Civ. No. 20-20008 (GC) (TJB); *Shaikh v. Brown, Esq., et al.*, Civ. No. 20-20007 (ZNQ) (TJB); *Shaikh v. Department of Banking and Insurance, et al.*, Civ. No. 19-14092 (GC) (TJB); *Shaikh v. Akrush et al.*, Civ. No. 19-20597 (ZNQ) (DEA).

pending on the docket are several motions to dismiss the Amended Complaint (*see, e.g.*, ECF Nos. 203, 206, 207, 208, 212, 215, 218, 220, 222, 223, 225, 226, 227, 228, 230, 232, 233, 234, 236, 238, 242, 252, 255) as well as a Motion for Sanctions against Plaintiff (*see* ECF No. 128). Plaintiff has filed several motions with the Court related to a myriad of issues. (*See* ECF Nos. 121, 127, 131, 134, 135, 143, 159, 191, 246.) Plaintiff also previously moved for disqualification of the District Court Judge and Magistrate Judge in this case (*see* ECF No. 141), which the Court has denied on this same date.

In view of the volume of filings and what has transpired to date and in order to ensure the orderly and just management of this action, including allowing for a decision on the pending motions before proceeding, and for other good cause shown,

**IT IS** on this 24th day of April, 2023, **ORDERED** as follows:

1.  All discovery in this case is **STAYED** until further action by the Court, which will come after deciding the pending motions. Starting this day, no subpoenas or other discovery devices are to be utilized or served by any party in connection with the case. No response will be due to any subpoenas or other discovery devices already served in connection with this case until further action by this Court. Accordingly, the motions pending at ECF Nos. 134, 135, 143, 145, 151, and 159 are administratively **TERMINATED** pending resolution of Defendants' Motions to Dismiss.

2.  No further motions are to be filed in this case without permission of the Court, except for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b). To seek permission for a non-dispositive motion, a party shall submit a written

letter to the Court, not to exceed two pages, detailing why the requested motion should be permitted.

3.    The Clerk's Office is directed not to accept or file any motions in this action absent Court approval.

4.    Failure to comply with this Order shall be deemed contempt of court and may result in the imposition of sanctions, including but not limited to dismissal of the case and/or other penalties.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE