NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZIA SHAIKH,<br><br>Plaintiff,<br><br>v.<br><br>LAURA L. GERMADNIG, *et al.*,<br><br>Defendants. | Civil Action No. 22-2053 (RK) (JBD)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Zia Shaikh's ("Plaintiff" or "Shaikh") "Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) for Newly Discovered Evidence, Fraud Upon the Court, and Void Judgment." (ECF No. 284, "Mot.") Twenty-three Defendants filed briefs in opposition to Plaintiff's Motion or joined the opposition briefs of other Defendants. (*See* ECF Nos. 289, 290, 291, 292, 293, 294, 295, 296, 300.) Plaintiff replied. (*See* ECF Nos. 297, 298, 299, 301, 302, 303, 304, 305, 306, 307, 308.) Now pending before the Court are also Plaintiff's two "emergency motions" to expedite a ruling on the Motion (ECF Nos. 288, 311), Plaintiff's "Emergency Motion to Recuse or Disqualify Defendant Judge Robert Kirsch" (ECF No. 310), and Plaintiff's "Emergency Motion to Extend Rule 60(b) Relief for Protective Order, Wellness Checks, and Federal Stay due to Unadjudicated Motion, Continuing Child Concealment, and Federal Violations" (ECF No. 312). The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil

Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motions (ECF Nos. 284, 288, 310, 311, 312) are **DENIED**.[1]

## I. BACKGROUND

The storied history of this matter and other related litigation was recounted *ad nauseum* by this Court in a July 2023 Opinion that dismissed with prejudice Plaintiff's 115-paged Amended Complaint which asserted fifteen counts against sixty defendants. (ECF No. 272); *see also Shaikh v. Germadnig*, No. 22-2053, 2023 WL 4534127 (D.N.J. July 13, 2023). Much like Plaintiff's dismissed Amended Complaint, the present series of motions "arises from Plaintiff's steadfast, unrelenting refusal to accept the results of his divorce proceedings or to heed the clear, repeated signal sent by multiple courts' decisions dismissing his various lawsuits." (*Id.* at 2.) The Court need not repeat the underlying facts, which are all-to-familiar to the parties.

In dismissing Shaikh's Amended Complaint with prejudice in July 2023, the Court held that the pleading "unquestionably violat[ed] Rule 8," despite having been "previously instructed on Rule 8's requirements" and "admonished for ignoring them." (*Id.* at 23–24.) For failure to comply with the pleading standards set forth under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court dismissed claims against twenty-two of Shaikh's ex-wife's "family and friends," against whom no specific wrongdoing was alleged. (*Id.* at 28.) As for specific counts, the Court scrutinized the Amended Complaint and found every claim to be insufficiently pled including, *inter alia*, intentional infliction of emotional distress, "parental alienation," "parental alienation with affection," civil conspiracy, violation of a right to privacy, malicious prosecution, abuse of process, violations of 42 U.S.C. § 1983 and the Equal

---

[1] Plaintiff also urges the Court in his reply briefs to impose sanctions on Defendants pursuant to Rule 11(c) for filing briefs in opposition. (*See, e.g.*, ECF Nos. 297 at 4, 298 at 3, 299 at 3, 301 at 3.) The Court does not address these requests because, beyond their frivolousness, "a motion for sanctions must be made *separately* from any other motion." Fed. R. Civ. P. 11(c)(2) (emphasis added).

2

Protection Clause, negligent infliction of emotional distress, false imprisonment, RICO offenses, and common law fraud. (*Id.* at 25–42.) The Court also determined that the doctrine of *res judicata* barred "all of Plaintiff's claims about the events prior to his filing" of a separate federal complaint in June 2015, including claims related to his 2013 New Jersey divorce proceedings. (*Id.* at 44–46.) Next, the Court found that seven defendants—prosecutors and judges who acted in their official capacities—were immune from suit. (*Id.* at 47–50.) Finally, the Court determined that fourteen of Plaintiff's fifteen claims were time-barred. (*Id.* at 53.) Ultimately, the Court concluded that the Amended Complaint was "incurably deficient on multiple grounds against each Defendant" and dismissed the pleading with prejudice. (*Id.* at 54.)

The Court also denied a motion from Defendants Nancy Cavanaugh and Salva Kleyman for Rule 11 sanctions against Plaintiff. (*Id.* at 61–63.) The Court agreed with movants that Plaintiff's "abusive history with state and federal courts certainly merits sanctions" but ultimately exercised its discretion and declined to impose sanctions in order "to bring closure and finality to these serially re-stated unactionable claims." (*Id.* at 63.)

Plaintiff appealed the dismissal of his Amended Complaint. (*See* ECF No. 274.) Defendants Cavanaugh and Kleyman filed a cross-appeal, asserting that the Court abused its discretion in denying the Motion for Sanctions. (*See* No. 23-2464, ECF No. 34 at 20 (3d Cir. November 1, 2023).) On June 6, 2024, the United States Court of Appeals for the Third Circuit issued a ten-paged opinion affirming this Court's Opinion in full. (*See* ECF No. 283); *see also Shaikh v. Germadnig*, Nos. 23-2301 & 23-2464, 2024 WL 2861845, at *4 (3d Cir. June 6, 2024) (per curiam). As relevant here, the Third Circuit first "consider[ed] and reject[ed] Shaikh's repeated claim that the District Judge was biased or prejudiced against him." (ECF No. 283-2 at 5.) Additionally, the Third Circuit noted that Shaikh "largely [did] not address the District Court's

ruling that 14 of the 15 counts of his amended complaint were subject to dismissal as time-barred" and that the fifteenth claim was "properly dismissed." (*Id.* at 6–7.) The Third Circuit also agreed with this Court not to allow Shaikh to further amend any of his claims "under the circumstances of his case." (*Id.* at 8.) As for Cavanaugh and Kleyman's cross-appeal, the Third Circuit held that this Court did not abuse its discretion in declining to impose sanctions pursuant to Rule 11 because it "provided reasoned bases for its decision to not impose sanctions . . . primarily the concern that imposing sanctions would lead to a continuation of litigation instead of its termination, which is one of the reasons why courts limit Rule 11 sanctions to exceptional cases." (*Id.* at 9.)

For eight months after the Court of Appeals' affirmance, and nearly seventeen months after this Court's July 2023 Opinion, this case remained closed. Then, on February 13, 2025, Plaintiff filed a Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b). (ECF No. 284.) Plaintiff now seeks to upend the final judgment of this Court, as affirmed by the Third Circuit, based on purportedly new evidence, instances of fraud, and "jurisdictional and due process violations." (*Id.*)

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 60 allows a Court to "relieve a party . . . from final judgment, order or proceeding" under "a limited set of circumstances." Fed. R. Civ. P. 60(b); *Kemp v. United States*, 596 U.S. 528, 533 (2022). Among this "limited set of circumstances" is:

> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; [or]
>
> (4) the judgment is void.

Fed. R. Civ. P. 60(b)(2)–(4). "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the

4

date of the proceeding." Fed. R. Civ. P. 60(c)(1). "Motions under Rule 60(b)(1)–(3) must be brought within one year of the entry of a final judgment. An appeal does not toll this time period." *Moolenaar v. Gov't of V.I.*, 822 F.2d 1342, 1346 n.5 (3d Cir. 1987). Motions made under Rule 60(b)(4), however, are "not subject to the general requirement of Rule 60(b) that [they] be made 'within a reasonable time.'" *Gordon v. Monoson*, 239 F. App'x 710, 713 (3d Cir. 2007) (quoting *United States v. One Toshiba Color Television*, 213 F.3d 147, 157–58 (3d Cir. 2000) (en banc)).

Although decisions on motions brought pursuant to Rule 60(b) are "left to the sound discretion of the trial court" the Rule "'does not confer upon the district courts a standardless residual discretionary power to set aside judgments.'" *Rogalski v. Laureate Education, Inc.*, No. 20-11747, 2024 WL 4501565, at *3 (D.N.J. Oct. 16, 2024) (quoting *Martinez-McBean v. Gov't of V.I.*, 562 F.2d 908, 911 (3d Cir. 1977)) (cleaned up). Instead, "Rule 60(b) is a provision for extraordinary relief and may be raised only upon a showing of exceptional circumstances." *Mendez v. Sullivan*, 488 F. App'x 566, 569 (3d Cir. 2012).

### III. DISCUSSION

#### A. MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)

Plaintiff brings a Motion for Relief from Judgment pursuant to three provisions of Rule 60: (1) 60(b)(2) (newly discovered evidence), (2) 60(b)(3) (fraud, misrepresentation, or misconduct by opposing party), and (3) 60(b)(4) (void judgment). (*See* Mot. at 2.) All arguments arising out of the first two provisions are time-barred; arguments arising out of the third are meritless.

Plaintiff first alleges that he has obtained new evidence relating to "Sex Trafficking & Child Endangerment," involving two Defendants, that was "unavailable at the time of judgment." (*Id.* at 3.) He also asserts new evidence of an "Illegal Bench Warrant Issued Without Jurisdiction." (*Id.*) The Court doubts that either piece of evidence "could not have been discovered in time to

move for a new trial." *See* Fed R. Civ. P. 60(b)(2). This is especially true for the bench warrant which Shaikh claims was issued in November 2017, years *before* he brought the present action in 2022. Regardless, the Court does not reach the merits of Plaintiff's contention because his claims are time-barred under the plain language of Rule 60(c)(1). The date of this Court's judgment against Plaintiff was July 13, 2023. Since Rule 60(c)(1) gives Plaintiff "no more than a year after the entry of the judgment" to file a motion under Rule 60(b)(2), that motion would have had to be filed by July 13, 2024 at the latest. *See* Fed R. Civ. P. 60(c)(1). Instead, Plaintiff filed the Motion on February 13, 2025—well beyond the mandated time-period.

The same analysis applies to Plaintiff's claims under Rule 60(b)(3). Plaintiff asserts two bases for alleged "fraud upon the court." (Mot. at 3.) *First*, Plaintiff argues that Bradley Billhimer, who was allegedly a private attorney to Defendant Laura Germadnig before he became the Ocean County Prosecutor, "refused to prosecute [Germadnig] for contempt of court and parental interference" which is an "egregious conflict of interest and an obstruction of justice." (*Id.*) *Second*, Plaintiff claims that in November 2023, a police officer falsely claimed that his parental rights were "terminated." (*Id.*) These claims, too, are time-barred because they were brought under Rule 60(b)(3) and were filed more than one year after the entry of the Court's judgment. *See* Fed. R. Civ. P. 60(c)(1).

The Court turns next to Plaintiff's argument under Rule 60(b)(4) that the Court's July 2023 judgment is "void due to jurisdictional and due process violations." (Mot. at 4.) Rule 60(b)(4) is not subject to the "reasonable time" limit in the Third Circuit. *See Gordon*, 239 F. App'x at 713; *see also On Track Transp., Inc. v. Lakeside Warehouse & Trucking, Inc.*, 245 F.R.D. 213, 215–16 (E. D. Pa. 2007) ("No passage of time can transmute a nullity into a binding judgment, and hence there is no time limit for such a motion." (internal quotations omitted)).

6

"Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). Plaintiff's Motion articulates no such "rare instance."

Plaintiff's two arguments—that a 2017 bench warrant was issued by a state court without jurisdiction and that this Court's judgment was based on fraudulent proceedings in Ocean County courts—do not legitimately call into question this Court's jurisdiction. Even if the warrant were deficient in some way, it was not issued by this Court and was not the basis of this Court's jurisdiction over Plaintiff when issuing its judgment.[2] Indeed, both of Plaintiff's arguments are predicated on alleged deficiencies that happened in *state court*, not contentions that this court lacked jurisdiction to hear a case Plaintiff himself brought in this forum. (*See* Mot. at 4.) In addition, the Court held in its 2023 Opinion that it had original jurisdiction for claims "arising under" federal law pursuant to 28 U.S.C. § 1331, because Plaintiff brought claims under the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* and 42 U.S.C. § 1983. (ECF No. 272 at 20–21 (citing *Hakim v. Dakota Asset Servs. LLC*, No. 22-587, 2023 WL 2754642, at *2 (D.N.J. Mar. 31, 2023); *Lancaster v. Piccoli*, No. 12-1995, 2023 WL 3916295, at *3 (D.N.J. June 9, 2023)).) The Court then dismissed Plaintiff's case, in part, for lack of subject matter jurisdiction after dismissing the federal claims. (*Id.* at 21.) Accordingly, Plaintiff has not shown that the Court's prior judgment was "premised on . . . jurisdictional error." *See Espinosa*, 559 U.S. at 271.

---

[2] The Court addressed the November 2017 warrant in its prior Opinion and determined that it was precluded from enjoining the warrant's effect pursuant to the Anti-Injunction Act. (ECF No. 272 at 58 (citing 28 U.S.C. § 2283).)

7

Plaintiff's second option, to void the judgment on the basis of a deprivation of due process, also fails. Rule 60(b)(4) "applies in the due process context only in the 'rare instance that there is a . . . violation of [d]ue [p]rocess that deprives a party on notice of its opportunity to be heard.'" *Holman v. Hooten*, No. 11-78, 2015 WL 3798473, at *6 (E.D. Pa. June 17, 2015) (quoting *Aurum Asset Managers, LLC v. Bradesco Companhia de Seguros*, 441 F. App'x 822, 824 (3d Cir. 2011)). Any notion that this Plaintiff has been denied an opportunity to be heard is belied by the record of this case and the 27 cases that Plaintiff already litigated that share the common factual thread of his divorce that was finalized almost ten years ago. (*See* ECF No. 272 at 3 (describing and citing to Plaintiff's "nineteen (19) federal actions in this District and eight (8) actions in New Jersey over the past ten years[] for harms arising from the fallout of his divorce and its related proceedings" (footnotes omitted)).)[3] He has filed dozens of pleadings, motions, letters, and replies over the last three years. Plaintiff seems to advance a single due process argument in his Motion: "Plaintiff was never afforded a proper hearing before the warrant was issued." (Mot. at 4.) The subject warrant, issued by a state court in 2017, is distinct from the present proceeding; the Court is unpersuaded by the assertion of a lack of due process in this matter.

Accordingly, Plaintiff's Motion for Relief from Judgment is **DENIED** because it is time-barred as to Rule 60(b)(2) and 60(b)(3) and meritless as to Rule 60(b)(4).

---

[3] *See Edelglass v. New Jersey* (No. 14-760); *Allen v. Chell* (No. 15-3519); *Shaikh v. Jackson Twp.* (No. 15-4106); *Shaikh v. Germadnig-Shaikh* (No. 16-340); *Hagberg v. Ford* (No. 16-1189); *Shaikh v. Fromosky* (No. 16-3826); *Shaikh v. Zabarsky* (No. 16-4140); *Shaikh v. Germadnig* (No. 17-12649); *Family Civil Liberties Union v. Child Protection and Permanency* (No. 18-2597); *Shaikh v. Germadnig* (No. 18-9035); *Shaikh v. Internal Revenue Service* (No. 18-17695); *Shaikh v. Arkush* (No. 19-20597); *Shaikh v. Einbinder* (No. 20-2540); *Shaikh v. Schlendorf* (No. 20-20003); *Shaikh v. Landi* (No. 20-20005); *Shaikh v. Brown* (No. 20-20007); *Shaikh v. Mcmahon* (No. 20-20008); *Shaikh v. Citta Holzapfel and Zabarsky P.C.* (No. 20-11057); *Shaikh v. Germadnig Shaikh* (No. OCN-L-002818-15), consolidated with No. FM-15-500-14W; *Shaikh Zia v. Landi August* (No. MON-L-002659-20); *Shaikh Zia v. Reeves Melissa* (No. MON-L-000844-19); *Shaikh Zia v. Schlendorf David* (No. MON-L-001644-18); *Shaikh Zia v. David Glassman Esq.* (No. MON-L-003996-18); *Shaikh Zia v. Glassman David* (No. MON-L-003542-18); *Shaikh Zia v. Clark Ryan* (No. MON-L-003977-18); *Shaikh Zia v. Pityinger Nada* (No. OCN-L-000853-18).

B.  **EMERGENCY MOTION TO RECUSE OR DISQUALIFY JUDGE**

Plaintiff seeks disqualification or recusal of the Undersigned because "Plaintiff has filed a pending complaint . . . in which Judge Robert Kirsch is explicitly named as a defendant." (ECF No. 310 at 1.) To date, it appears that Plaintiff has filed two such lawsuits against many judges within this District. *See Shaikh v. Kirsch*, No. 25-1638 (D.N.J. filed Mar. 5, 2025); *Shaikh v. Kirsch*, No. 25-1952 (D.N.J. filed Mar. 14, 2025). Plaintiff contends that the existence of these lawsuits creates "personal bias or prejudice" and therefore mandates recusal. (ECF No. 310 at 2.)

"Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). But "the mere fact that [a judge] may be one of the numerous federal judges that [plaintiff] has filed suit against is not sufficient to establish that [] recusal from his case is warranted under . . . [28 U.S.C.] § 455(a)." *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006); *see also In re Taylor*, 417 F.3d 649, 652 (7th Cir. 2005) ("A per se rule of disqualification [under § 445(a)] would allow litigants to judge shop by filing a suit against the presiding judge."). Accordingly, Plaintiff's litigation against the Court does not warrant the Court's recusal.

Plaintiff also argues that "Judge Kirsch is not a neutral party in this matter" because "[h]e is being asked to rule on a Rule 60(b)(4) motion seeking relief from void orders and actions in which he was materially involved." (ECF No. 310 at 3.) Plaintiff's view that a judge cannot preside over a Rule 60(b)(4) motion arising out of his own decision is conclusory and rooted in neither fact nor law. *See Hill v. Carpenter*, 332 F. App'x 167, 170 (3d Cir. 2009) (affirming "opinions" and "conclusory allegations" do not support a motion for recusal). Furthermore, to the extent Plaintiff simply seeks the Court's recusal because he believes the Court's prior opinions are in error, this, too, has no merit. *See Mondelli v. Berkley Realty Partners No. 244, LLC*, No. 08-1582,

2008 WL 3843268, at *5 (D.N.J. Aug. 14, 2008), *aff'd sub nom. In re Mondelli*, 349 F. App'x 731 (3d Cir. 2009) (noting even an "erroneous" judicial ruling "do[es] not provide a basis for recusal"); *Shaikh*, 2024 WL 2861845, at *2 ("[W]e consider and reject Shaikh's repeated claim that the District Judge was biased or prejudiced against him. We see no evidence of bias or prejudice, and Shaikh's arguments do not convince us that we missed any." (footnote omitted)). Accordingly, Plaintiff's Emergency Motion to Recuse or Disqualify the Undersigned is **DENIED.**

### C. Emergency Motion for Protective Order and Other Relief

On April 13, 2025, Plaintiff filed yet another motion—this time to "extend Rule 60(b) relief, for protective order, wellness checks, and federal stay due to unadjudicated motion, continuing child concealment, and federal violations." (ECF No. 312 at 1.) Plaintiff alleges that, in supposed violations of various constitutional and statutory rights, his three children have been "concealed" from him for years and he "has no knowledge of their schooling, whereabouts, or well-being." (*Id.* at 2.) Plaintiff asks this Court to issue an "emergency protective order" preventing further enforcement of the family court proceedings in state court, direct wellness checks of his three children, issue a federal stay of all state legal proceedings, and refer the matter to the U.S. Marshals or the Department of Justice. (*Id.* at 3.)

None of Plaintiff's sought-after relief is available to him through this Court. To the extent Plaintiff seeks to enjoin a state civil proceeding, the 1793 Anti-Injunction Act imposes "an absolute prohibition [] against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R. Co. v. Bhd. Of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970). The Act's three narrowly-read exceptions apply only "when expressly authorized by statute, necessary in aid of the court's jurisdiction, or necessary to protect or effectuate the court's judgment." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988).

10

None of the exceptions apply here: (i) Plaintiff cites to no relevant statute, (ii) an injunction would not aid in the Court's jurisdiction, and (iii) such an injunction would not be necessary to protect or effectuate any judgment in this case. Additionally, Plaintiff's attempt to prevent the enforcement of any state court order is barred by the *Rooker–Feldman* doctrine which "does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders." *Desi's Pizza, Inc. v. City of Wilkes-Barre*, 321 F.3d 411, 422 (3d Cir. 2003). Accordingly, this emergency motion is **DENIED**.

    **IT IS** on this 16th day of April, 2025, **ORDERED** that:

1. Plaintiff's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) (ECF No. 284) is **DENIED**;

2. Plaintiff's Emergency Motion to Recuse or Disqualify Judge (ECF No. 310) is **DENIED**;

3. Plaintiff's Emergency Motion to Extend Rule 60(b) Relief, For Protective Order, Wellness Checks, and Federal Stay due to Unadjudicated Motion, Continuing Child Concealment, and Federal Violations (ECF No. 312) is **DENIED**;

4. Plaintiff's Emergency Motions to Expedite (ECF Nos. 288, 311) are **DENIED** as moot; and

5. The Clerk of Court is directed to terminate the motions at ECF Nos. 284, 288, 310, 311, and 312.

                                                                _____
                                                                ROBERT KIRSCH
                                                                UNITED STATES DISTRICT JUDGE