NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ZIA SHAIKH,<br><br>Plaintiff,<br><br>v.<br><br>LAURA L. GERMADNIG, *et al.*,<br><br>Defendants. | Civil Action No. 22-2053 (RK) (JBD)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

    **THIS MATTER** comes before the Court upon *pro se* Plaintiff Zia Shaikh's ("Plaintiff") Motion for Reconsideration (ECF No. 318, "Mot."), seeking reconsideration of this Court's denial (ECF No. 316, "Op.") of his Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b) (ECF No. 284), motions to expedite ruling on the Motion for Relief from Judgment (ECF Nos. 288, 311), motion for disqualification (ECF No. 310), and motion for various relief, including wellness checks and a protective order (ECF No. 312). On May 5, 2025, Defendants Joseph Gutenski, CPA and Cowan Gunteski & Co. opposed the Motion. (ECF No. 319.) Ten more Defendants joined the opposition. (ECF Nos. 320, 321, 322, 323.) The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, Plaintiff's Motion for Reconsideration is **DENIED.**

    The Court will not restate the factual and procedural history of this case, which is eminently familiar to all involved, because the Court already described the case at length in a July 2023 Opinion (*see* ECF No. 272), and, as relevant, in another decision only a few weeks ago (*see* Op. at 2–4).

Plaintiff purports to bring this latest Motion pursuant to Federal Rule of Civil Procedure ("Rule") 59(e), Rule 60(b)(4), and Local Civil Rule 7.1(i). To succeed on a motion for reconsideration under Rule 59(e), a movant must show "(1) an intervening change in the controlling law; (2) new evidence that was not available when the court issued its order, or (3) the need to correct a clear error of law or prevent manifest injustice." *Gibson v. State Farm Mut. Auto. Ins. Co.*, 994 F.3d 182, 190 (3d Cir. 2020) (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010)). As explained in this Court's previous decision, "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United States Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

Plaintiff's new Motion fails because it merely restates or repackages arguments that the Court previously rejected, and provides no intervening change in controlling law, no new evidence, and no clear errors of law. *See P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001) ("A party seeking reconsideration must show more than a disagreement with the Court's decision . . . .").

*First*, in seeking reconsideration of the Court's decision to deny his motion under Rule 60(b)(4), Plaintiff argues that this Court "offered no analysis of Plaintiff's jurisdictional challenge or his well-pleaded voidness claims." (Mot. at 3.) Plaintiff points to no new evidence or caselaw to undermine the denial of his motion; he merely disagrees with the Court's decision. But "[a] motion that merely raises a disagreement with the Court's decision is not an appropriate basis for reconsideration." *Taylor v. AM Retail Grp., Inc.*, No. 20-3158, 2022 WL 362614, at *1 (D.N.J. Jan. 4, 2022). The Court maintains, as affirmed by the Third Circuit, that the judgment dismissing Plaintiff's Complaint is not, and never was, void. In support of his Motion, Plaintiff also asserts

that "no jurisdictional findings, hearings, or service occurred in several *state level rulings* forming the basis for ongoing denial of parental rights." (Mot. at 2 (emphasis added).) This Court has no jurisdiction over the findings, hearing, and service of process at the state court level, and Plaintiff has pointed to no legal or factual evidence suggesting otherwise.

*Second*, Plaintiff asserts that the Court improperly denied his motions for emergency and expedited relief, despite his allegations of "ongoing concealment of three children, lack of school location, refusal of wellness checks, and irreparable psychological harm." (Mot. at 2.) Plaintiff's sole argument is that the Court ignored controlling cases and "denied relief without analysis." (*Id.*) The Court already analyzed Plaintiff's legal claims to exhaustion, issuing a sixty-six-paged Opinion that was affirmed by the Third Circuit. (*See generally* Op.) Furthermore, Plaintiff's "emergency" motions (ECF Nos. 288, 311) sought only an expedited review of the Rule 60 motion (ECF No. 284), not independent relief. Thus, once the Court ruled on the Rule 60 motion, the motions for expedited review became moot, and the Court denied them accordingly.

*Third*, Plaintiff asserts that the Court erred in denying Plaintiff's motion for judicial disqualification because the Undersigned (i) is a named defendant in misconduct complaints filed by Plaintiff, (ii) was involved in "connected rulings," (iii) refused to consider Plaintiff's filings, and (iv) denied all relief "reinforcing [the] perception of bias." (Mot. at 2–3.)[1] None of these arguments present grounds for reconsideration. *See Gibson*, 994 F.3d at 190. Furthermore, as the Court explained in its prior Opinion, it is well established that judicial recusal is not required when

---

[1] In addition to filing misconduct complaints and lawsuits against multiple judges, Plaintiff has now resorted to threatening judges directly through brazen letters mailed directly to chambers. On April 23, 2025, Plaintiff sent a letter to Chief Judge Renée Marie Bumb, U.S.D.J., copying the Undersigned, warning: "[i]f you and your colleagues do not take immediate action" to correct alleged issues of judicial bias, "I will file suit in federal court against each responsible judge and official, seeking damages in your official capacities[.]" On April 30, Chief Judge Bumb indicated her receipt of the letter, and expressed that Plaintiff, who has "knowledge of the doctrine of judicial immunity" "is acting in bad faith, and with an improper purpose," clearly in violation of Rule 11.

3

a judge is either named as a defendant in litigation or subject to a judicial misconduct complaint. *See, e.g.*, *Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006) ("[T]he mere fact that [a judge] may be one of the numerous federal judges that [plaintiff] has filed suit against is not sufficient to establish that recusal from his case is warranted . . . ."); *Prall v. Bocchini*, No. 10-1228, 2011 WL 3651345, at *4 ("The mere filing of a complaint of judicial misconduct is not grounds for dismissal." (quoting *Ginsberg v. Evergreen Sec. Ltd.*, 570 F.3d 1257, 1265 (11th Cir. 2009))). Indeed, "it would be detrimental to the judicial system if a judge had to disqualify himself anytime someone filed a complaint about his conduct. Any party would only have to file a complaint to get a different judge." *Id.* (quoting *Ginsberg*, 570 F.3d at 1265). Plaintiff appears to be adopting the precise strategy that the law forecloses—indiscriminately lodging complaints both legal and ethical in hopes of a different judge and a different result.[2]

*Fourth*, for the first time, Plaintiff blames his losses in court on racial and religious discrimination. (Mot. at 3.) Plaintiff did not advance this argument in any of the five motions that the Court recently denied, and the Court's recent Opinion of which Plaintiff seeks reconsideration did not make any findings of fact or law related to any discrimination toward Plaintiff. Since "[a] party may not raise for the first time on a motion for reconsideration an argument that it could have raised in its original papers," Plaintiff's argument here provides no basis for the Court to reconsider its prior ruling. *See May v. Borough of Pine Hill*, No. 10-2628, 2013 WL 663702, at *2 (D.N.J. Feb. 22, 2013) (citing *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 3d 610, 613 (D.N.J. 2001)).

Accordingly, it is on this 6th day of May, 2025,

---

[2] Plaintiff also cites three Supreme Court cases and one Arizona state appellate court case about judicial immunity. (Mot. at 4.) Those cases have no bearing here, where the Court's decision not to recuse was not based on an assertion of judicial immunity.

4

**ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 318) is **DENIED**; and it is further

**ORDERED** that the Clerk of Court shall terminate the Motion at ECF No. 318.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**